# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02214-KLM

BRIAN LOMA, an individual,

     Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
CITY ATTORNEY KRISTIN M. BRONSON, in her individual capacity,
ASSISTANT CITY ATTORNEY MELISSA M. DRAZEN SMITH, in her individual capacity,
ASSISTANT DIRECTOR MARLEY BORDOVSKY, in her individual capacity,
CORPORAL ROBERT D. SMITH, in his individual capacity,
ALLIED UNIVERSAL SECURITY SERVICES,
FALIESHA LYNETT TRIMBLE, in their individual capacity,
ANGELIKA CHAPLINSKY, in their individual capacity,
DETECTIVE NICHOLAS Z. ROCCO-MCKEEL, in his individual capacity,
SERGEANT BURTON, in his individual capacity,
OFFICER BURGER (#98049), in his individual capacity,

     Defendants.

---

## MOTION FOR EXTENSION OF TIME
## TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT

---

Defendants, City and County of Denver ("Denver"), City Attorney Kristin Bronson, Assistant City Attorney Melissa Drazen Smith, and Assistant Director Marley Bordovsky (collectively, "Denver Defendants"), by through undersigned counsel, submit the following Motion for Extension of Time to Respond to Plaintiff's Amended Complaint [Doc. #6] through December 13, 2021, for Denver to file a responsive pleading, and in support state:

## CERTIFICATE OF CONFERRAL

In accordance with D.C.COLO.LCivR 7.1(a), undersigned counsel has conferred via email with Plaintiff's counsel regarding the relief sought herein. Plaintiff's counsel stated that he "would consider it malpractice to allow . . . an extension of time to file a Motion to Dismiss . . .", but would agree to an extension if Denver Defendants would be filing an Answer to the Amended Complaint. Denver Defendants would not agree that their responses to the Amended Complaint after an extension would be an Answer instead of a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff opposes the requested extension and any extension of time at all for Denver Defendants to respond.

## ARGUMENT

1.      Plaintiff filed his Complaint [Doc. #1] on August 13, 2021, but did not serve it on any of the Denver Defendants. Plaintiff filed his Amended Complaint [Doc. #6] on October 7, 2021. Denver, Ms. Bronson, and Ms. Bordovsky were each served with the Summons and Amended Complaint on October 14, 2021. Ms. Drazen Smith was served with the Summons and Amended Complaint on October 15, 2021. Accordingly, under Fed. R. Civ. P. 12(a)(1)(A)(i), their responses to the Amended Complaint are due on or before November 4, 2021 and November 5, 2021, respectively.

2.      On October 13, 2021, counsel for Plaintiff requested waiver of service under Fed. R. Civ. P. 4 for Defendants Corporal Robert D. Smith, Detective Nicholas Z. Rocco-McKeel, Sergeant Burton, and Sgt. Jeffrey Berger (incorrectly designated as "Officer Burger (#98049)".

After obtaining consent from Corporal Smith, Det. Rocco-McKeel, and Sgt. Berger.[1] (collectively, "DPD Defendants"), undersigned counsel for Denver accepted service on their behalf. Under Fed. R. Civ. P. 4(d)(3) the deadline for the DPD Defendants to respond to the Amended Complaint is December 13, 2021.

3.      Denver Defendants now request an extension of time to respond to the Amended Complaint that corresponds to the December 13, 2021 deadline for the DPD Defendants to respond.

4.      Plaintiff's Amended Complaint asserts three causes of action against each of the Denver Defendants[2] and thirteen causes of action against a mixture of the DPD Defendants relating to three separate incidents occurring in 2019, 2020, and 2021.

5.      Plaintiff's claims against the Denver Defendants, relate, in part, to a citation issued to Mr. Loma on February 15, 2019 and the related criminal prosecution, including an area restriction issued during the pendency of that case. (*See e.g.,* Doc. #6, ¶¶ 43, 108, 114-15, 135, 158.) The criminal case, however, is subject to a seal order under C.R.S. § 24-72-702.5, which prevents the undersigned from accessing any Denver City Attorney's Office and Denver Police Department records relating to the citation and the related criminal case, as well as the criminal court file. Denver Defendants are researching their options under C.R.S. § 24-72-703(5)(c) to unseal this case. If such relief is not available or Denver Defendants' attempt is not successful, Plaintiff will need to move to unseal the criminal records for purposes of this lawsuit. Regardless,

---

[1] Undersigned counsel attempted to contact Sgt. Burton and was informed that he is out of the office until November 2, 2021. The undersigned anticipates that Sgt. Burton will agree to waive service.
[2] Plaintiff's Second, Third, and Fourth Claims for Relief.

without these documents, it will be almost impossible for Denver Defendants to respond to Plaintiff's claims relating to the February 15, 2019 incident and subsequent prosecution.

