IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02214-KLM

BRIAN LOMA, an individual,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
CITY ATTORNEY KRISTIN M. BRONSON, in her individual capacity,
ASSISTANT CITY ATTORNEY MELISSA M. DRAZEN SMITH, in her individual capacity,
ASSISTANT DIRECTOR MARLEY BORDOVSKY, in her individual capacity,
CORPORAL ROBERT D. SMITH, in his individual capacity,
ALLIED UNIVERSAL SECURITY SERVICES,
FALIESHA LYNETT TRIMBLE, in their individual capacity,
ANGELIKA CHAPLINSKY, in their individual capacity,
DETECTIVE NICHOLAS Z. ROCCO-MCKEEL, in his individual capacity,
SERGEANT BURTON, in his individual capacity,
OFFICER BURGER (#98049), in his individual capacity,

    Defendants.

**DENVER DEFENDANTS' MOTION TO STAY DISCOVERY**

Defendants City and County of Denver ("Denver"), Kristin M. Bronson, Melissa M. Drazen Smith, Marley Bordovsky, Robert D. Smith, Nicholas Z. Rocco-McKeel, Jason Burton, and Jeffrey Berger (incorrectly designated as, "Officer Burger") (collectively, "Denver Defendants"), through their counsel, move for a stay of discovery pending resolution of their Motion to Dismiss [Doc. #28].

**AS GROUNDS**, Denver Defendants state:

## CERTIFICATION UNDER D.C. COLO LCivR 7.1(A)

Undersigned counsel conferred with counsel for Plaintiff, Adam Yoast, regarding the relief requested in this Motion; Mr. Yoast stated that the Plaintiffs oppose a stay of discovery in the case. Jason Melichar, counsel for Co-Defendants Allied Universal Security Services, Faliesha Lynett Trimble, and Angelika Chaplinsky, stated that Co-Defendants also opposes the relief sought herein.

## INTRODUCTION

The Denver Defendants request this Court stay all further proceedings in this action, including the upcoming scheduling conference and related discovery deadlines, pending the determination of the entitlement to prosecutorial or qualified immunity of defendants Kristin M. Bronson, Melissa M. Drazen Smith, Marley Bordovsky, Robert D. Smith, Nicholas Z. Rocco-McKeel, Jason Burton, and Jeffrey Berger (collectively the "Individual Denver Defendants"). Mr. Loma's Complaint asserts claims under 42 U.S.C. § 1983 against the Individual Denver Defendants, each of whom is an employee of the Denver City Attorney's Office or the Denver Police Department, alleging that they violated his rights under the First, Fourth, and Fourteenth Amendments. Mr. Loma also asserts claims against the City and County of Denver ("Denver") based on these purported violations.

The Individual Denver Defendants asserted the defenses of qualified or prosecutorial immunity from Mr. Loma's claims against them in their individual capacities. (*See* Denver Defendants' Motion to Dismiss, Doc. # 28). Because these immunities are immunities from suit, not just from trial, all proceedings in this case should be stayed. Both applicable law and the

practical realities of this case demonstrate the need for a stay of all discovery until this Court rules on the Individual Denver Defendants' entitlement to qualified or prosecutorial immunity.

## ARGUMENT

The Court should stay all proceedings in this matter because the Individual Denver Defendants have asserted either the defense of prosecutorial immunity or qualified immunity. These defenses of immunity are meant to "protect the official both from liability as well as from ordinary burdens of litigation, including far-ranging discovery." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) *cert. denied*, 514 U.S. 1015 (1995).

As the Supreme Court has noted, "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *see also Eaton v. Meneley*, 379 F.3d 949, 954 (10th Cir. 2004). Therefore, public officials who assert absolute or qualified immunity are entitled to have such immunity determined as a threshold issue of law before incurring the burdens of litigation associated with discovery and trial. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."); *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). This is especially true where a determination of the official's immunity "is dispositive" of the plaintiff's claims. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001). Based on these precedents, discovery should be stayed until the Individual Denver Defendants' immunity defenses raised in their Motion to Dismiss are resolved.

The Federal Rules of Civil Procedure do not expressly provide for a stay of discovery, but the Court has the inherent power to control its docket with economy of time and effort for itself, counsel and litigants. *See Rivers v. Hartman*, No. 11-cv-02171-CMA-KMT, 2011 WL 5374968, at *2 (D. Colo. Nov. 8, 2011); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). As a result, a stay of discovery is within the Court's discretion. *Rivers*, 2011 WL 5374968, at *2.

> When considering a stay of discovery, this court has considered: 1) the plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; 2) the burden on the defendants; 3) the convenience to the court; 4) the interests of persons not parties to the civil litigation; and 5) the public interest.

*Id.* (citing *String Cheese Incident*, 2006 WL 894955 at *2).

