IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 21-cv-2214-KLM

**BRIAN LOMA**, an individual

Plaintiff,

v.

**CITY AND COUNTY OF DENVER,** a municipality,
**CITY ATTORNEY KRISTIN M. BRONSON,** in their individual capacity
**ASSISTANT CITY ATTORNEY MELISSA M. DRAZEN SMITH,** in their individual capacity,
**ASSISTANT DIRECTOR MARLEY BORDOVSKY,** in their individual capacity,
**CORPORAL ROBERT D. SMITH,** in their individual capacity,
**ALLIED UNIVERSAL SECURITY SERVICES,**
**FALIESHA LYNETT TRIMBLE,** in their individual capacity,
**ANGELIKA CHAPLINSKIY,** in their individual capacity,
**DETECTIVE NICHOLAS Z. ROCCO-MCKEEL,** in their individual capacity,
**SERGEANT BURTON,** in their individual capacity,
**OFFICER BURGER (#98049),** in their individual capacity,

Defendants.

---

**DEFENDANTS UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES, FALIESHA LYNETT TRIMBLE, AND ANGELIKA CHAPLINSKIY'S RESPONSE IN OPPOSITION TO DENVER DEFENDANTS' MOTION TO STAY DISCOVERY**

---

Defendants Universal Protection Service, LLC d/b/a Allied Universal Security Services, Faliesha Lynett Trimble, and Defendant Angelika Chaplinskiy (hereinafter "Defendants" or "AUS Defendants"), by and through their attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, hereby submit the following response in opposition to Denver Defendants' Motion to Stay Discovery ("Motion"):

## BACKGROUND

1.     On August 13, 2021, Plaintiff filed a Complaint against Defendants asserting claims pursuant to 42 U.S.C. 1983, 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. [Doc. #1].

2.     Plaintiff later filed an Amended Complaint on October 7, 2021. [Doc. #6]. Plaintiff brings a single claim of malicious prosecution against the AUS Defendants involving an incident that allegedly occurred on February 15, 2019. [Doc. #6 at pp. 12-13].

3.     On December 13, 2021, Defendants City and County of Denver, Kristin M. Bronson, Melissa M. Drazen Smith, Marley Bordovsky, Robert D. Smith, Nicholas Z. Rocco-McKeel, Jason Burton, and Jeffrey Berger (collectively, "Denver Defendants") filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). [Doc. #28]. The Denver Defendants subsequently filed a separate Motion requesting that this Court suspend all discovery while a ruling on their Motion to Dismiss is pending. [Doc. #31].

4.     On January 18, 2022, the parties filed a proposed Scheduling Order setting forth proposed deadlines for discovery. [Doc. #37]. Under the proposed Scheduling Order, the parties propose a discovery cut-off date of November 30, 2022.

## ARGUMENT

5.     The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants. *AccuSystems, LLC v. BCB Bancorp, Inc.* No. 15-CV-00562-RM-KMT, 2015 WL 3609130 at *1 (D. Colo. June 8, 2015) (Not Reported in F. Supp).

6.  Though the Federal Rules of Civil Procedure do not provide for the stay while a [motion to dismiss] is pending. . . . Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake. Those factors are:

> (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interest of persons not parties to the civil litigation; and (5) the public interest.

*Chavez v. Young America Ins. Co.*, No. 06-CV-02419-PSF-BNB, 2007 WL 683973 at *1-2 (D. Colo. March 2, 2007) (Not Reported in F.Supp.2d); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

7.  Generally, however, it is the policy in this district not to stay discovery pending a ruling on a dispositive motion. *See Jackson v. Denver Water Bd.*, NO. 08-CV-01984-MSK-MEH, 2008 WL 5233787 at *1 (D. Colo. Dec. 15, 2008) (Not Reported in F.Supp.2d). This is particularly true when motions having the effect of delaying proceedings may adversely affect the scheduling of the case or other cases. *See id.* (quotation marks omitted). Indeed, "[t]he underlying principle in determination of whether to grant or deny a stay clearly is that the right to proceed in court should not be denied except under the most extreme circumstances." *Renfandt v. New York Life Ins. Co.*, No. 16-CV-1812-MSK-GPG; 2016 WL 11694106 at *1 (D. Colo. Sept. 22, 2016).

