**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.: 21-cv-2214-DDD-KLM

**BRIAN LOMA**, an individual,

    Plaintiff

v.

**CITY AND COUNTY OF DENVER,** a municipality,
**CITY ATTORNEY KRISTIN M. BRONSON,** in their individual capacity,
**ASSITANT CITY ATTORNEY MELISSA M. DRAZEN SMITH,** in their individual capacity,
**ASSISTANT DIRECTOR MARLEY BORDOVSKY**, in their individual capacity,
**CORPORAL ROBERT D. SMITH**, in their individual capacity,
**ALLIED UNIVERSAL SECURITY SERVICES**,
**FALIESHA LYNETT TRIMBLE**, in their individual capacity,
**ANGELIKA CHAPLINSKIY**, in their individual capacity,
**DETECTIVE NICHOLAS Z. ROCCO-MCKEEL**, in their individual capacity
**SERGEANT BURTON**, in their individual capacity
**OFFICER BURGER (#98049),** in their individual capacity

    Defendants.

---

**PLAINTIFF'S RESPONSE TO DENVER DEFENDANTS'
MOTION TO STAY DISCOVERY**

---

COMES NOW, Plaintiff, Brian Loma, by and through counsel, Baumgartner Law, LLC, and respectfully submits this Response to Denver Defendants' Motion to Stay Discovery in this matter, and in support thereof, states as follows:

**STANDARD OF REVIEW**

While the Federal Rules of Civil Procedure do not explicitly provide for a stay of discovery, the U.S. Supreme Court has construed Fed. R. Civ. P. 26(c) to provide for a stay in order to protect defendants from annoyance, embarrassment, oppression, or undue burden or expense. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); Fed.R.Civ.P. 26(c). The party seeking a stay of

discovery has the burden of establishing good cause, which cannot be met "by offering simply conclusory statements." *JTS Choice Enters. v. E.I. Dupont De Nemours & Co.*, 11-cv-03143-WJM-KMT, at *2 (D. Colo. Feb. 29, 2012). Thus, courts in this district require "a particular and specific demonstration of fact" in support of a request for a stay. *Id*.

This is a weighty burden that Defendants have failed to meet. It has long been recognized that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). Even when Defendants raise the defense of qualified immunity, a stay of discovery is not automatically warranted. *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). Qualified immunity does not protect a defendant from all discovery, "but only from that which is broad-reaching." *Id*.

**<u>Defendant City and County of Denver Are Not Entitled to a Stay</u>**

As stated by the *Rome* court, "it is essential to recognize that because the defense of qualified immunity is limited to particular claims against particular individuals, the corresponding protection against burdensome discovery is also limited. The defense is available only to individual government officials, not governmental entities." *Id.* at 644.

In this case, like *Rome*, the City and County of Denver is a governmental entity for which there is no entitlement to qualified immunity. It is well settled in the District of Colorado that the invocation of qualified immunity is not a bar to all discovery. *Id*. Further, even with a stay in place, there are other mechanisms for obtaining information during the staying including Rule56(f). *Martinez v. Carson*, 697 F.3d 1252, 1257 (10th Cir. 2012). While this the procedural mechanism described in *Martinez* does not apply to the present case, it does highlight that discovery stays are not absolute when a qualified immunity determination is pending, as argued by the Defendant.

Defendants' argument that all defendants are automatically entitled to a stay when dispositive motions based on qualified immunity are pending would establish a rule that the invocation of qualified immunity by *some* defendants entitles *all* defendants in every case to an automatic stay on *all* discovery. That is simply not the rule. *Kaufman v. Univ. of Colo. at Boulder*, 15-cv-00406-LTB-NYW, at *4 (D. Colo. Aug. 12, 2015).

Defendants argue in their contested motion that if compelled to participate in discovery it "would likely require individual Defendants to participate in the discovery process or risk compromising their litigation position." This is not accurate.

Defendants are conflating the necessary evidence to establish the claims against the defendant officers and the City of Denver as one in the same. However, the claims against the City of Denver stem from an official policy, evidenced by an official written communication, from within the City Attorney's office; this overarching claim does not necessarily have to implicate the individual officers. Plaintiff has plead and cited several independent claims and provided evidence and good faith basis which, when taken as true, show an official policy or widespread custom which is the direct link of the constitutional violations alleged.

