IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02214-DDD-KLM

BRIAN LOMA, an individual,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
CITY ATTORNEY KRISTIN M. BRONSON, in her individual capacity,
ASSISTANT CITY ATTORNEY MELISSA M. DRAZEN SMITH, in her individual capacity,
ASSISTANT DIRECTOR MARLEY BORDOVSKY, in her individual capacity,
CORPORAL ROBERT D. SMITH, in his individual capacity,
ALLIED UNIVERSAL SECURITY SERVICES,
FALIESHA LYNETT TRIMBLE, in their individual capacity,
ANGELIKA CHAPLINSKY, in their individual capacity,
DETECTIVE NICHOLAS Z. ROCCO-MCKEEL, in his individual capacity,
SERGEANT BURTON, in his individual capacity,
OFFICER BURGER (#98049), in his individual capacity,

    Defendants.

---

## DENVER DEFENDANTS' REPLY IN SUPPORT
## OF THEIR MOTION TO STAY DISCOVERY

Defendants City and County of Denver ("Denver"), Kristin M. Bronson, Melissa M. Drazen Smith, Marley Bordovsky, Robert D. Smith, Nicholas Z. Rocco-McKeel, Jason Burton, and Jeffrey Berger (incorrectly designated as, "Officer Burger") (collectively, "Denver Defendants"), through their counsel, file their reply in support of their Motion to Stay Discovery [Doc. #31].

Plaintiff and the AUS Defendants have opposed the Denver Defendants' Motion to Stay Discovery on two bases: (1) the Denver Defendants' Motion to Dismiss is unlikely to succeed

(asserted by Plaintiff only); and (2) the *String Cheese* factors weigh against a stay of discovery (asserted by Plaintiff and AUS Defendants). As discussed below, Denver Defendants have met their burden of establishing that a stay of discovery is warranted in this case.

### A. The individual Denver Defendants are entitled to a stay of discovery

The Supreme Court has made clear that government officials who raise the defense of qualified immunity or prosecutorial immunity should not face the burdens of litigation, including discovery obligations, until the immunity issue is resolved. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Specifically, qualified and prosecutorial immunity are "both a defense to liability and a limited entitlement not to stand trial *or face the other burdens of litigation*." *Id*. at 672 (emphasis added); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). This is because "the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (citation, internal quotations and alterations omitted). As such, questions of immunity should be resolved "at the earliest possible stage in litigation." *Id*. at 232 (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). Accordingly, controlling Supreme Court precedent directs that a defendant who is successfully able to attack the sufficiency of the plaintiff's complaint on prosecutorial or qualified immunity grounds should be spared the expense and inconvenience of discovery. *See Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (stating that if qualified immunity was found to apply, defendant was "entitled to dismissal prior to discovery"); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("[I]f the defendant does plead the immunity defense, the district court should resolve that threshold

2

question before permitting discovery."); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed.").

In their Response in Opposition to the Denver Defendants' Motion, the AUS Defendants argue that the Denver Defendants have failed to meet their burden of showing such a stay is warranted but, in so arguing, rely exclusively on cases which do not consider a qualified immunity defense. (*See* Doc. #39, pp. 3-5). Accordingly, the AUS Defendants have provided no controlling basis for their proposition that discovery should not be stayed as to the individual Denver Defendants while their motion to dismiss asserting qualified immunity is decided.

Plaintiff, on the other hand, appears to admit that United States Supreme Court and Tenth Circuit precedent require a stay of discovery as to the individual Denver Defendants (*see* Doc. #40, p. 2); but then relies on *Sanaah v. Howell*, No. 08-cv-02117-REB-KLM, 2009 WL 980383 (D. Colo. Apr. 9, 2009) to argue that Denver Defendants are required to establish that their motion to dismiss is likely to succeed in order to obtain a stay. (*See* Doc. #40, pp. 3-4). Nowhere in *Sanaah* did the Court make such a blanket rule; instead, the Court's analysis was limited to the specific facts of that case. *Sanaah*, 2009 WL 980383 at *1 & n.1. Further, after *Sanaah*, courts in this District have specifically stated, "no element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of [the] case." *Sexton v. City of Colo. Springs*, No. 20-cv-00108-PAB-KMT, 2020 WL 1875146, at *4 (D. Colo. Apr. 15, 2020) (quoting *Sanchez v. City & Cnty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 n.3 (D. Colo. Feb. 26, 2020)); *see also Cook v. Whyde*, No. 20-cv-02912-PAB-STV, 2021 WL 981308, at *2 (D. Colo. Mar. 15, 2021) ("in determining whether a stay is appropriate, the magistrate judge need not assess the merits of

3

defendants' dispositive motions."); *Estate of Thakuri by & through Thakuri v. City of Westminster*, No. 19-cv-02412-DDD-KLM, 2019 WL 6828306, at *2 (D. Colo. Dec. 12, 2019). Thus, discovery against the individual Denver Defendants should be stayed until their motion to dismiss asserting the defense of qualified immunity is decided.