6.    Additionally, in order to maintain his claims against Denver, Plaintiff must allege facts that establish (1) his constitutional rights were violated and (2) a municipal policy or custom was the moving force behind the constitutional violation. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997). Critically, "[a] municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Wilson v. Meeks*, 98 F.3d 1247, 1255 (10th Cir. 1996) (quoting *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993)). Therefore, Denver needs to consider the viability of the claims asserted against the individual Denver and DPD Defendants to evaluate if an underlying constitutional violation has been adequately pleaded in the Amended Complaint before its separate evaluation of an alleged policy or custom as the moving force of that violation to support a municipal liability claim directly against Denver.

7.    Denver Defendants are diligently working to evaluate Plaintiff's allegations and to determine and prepare the appropriate responses to the Amended Complaint. Based upon the scope and volume of the allegations in the lawsuit this requires more time than that provided under Rule 12(a)(1)(A)(i). This includes review of at least three separate incidents taking place over a period of over two years involving numerous defendants and non-parties

8.    There will be no prejudice to Plaintiff based upon the current posture of the lawsuit. As an initial matter, as it pertains to the events occurring in 2019, Plaintiff waited nearly two years to file his lawsuit so there is no indication that approximately six weeks longer for Denver Defendants to now respond will create any harm or undue delay—particularly since the DPD

4

Defendants' responses to the Amended Complaint are not due until December 13, 2021. The only difference in the litigation if Denver Defendants respond to the Amended Complaint on November 4, 2021, rather than on December 13, 2021, is that Denver Defendants will have less time to investigate Plaintiff's factual allegations, including unsealing necessary records, and to evaluate the application of those factual allegations to the theories of relief pleaded in the Amended Complaint – there is no impact at all on the timing of the lawsuit moving forward.

9.    In contrast, should the extension of time be denied, Denver Defendants will incur significant prejudice because they will have insufficient time to evaluate (and obtain) records relevant to Plaintiff's claims against them.

10.    No prior extensions of time have been sought by Denver Defendants with respect to this deadline. This Motion for Extension of Time is also being filed before the expiration of time to respond as prescribed in the Federal Rules of Civil Procedure and Local Civil Rules for the District of Colorado and the proposed extended deadline will not cause any undue delay in the lawsuit.

11.    In compliance with D.C.COLO.LCivR 6.1(c), a copy of this motion is being served contemporaneously upon Mary Dulacki, Deputy Director of Safety, as a representative of Denver, Ms. Bronson, Ms. Bordovsky, and Ms. Drazen Smith.

WHEREFORE, the City and County of Denver, City Attorney Kristin Bronson, Assistant City Attorney Melissa Drazen Smith, and Assistant Director Marley Bordovsky, respectfully request the Motion for Extension of Time to Respond to Plaintiff's Amended Complaint be granted, allowing them up to and including December 13, 2021, to file their responsive pleadings to Plaintiff's Amended Complaint.

DATED this 1st day of November 2021.

Respectfully submitted by,

_s/ Jennifer Johnson_

Jennifer Johnson
Assistant City Attorney
Denver City Attorney's Office
Litigation Section
201 W. Colfax Avenue, Dept. 1108
Denver, Colorado 80202-5332
Telephone: 720-913-3304
Facsimile: 720-913-3190
E-mail: jennifer.johnson2@denvergov.org
*Attorney for Defendants City and County of Denver,*
*Assistant City Attorney Melissa Drazen Smith, and*
*Assistant Director Marley Bordovsky*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1ˢᵗ day of November 2021, I electronically filed the foregoing **MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Adam R. Yoast
> Baumgartner Law, LLC
> adam@baumgartnerlaw.com
> *Attorney for Plaintiff*

> <u>*s/ Bonnie Marsh*</u>
> Denver City Attorney's Office