In this action, these factors weigh in favor of a stay of discovery. The burden and prejudice to the Individual Denver Defendants from continued discovery outweighs any prejudice that a stay would impose on Mr. Loma. The Individual Denver Defendants assert that they have immunity from Mr. Loma's claims, and immunity entitles them to avoid the "concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (*quoting Siegert v. Gilley*, 500 U.S. 226, 236 (1991)). In addition, although Denver cannot and did not assert the defense of qualified immunity in the Motion to Dismiss, discovery of the claims against Denver would necessarily involve the Individual Denver Defendants because the claims against both turn on the same set of facts. Whether Mr. Loma can establish a claim against Denver turns, in part, on whether a Denver employee – i.e., the Individual Denver Defendants – violated Mr. Loma's constitutional rights. *See Dodds v. Richardson,* 614 F.3d 1185, 1198 (10th Cir. 2010) (stating that a municipality cannot be liable absent an underlying constitutional violation by one of its

4

employees). Consequently, allowing discovery of Mr. Loma's claims against Denver would necessarily delve into the constitutionality of the Individual Denver Defendants' actions and thus would require their participation in discovery and would undermine the very purpose of the qualified immunity defense. *See id.* (noting that allowing discovery to proceed against one defendant would likely involve the other defendants in discovery "to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position"); *see also Eggert v. Chaffee County*, No. 10-cv-01320-CMA-KMT, 2010 WL 3359613, at *4 (D. Colo. Aug. 25, 2010) ("Because qualified immunity is intended to protect the official from 'the burdens of litigation,' the benefit of the defense is lost if discovery is allowed to proceed. A partial stay only as to those defendants asserting immunity defenses, would not relieve the defendants of this burden." (internal citation omitted)).

In contrast to the harm to the Individual Denver Defendants from allowing discovery to proceed, Mr. Loma and Co-Defendants cannot identify any specific prejudice that they will suffer if discovery is stayed. Although they may contend that a delay in discovery risks the fading of witnesses' memories, the facts of this case are simple and, typically, documented, making it unlikely that "key witnesses will forget important details relevant to the case." *Viviano v. Schneider*, No. 17-cv-00235-CMA-STV, 2017 WL 2571606, at *2 (D. Colo. June 14, 2017). As a result, Mr. Loma and Co-Defendants' interest in proceeding expeditiously does not overcome other factors weighing in favor of a stay.

Additionally, the convenience of the Court would be served by a stay of discovery. Although this District generally disfavors complete stays of discovery, the potential of disposing of almost an entire case on a motion prevents the Court from devoting its resources to a matter

where the majority of claims will ultimately be dismissed. *See id.* at *3. If the Individual Denver Defendants' motion to dismiss succeeds, the number of claims at issue will be reduced from 13 claims against 11 defendants pertaining to five different incidents to one claim against three defendants pertaining to a single incident.

Finally, the public interest is served by a stay of discovery in this action. Discovery would embroil the Individual Denver Defendants and other public officials in distracting depositions and written discovery. The public interest is served by preventing these public officials from diverting valuable time, public funds, and other resources that might otherwise be directed toward their public duties. *See Harlow*, 457 U.S. at 817; *Osei v. Brooks*, No. 11-cv-01135-WDM-KMT, 2011 WL 3036744, at *3 (D. Colo. July 25) (finding that a stay of discovery serves the public interest where qualified immunity is asserted because "the purpose of qualified immunity is to shield public officials from distracting discovery that disrupts effective government and negatively impacts their job performance"). As noted by the Supreme Court, the intangible costs of forcing public entities or officials to defend lawsuits include "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Id.* at 816. As such, a stay of discovery is appropriate.

WHEREFORE, the Denver Defendants respectfully request that the Court enter an Order staying all discovery in this action, including vacating the upcoming scheduling conference and related deadlines, as well as for such other relief as the Court finds just and appropriate.

Dated this 30th day of December 2021.

Respectfully submitted by,

*s/ Jennifer Johnson*
Jennifer Johnson
Assistant City Attorney
Denver City Attorney's Office
Litigation Section
201 W. Colfax Avenue, Dept. 1108
Denver, Colorado 80202-5332
Telephone: 720-913-3304
Facsimile: 720-913-3190
E-mail: jennifer.johnson2@denvergov.org
*Attorney for Defendants City and County of Denver, Kristin Bronson, Melissa Drazen Smith, Marley Bordovsky, Robert D. Smith, Nicholas Rocco-McKeel, Jason Burton, and Jeffrey Berger*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of December 2021, the foregoing **DENVER DEFENDANTS' MOTION TO STAY DISCOVERY** was filed with the Clerk of the Court via the CM/ECF system which will send a notification of such filing to the following:

Adam R. Yoast
adam@baumgartnerlaw.com
*Counsel for Plaintiff*

Jason D. Melichar,
Kimberly L. Koehler
jason.melichar@wilsonelser.com
kimberly.koehler@wilsonelser.com
*Counsel for Universal Defendants*

*s/ Bonnie Marsh*
Denver City Attorney's Office

7