8.  Here, the AUS Defendants have an interest in proceeding with discovery in this action. *See Chavez*, 2007 WL 683979 at *1 (noting that staying the case while the defendants'

3

Case No. 1:21-cv-02214-NYW-SBP   Document 39   filed 01/19/22   USDC Colorado
pg 4 of 6

motion is pending could substantially delay the ultimate resolution of the matter). Plaintiff brings a single claim involving one alleged incident that occurred more than two and a half years ago against the AUS Defendants. As such, the AUS Defendants are prejudiced by an inability to engage in any discovery, which also results in an inability to obtain relief in this case, i.e., by conducting discovery to gather the information necessary to evaluate Plaintiff's claims and damages, which may support a dispositive motion or support resolution of Plaintiff's claims against the AUS Defendants by other means.

9. It is also important to acknowledge the significant amount of time that typically elapses from the filing of a dispositive motion to the determination. *See id.* ([t]he average time from the filing of a dispositive motion to its determination in this district in 2006 was 7.5 months).[1] The AUS Defendants will indeed suffer prejudice should discovery be stayed in this case as it may result in a "decrease in evidentiary quality and witness availability." *Id.* at *2. Further, a ruling in the Denver Defendants' favor would not dispose of this case in its entirety. As such, there is no reason why discovery should not commence while a ruling on the Denver Defendants' Motion is pending. Here, the factors favor permitting discovery to go forward.

10. Denver Defendants argue that they would be burdened and prejudiced by discovery involving individual defendants because the claims against both turn on the same set of facts. If true, and if discovery were to commence while a ruling on the Denver Defendants' Motion to Dismiss is pending, this would not place an unnecessary burden on them since this discovery would not place any special burden on the Denver Defendants, but would simply require discovery inherent to ordinary practice in any litigation. Of course, "Defendants always are burdened when they are sued, whether the case ultimately is dismissed; summary judgement is granted; the case is

settled; or a trial occurs. That is a consequence of our judicial system and the Rules of Civil Procedure." There is no evidence that a special burden will be placed on the Denver Defendants by allowing discovery to commence. *See id; see e.g., Jackson*, WL 5233787 at *2 (finding no evidence of a special burden placed on Defendant in continuing with discovery).

11. Denying a stay of discovery also serves the interest of convenience to the court. The deadlines in this matter have already been proposed by the parties, which will likely not be met if the stay is granted. With respect to the public interest, though not directly implicated, it is significant to recognize that delays in litigation are "not only of practical concern,....but also of social concern, as [they are] cost prohibitive and threaten[] the credibility of the justice system." *Chavez*, 2007 WL 683979 at *2. As such, Defendants' Motion to Stay Discovery should be denied.

## CONCLUSION

12. The delay associated with a stay of discovery pending the resolution of the Denver Defendants' Motion to Dismiss will prejudice the AUS Defendants as the discovery deadlines have already been proposed by the parties in this matter and will likely be delayed substantially should the stay be granted. *See Chavez*, 2007 WL 683979 at *1. Moreover, allowing discovery to proceed places no undue or special burden on the parties or non-parties as Plaintiff's claims involve the same set of facts against the Denver Defendants as against the individual defendants, and would result in discovery which is an ordinary occurrence in this type of litigation. *See id*. at *2. Finally, the Court has an interest in controlling its docket and ensuring the fair and speedy administration of this case. *See id*. at *3.

13. These factors, viewed against the backdrop that motions to stay are generally disfavored, *see Jackson*, 2008 WL 5233787 at *1, requires that the Denver Defendants' Motion to Stay Discovery be DENIED.

Respectfully submitted this 19th day of January, 2022.

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: */s/ Kimberly L. Koehler*
Jason D. Melichar, #31114
Kimberly L. Koehler, #47796
1225 17th Street, Suite 1700
Denver, CO 80202
Telephone: 303-572-5300
Facsimile: 303-572-5301
*Attorneys for Defendants Universal Protection Service, LLC d/b/a Allied Universal Security Services, Feliesha Lynett Trimble, and Angelika Chaplinskiy*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 19, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Tricia M. Hoy*
Tricia M. Hoy