The discovery necessary to examine the Defendant City's polices when it comes to individuals who advocate against the City's interest and or against police misconduct does not implicate, and will not inconvenience, the individual defendants named in this lawsuit; and thus, do not require the individual Defendant Officers to participate in discovery. Further, the City Defendant is currently defending another case against the same Plaintiff related to the very similar constitutional claims and in that case, there is no current Order Staying Discovery. 1:20-cv-02827-RM-STV. Thus, The City Defendant will not be prejudiced or unduly burdened since the City Defendant is, or will be, already disclosing similar, if not the same, information in both cases.

**Court Must Consider Likelihood of Success of Defendants' Motion to Dismiss**

It is appropriate to deny a stay of discovery pending a motion to dismiss when "a review of the [m]otion…reveal[s] that success on the merits of [a qualified immunity] defense is not assured." *Sanaah v. Howell*, 08-cv-02117-REB-KLM, at *3 (D. Colo. Apr. 9, 2009). Therefore, Defendants have the burden to establish some probability that they will succeed on their motion to dismiss in order to show that proceeding with discovery would cause them an undue burden. If Defendants are not likely to succeed on the defense as a whole, the rationale for not subjecting them to the burdens of discovery disappears.

In the present case, <u>Defendants ignored the probability of success of the motions to dismiss in their motion to stay</u> (which says a lot about Defendants' confidence in their position).

3

Nevertheless, as in *Sanaah v. Howell*, Defendants' motions to dismiss are not particularly compelling. Based on the facts plausibly alleged in Plaintiff's complaint, Defendants do not have a high likelihood of success on their motions to dismiss, especially with regard to the City and County of Denver. Therefore, Defendants have not established *any* probability of success on their motions to dismiss to carry their high Rule 26(c) burden of good cause to avoid all discovery.

*No Likelihood of Success on Defendant City and County of Denver's Motion to Dismiss*

There is no likelihood the Defendant City can prevail on their Motion to Dismiss. Plaintiff in this case has plead facts in addition to factual allegation related to the specific incidents involving the Plaintiff to establish the standard under *Monell* and under Rule 12(b)(6) as well plead allegations. Plaintiff has met their burden by providing numerous types of support outside the incident itself and conclusory statements, including official communications implicating the alleged constitutional violation from the Defendant City. The reason for not requiring a heightened pleading standard in a Section 1983 municipal liability complaint is that "a plaintiff, as an outsider to municipal government, is not expected to have information about a city's official policies, practices, or training programs at the pleading stage." *Walker v. Zepeda*, No. 1:11-cv01242-DME-CBS, 2012 U.S. Dist. LEXIS 74386, at *14 (D. Colo. 2012).

Requiring Plaintiff to allege specific details of Denver policy would risk "foreclosure of legitimate § 1983 claims that, after appropriate discovery, turn out to have evidentiary support." *Walker*, at *15-16. Even though Plaintiff is not required to plead specific facts and provided all evidence necessary to prove the claims, Plaintiff did cite specific insistences of evidence of the alleged constitutional violation and referenced to current similar lawsuits with similar issues and the same Plaintiff. In the present case, Plaintiff's allegations are more than sufficient at the pleading stage to show an official policy and or widespread custom that has the force of law.

Under *Walker*, Plaintiff has clearly met his burden in alleging several facts, when taken as true, to support a claim that the City and County of Denver, as well as the individual defendants, have participated in a policy of unconstitutional retaliation against individuals who exercise their First Amendment rights regarding opposition to governmental institutions. Therefore, Defendant City's Motion to Dismiss cannot prevail.

*No Likelihood of Success on Defendant City Employees' Motion to Dismiss*

Defendant City Employees have no likelihood of success on their Motion to Dismiss. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In evaluating a motion to dismiss under Rule 12(b)(6), all well-plead allegations of material fact are accepted as true and viewed in the light most favorable to the non-moving party. *Brown v. Montoya*, 662 F.3d 1152, 1162-63 (10th Cir. 2011). Furthermore, the court is required to draw all reasonable inferences in favor of the plaintiff. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987). As stated by the *Iqbal* Court, legal conclusions "must be supported by factual allegations" in order to receive the presumption of truth. *Iqbal*, 556 U.S. at 679.