### B. The *String Cheese* factors weigh in favor of a stay of discovery as to all defendants

Denver Defendants' Moton demonstrated that the *String Cheese* factors weigh in favor of granting a stay. Despite this, Plaintiff and AUS Defendants argue that the *String Cheese* factors do not weigh in favor of a stay because: (1) they will be prejudiced by a delay in moving the case forward; (2) Denver Defendants fail to make a particularized showing of harm; (3) and the public's and Court's interest weigh in favor of a stay. (*See* Doc. #39, pp. 3-4, 5; Doc. #40, p. 6, 7-8.)

As to the first and second considerations, Plaintiff and the AUS Defendants have failed to allege anything other than a general interest in proceeding and have not alleged any harm except those associated with the passage of time. This does not justify proceeding with discovery. *See Osei. v. Brooks*, No. 11–cv–01135–WDM–KMT, 2011 WL 3036744, at *3 (D. Colo. July 25, 2011) (finding that possibility of prejudice caused by delay is outweighed by burden on defendants asserting qualified immunity and granting a stay of discovery); *Viviano v. Schneider*, No. 17–cv–00235–CMA–STV, 2017 WL 2571606, at *2 (D. Colo. June 14, 2017).

Denver Defendants have identified the specific prejudice they will suffer if discovery is permitted. Defendants Bronson, Drazen Smith, Bordovsky, Smith, Burton, Rocco-McKeel, and Berger are entitled to have their prosecutorial and qualified immunity defenses addressed early in the proceedings, and to not endure discovery if their defenses are meritorious. *See Mitchell*, 472 U.S. at 526 ("The entitlement is an immunity from suit rather than a mere defense to liability; and

4

like an absolute immunity, [qualified immunity] is effectively lost if a case is erroneously permitted to [proceed]").

As for staying discovery as to only the individual Denver Defendants and allowing discovery to proceed against Denver and the AUS Defendants, the Supreme Court has recognized that individual defendants asserting qualified immunity will be prejudiced by allowing a case to proceed with discovery as to other defendants explaining:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685-86. Such concerns are present here where Plaintiff's claims against the AUS Defendants arise from the same incident and facts as the claims against Corporal Smith. (*See* Doc. #6, ¶¶ 23-45.) It is difficult to comprehend how Corporal Smith could not participate in discovery pertaining to the AUS Defendants.

Plaintiff asserts that Denver has argued that it, along with the individual Denver Defendants, is "automatically entitled to a stay." (Doc. #40, p. 2.) That is not what Denver has argued. Rather, the issue is that a partial discovery stay in the instant case would not relieve the individual officers of the burden of litigation prior to a determination of their qualified immunity defenses because Denver, in engaging in discovery prior to a ruling on the Motion to Dismiss, would necessarily require the assistance and participation of the individual Denver Defendants as Denver's potential liability rests on a putative municipal liability claim entirely derivative of the individual Denver Defendants' alleged constitutional violations. *See Olson v. Layton Hills Mall*,

5

312 F.3d 1304, 1317-18 (10th Cir. 2002) (A municipality cannot be held "liable for constitutional violations when there was no underlying constitutional violation by any of its officers.") (internal citations and quotations omitted). In short, proceeding with discovery as to municipal claims that are not subject to the assertion of qualified immunity, considering their entirely derivative nature, is not a permissible alternative. *Iqbal*, 556 U.S. at 685.

As to the third consideration, relying on *JTS Choice Ents v. E. I. Dupont de Numours & Co.*, No. 11-cv-03143-WJM-KMT, 2012 WL 13211845 (D. Colo. Feb. 29, 2012), Plaintiff asserts that "cases that linger on the Court's docket are more difficult to manage" and "the public has an interest in efficient use of public resources," and as a result, the interests of the Court and the public weigh against a stay. (Doc. #40, p. 7). However, the reasoning of *JTS* is inapplicable to the present case because it did not involve an assertion of qualified immunity, and thus, the defense and the associated protections from discovery did not enter into the Court's analysis as to the issue of a stay.