In this case, Plaintiff has filed a meritorious lawsuit that has been sufficiently plead along with several supporting factual allegations and evidenced by official City communications and documents referenced throughout Plaintiff's complaint. Plaintiff's allegations are clothed with supporting facts that allow the court to draw the inference that Defendants are liable for the misconduct alleged in Plaintiff's complaint. These facts include showing Defendant City Employees committed numerous constitutional violations under the First and Fourth Amendments against the Plaintiff which include unconstitutional seizure leading to deprivation of property, wrongful arrest, excessive force, and, most notably, First Amendment retaliation. Further, Plaintiff also cited caselaw and 10th Circuit analysis on point with the facts and allegation in the present case highlighting these constitutional violations by the Defendant City Employees were clearly established at the time of the incident involving Plaintiff. Thus, all of the allegations in Plaintiff's complaint are entitled to the presumption of truth; and therefore, Defendant City Employees will not be entitled to qualified immunity or to a dismissal of the claims against them.

**Applying String Cheese Factors Confirms Discovery Should Proceed As To All Defendants**

Defendants have not met their heavy burden even under *String Cheese* to show that their filing of motions to dismiss constitute "the most extreme circumstances" so as to justify a broad

stay. *JTS Choice Enters.*, 11-cv-03143-WJM-KMT, at *4.

> In determining whether a stay is appropriate, the court is guided by the following factors: (1) plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Plaintiff's interest in proceeding with discovery is plain and evident. Staying discovery would "delay the proceedings for an unknown period of time until there is a ruling on the pending motion and that the delay would significantly impact and prejudice plaintiff's right to pursue its case and vindicate its claim expeditiously." *Id.* (internal quotation marks omitted). Our legal elders have taught us that **"justice delayed is justice denied"** because when a legal remedy is not forthcoming in a timely manner, it is like having no access to justice at all. Such is the situation in the case at hand.

Defendants have made no particularized showing that they will suffer a clearly defined, serious harm in proceeding with discovery. "[W]here a movant seeks relief that would delay court proceedings by other litigants, [it] must make a strong showing of necessity because the relief would severely affect the rights of others." *Commodity Futures Trading*, 713 F.2d at 1484. In addition, a party's generalized statements regarding burden are insufficient to warrant a stay of discovery. *United Financial Cas. Co. v. Lapp*, 12-cv-00432-MSKMEH, at *2 (D. Colo. June 26, 2012). See also *Kaufman*, 15-cv-00406-LTB-NYW, at *4 (D. Colo. Aug. 12, 2015) (A party's generalized statements regarding burden are insufficient to warrant a stay of discovery). "The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection." *Breckenridge v. Vargo & Janson, P.C.*, 16–cv–1176–WJM–MEH, at *3-4 (D. Colo. Nov. 28, 2016).

As mentioned above, the City Defendant is currently defending another case against the same Plaintiff related to the very similar constitutional claims and in that case, there is no current Order Staying Discovery. 1:20-cv-02827-RM-STV. Thus, The City Defendant will not be prejudiced or unduly burdened since the City Defendant is, or will be, already disclosing similar,

6

if not the same, information in both cases.

"Defendants are always burdened when they are sued, whether the case ultimately is dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure." Chavez v. Young America Ins. Co., No. 06-cv-02419-PSF-BNB, at *2 (D. Coo. Mar. 2, 2007). In this case, Defense motioned for a stay of discovery because of the burden and cost of the discovery for a class action lawsuit that may not have been necessary. While this case was related to an insurance claim, the case was a class action and Motion to Stay was filed as "unopposed." Id. at 1. However, despite the lawsuit being a class action and the motion to stay being filed unopposed, the court still ruled, "[t]here is no special burden on the defendant in this case." Id. at 2.