Further, Denver Defendants' request targets making this case easier for the Court to manage. If a stay is granted, there are two alternatives: (1) the motion to dismiss will be granted, either in whole or in part, and discovery in this case will be greatly streamlined as a result of the dismissals; or (2) Denver Defendants' motion to dismiss will be denied and discovery will proceed as if the Motion had not been filed. Neither of these options will particularly clutter the Court's docket or render the case difficult to manage. On the contrary, it will avoid piecemeal discovery, discovery disputes relating to claims that may be dismissed, and potentially duplicative discovery disputes. *See Cook*, 2021 WL at 981308 at *3 (a partial stay of discovery, is likely to "burden the court with potentially duplicative discovery disputes which could be avoided if the case proceeded

6

against all defendants at once."); *Raven v. Williams*, No. 1:19-cv-01727-WJM-SKC, 2019 WL 4954640, at *2 (D. Colo. Oct. 8, 2019) ("[A] stay may prevent the waste of judicial time and resources in handling discovery disputes regarding claims and parties that are subject to dismissal"); *Halik v. Brown*, No. 19-cv-02354-KMT, 2020 WL 1852417, at *3 (D. Colo. Apr. 13, 2020) ("[I]t is certainly more convenient for the court to enter a stay until it is clear which of [p]laintiff's claims, if any, will move forward"); *Estate of Thakuri*, 2019 WL 6828306 at *3 (finding that judicial economy is served where "scheduling and discovery issues will not be raised until it is clear which claims and which [d]efendants will be moving forward"); *Boyd v. Montezuma Cnty. Sheriff's Office*, No. 15–cv–00101–MEH, 2015 WL 2329061, at *2 (D. Colo. May 13, 2015) ("As both a judicial officer and trial lawyer, I have been associated with many individual/governmental constitutional cases, and it is my experience that discovery against the sovereign overwhelms the case and results in a multitude of discovery disputes."). Thus the third *String Cheese* factor weighs in favor of a complete stay.

Neither Plaintiff nor AUS Defendants have identified any nonparties having interest in this litigation; thus, the fourth factor is neutral to all parties.

As to the fifth consideration, the interests of the public will also be served by a stay of discovery here while the Court determines which, if any, claims against the Denver Defendants survive the Motion to Dismiss. The public interest is always served by avoiding unnecessary expense, particularly where the government is a party to the case. *See Lane v. Yohn*, No. 12–cv–02183–MSK–MEH, 2012 WL 4928216, at *3 (D. Colo. Oct. 15, 2012) ("to the extent the public is interested in reducing the workload of the Court, factor five also weighs in favor of stay.") To proceed with discovery while the Motion to Dismiss is pending, only to find that the majority of

7

such discovery was unnecessary, would constitute an unnecessary expenditure of taxpayer funds. Further, "given the public interest in qualified immunity, as explained in *Iqbal*, the public is better served by a global stay." *Cook*, 2021 WL at 981308 at *3; *see also Osei v. Brooks*, No. 11-cv-01135-WDM-KMT, 2011 WL 3036744, at *3 (D. Colo. July 25). Accordingly, analysis of the *String Cheese* factors demonstrates that a stay of discovery as to the Denver Defendants is appropriate under the circumstances.

For the reasons stated herein and in the Denver Defendants' Motion to Stay Discovery [Doc. #31], Denver Defendants respectfully request that the Court stay all discovery and further proceedings until their pending Motion to Dismiss is resolved.

Dated this 1st day of February 2022.

    Respectfully submitted by,

    <u>s/ Jennifer Johnson</u>
    Jennifer Johnson
    Assistant City Attorney
    Denver City Attorney's Office
    Litigation Section
    201 W. Colfax Avenue, Dept. 1108
    Denver, Colorado 80202-5332
    Telephone: 720-913-3304
    Facsimile: 720-913-3190
    E-mail: jennifer.johnson2@denvergov.org
    *Attorney for Defendants City and County of Denver, Kristin Bronson, Melissa Drazen Smith, Marley Bordovsky, Robert D. Smith, Nicholas Rocco-McKeel, Jason Burton, and Jeffrey Berger*

**CERTIFICATION OF COMPLIANCE**

      I hereby certify that the foregoing pleading complies with the type-volume limitations set forth in Judge Domenico's Practice Standard III.A.1, as this Reply contains 2,155 words.

      *s/ Jennifer Johnson*
      Denver City Attorney's Office

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February 2022, the foregoing **DENVER DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY** was filed with the Clerk of the Court via the CM/ECF system which will send a notification of such filing to the following:

Adam R. Yoast
adam@baumgartnerlaw.com
*Counsel for Plaintiff*

Jason D. Melichar,
Kimberly L. Koehler
jason.melichar@wilsonelser.com
kimberly.koehler@wilsonelser.com
*Counsel for Universal Defendants*

*s/ Bonnie Marsh*
Denver City Attorney's Office