Here, Defendants have made no such showing. Defendants' interests in a stay are nothing more than avoiding the burden that all defendants face when sued, which does not rise to the level of showing "a particular and specific demonstration of fact" of serious harm associated with moving forward with discovery. *JTS Choice Enters.*, 11-cv-03143-WJM-KMT, at *2. Defendants have failed to cite something more than just the inconvenience arising from litigation. This is especially true in relation to the claim against the Defendant City. Defendant City has failed to provide any argument that participating in discovery will create any harm, other than potentially inconveniencing the Defendant City Employees which Plaintiff does not need discovery from in order to substantiate a *Monell* under a theory of official policy or widespread custom.

The third, fourth, and fifth *String Cheese* factors also weigh against granting a stay of proceedings. The longer that a case lingers on this court's docket, the more difficult the court's docket is to manage. *JTS Choice Enters.*, 11-cv-03143-WJM-KMT, at *3. For similar reasons, a delay in court proceedings harms the public interest and the interests of other third parties who may be affected by this litigation. "[T]he public has an interest in efficient use of public resources, including Court resources," and [t]his factor therefore weighs in favor a denying the stay." *Id*. Further, these claims are essential in maintaining accountability of our governmental institution and to highlight when constitutional violations are occurring by institutions that citizens place their trust. *Abdulmutallab v. Sessions*, 2018 WL 3348877 at *2 (D. Colo. July 9, 2018) ("[T]he public interest is well served by prompt and efficient handling of litigation, particularly where the

litigation involves allegations against public officials."). This is especially true in this case since it impacts all those who may want to participate in First Amended activities in Denver. As reiterated in undersigned counsel's Response to Motion to Dismiss, all the claims in this case stem from Plaintiff advocating in public spaces while filming police or security personnel interact with the public. This entire action is in the public interest – the citizens of Colorado have a right to know if the City Defendant retaliates against those who the Defendant City is not in agreement regarding the content of their advocacy.

Based on these factors, and the heavy burden placed on Defendants, the court must conclude that Defendants have failed to show good cause for granting a stay. This result is even more compelling if the Court includes in its analysis a threshold consideration of the likelihood of success of the pending motions to dismiss necessary to determine the "good cause" burden that must be carried by Defendants.

## CONCLUSION

Thus, Plaintiff has presented allegations that allow for the inference that he has been targeted by the City of Denver in an effort to chill his First Amendment right to advocate for governmental accountability and to film police interactions in public. Plaintiff has alleged several instances and has plead his claims with supporting evidence and documentation that show the plausibility of his claims. Taking the allegations of the complaint in the light most favorable to Plaintiff, the City and County of Denver have a policy of retaliating again those who advocate against their interests which is the moving force behind Plaintiff's injuries and damages.

Defendants have not provided any specificity as to how they may be harmed by proceeding with discovery, especially for Defendant City because Plaintiff does not need to inquire into the individual employee defendants in order to establish *Monell* liability for a policy or widespread custom of retaliation based on the City Attorney's own communications about the Plaintiff which was cited in Plaintiff's complaint. Further, given the social climate and vast advocacy for those who are oppressed and the social push for governmental accountability, it is ever more important this litigation moves forward since the unconstitutional policy alleged affects all citizens of the State of Colorado.

8

WHEREFOERE, the Motion to Stay Discovery for the City Defendant's and Defendant City Employees, must be denied.

Dated this 20th day of January, 2022.

                Respectfully submitted,
                BAUMGARTNER LAW, L.L.C.
                *Original signature on file at Baumgartner Law, L.L.C.*

                *s/ Adam R. Yoast*
                Adam R. Yoast
                Baumgartner Law, LLC
                300 E. Hampden Ave., Ste. 401
                Englewood, CO 80113
                Phone: 303-529-3476
                Fax: 720-634-1018
                Adam@baumgartnerlaw.com

*I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of January, 2022, a true and correct copy of the foregoing filed with the Clerk of the Court using the CM/ECF system, which will serve the following:

Jennifer Johnson
City and County of Denver
City Attorney's Office
*Attorneys for Denver Defendants*

Jason D. Melichar
Kimberly L. Koehler
Wilson Elser Moskowitz Edelman & Dicker LLP
*Attorneys for AUS Defendants*

                                              *s/ Carly C. Kelley*
                                              Carly C. Kelley