IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02214-DDD-KLM

BRIAN LOMA,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
CITY ATTORNEY KRISTIN M. BRONSON, in her individual capacity,
ASSISTANT CITY ATTORNEY MELISSA M. DRAZEN SMITH, in her individual capacity,
ASSISTANT DIRECTOR MARLEY BORDOVSKY, in her individual capacity,
CORPORAL ROBERT D. SMITH, in his individual capacity,
ALLIED UNIVERSAL SECURITY SERVICES,
FALIESHA LYNETT TRIMBLE, in their individual capacity,
ANGELIKA CHAPLINSKY, in their individual capacity,
DETECTIVE NICHOLAS Z. ROCCO-MCKEEL, in his individual capacity,
SERGEANT BURTON, in his individual capacity, and
OFFICER BERGER (#98049), in his individual capacity,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants City and County of Denver, Kristin M. Bronson, Melissa M. Drazen Smith, Marley Bordovsky, Robert D. Smith, Nicholas Z. Rocco-McKeel, Jason Burton, and Jeffrey Berger's (collectively, the "Denver Defendants") **Motion to Stay Discovery** [#31][1] (the "Motion to Stay"). Plaintiff filed a Response [#40] in opposition to the Motion, as did Defendants Universal Protection Service, LLC, doing

---

[1] "[#31]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

business as Allied Universal Security Services, Faliesha Lynett Trimble, and Angelika Chaplinskiy (collectively, the "AUS Defendants"), *see Response* [#39]. The Denver Defendants filed a single Reply [#49].

The Denver Defendants ask the Court to stay discovery pending resolution of their Motion to Dismiss [#28], filed on December 13, 2021, and currently pending before the District Judge. In part, Defendants Drazen Smith and Bordovsky assert that they are entitled to prosecutorial immunity, and Defendants Smith, Burton, Rocco-McKeel, and Berger assert they are entitled to qualified immunity. If granted in full, the Motion to Dismiss [#28] would dispose of all claims asserted against all of the Denver Defendants.

Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens*, 516 U.S. at 308 (citation omitted). The Court is obligated to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).

When exercising its discretion regarding whether to impose a stay, the Court considers the following factors: (1) the interest of the opposing parties in proceeding expeditiously with discovery and the potential prejudice to the opposing parties of a delay; (2) the burden on the moving parties of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Plaintiff provides a thoughtful, lengthy discussion of the *String Cheese Incident* factors but also suggests that the Court must look at the probability of success of the Motion to Dismiss [#28], which essentially would be a sixth factor added to the *String Cheese Incident* analysis when the stay is predicated on a pending dispositive motion. This factor would be akin to the first element examined in cases where preliminary injunctions are sought, i.e., examination of whether Plaintiff has a likelihood of success on the merits. *See, e.g.*, *Assoc. of Christian Schs. Int'l v. Burwell*, 75 F. Supp. 3d 1284, 1290 (D. Colo. 2014) (listing the elements a party must meet to obtain a preliminary injunction). However, the Court is not inclined to create new law in this regard. In addition, as a practical matter, examining the merits of Plaintiff's claims on a motion to stay discovery would essentially require adjudication of the dispositive motion at the same time, thus negating the entire purpose of the motion to stay. Although the Court may, on occasion, do so under the particular circumstances of a particular case, *see, e.g.*, *Sanaah v. Howell*, No. 08-cv-02117-REB-KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009), those circumstances are

not present here. Moreover, that approach is simply not feasible as a regular matter in light of the Court's workload.

Turning to the *String Cheese Incident* factors, the Court first addresses the interest of the moving parties in proceeding expeditiously with discovery and the potential prejudice to the moving parties of a delay. Plaintiff broadly states:

> Plaintiff's interest in proceeding with discovery is plain and evident. Staying discovery would delay the proceedings for an unknown period of time until there is a ruling on the pending motion and that the delay would significantly impact and prejudice plaintiff's right to pursue its case and vindicate its claim expeditiously. Our legal elders have taught us that "**justice delayed is justice denied**" because when a legal remedy is not forthcoming in a timely manner, it is like having no access to justice at all. Such is the situation in the case at hand.

*Pl.'s Response* [#40] at 6 (internal citation and quotation marks omitted) (emphasis in original). Plaintiff's interest in proceeding with his case is manifest, as it is for most plaintiffs in most cases. However, Plaintiff has not pointed to any specific prejudice he will incur as a result of a stay. Although "justice delayed" may be "justice denied" in some circumstances, such as when an innocent person sits in jail while his appeal is adjudicated, the Court cannot find that the adage applies here in the absence of *any* showing of specific prejudice. Regardless, despite Plaintiff's reliance on these purely conclusory statements, the Court gives him the benefit of the doubt with respect to his interest in proceeding.

The AUS Defendants, who also oppose the stay, state:

> Plaintiff brings a single claim involving one alleged incident that occurred more than two and a half years ago against the AUS Defendants. As such, the AUS Defendants are prejudiced by an inability to engage in any discovery, which also results in an inability to obtain relief in this case, i.e., by conducting discovery to gather the information necessary to evaluate Plaintiff's claims and damages, which may support a dispositive motion or support resolution of Plaintiff's claims against the AUS Defendants by other means.

> It is also important to acknowledge the significant amount of time that typically elapses from the filing of a dispositive motion to the determination. The AUS Defendants will indeed suffer prejudice should discovery be stayed in this case as it may result in a decrease in evidentiary quality and witness availability. Further, a ruling in the Denver Defendants' favor would not dispose of this case in its entirety. As such, there is no reason why discovery should not commence while a ruling on the Denver Defendants' Motion is pending.

*AUS Response* [#39] at 3-4 (internal citations and quotation marks omitted). The Court notes that the effect that a stay will have on the difficulty of discovery is speculative, at best. However, given the age of the events underlying this lawsuit and the fact that the AUS Defendants hope that early discovery will allow the filing of a dispositive motion which would result in their dismissal from this lawsuit, and given Plaintiff's manifest interest in proceeding with his case, the Court finds that the first *String Cheese Incident* factor weighs against staying discovery.

With regard to the second factor, the Court finds that Defendants have demonstrated that proceeding with the discovery process presents an undue burden. The defense of qualified immunity is available to 1) individual governmental officials, but not governmental entities; 2) regarding claims for monetary damages, but not claims for injunctive or declaratory relief; and 3) regarding claims against individual governmental officials in their individual capacities, not their official capacities. *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004) (citations omitted). Here, four of the Defendants have asserted this defense because they are government officials, Plaintiff seeks damages, and the claims asserted against these Defendants are in their individual capacities.

The AUS Defendants, particularly, ask the Court to either deny the Motion to Stay [#31] or else to permit discovery between them and Plaintiff to proceed. However, the

United States Supreme Court has discouraged partial stays of discovery in situations like the one presented here. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009) ("It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."). Based on these considerations and strong Supreme Court and Tenth Circuit precedent regarding assertions of qualified immunity and discovery, the Court finds that the second *String Cheese Incident* factor weighs heavily in favor of staying discovery.

With regard to the third factor, if the case remains "in a stagnant state" on the Court's docket due to a stay, judicial economy is enhanced, as is convenience to the Court. In those circumstances, scheduling and discovery issues will not be raised and will not take time from the Court that could otherwise be used to address the pending dispositive motion. Thus, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed. *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, there are no specifically identified nonparties with

significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the Court is not persuaded that stays in section 1983 cases are contrary to the public interest because they may, for example, delay appropriate discipline or procedural reform or deter future plaintiffs. The *possibility* that those effects may occur is outweighed by several factors, including the possibility that unnecessary expenditures of public and private resources on litigation will be minimized, the *probability* that judicial resources will ultimately be conserved by addressing dispositive issues early in the litigation, and the *probability* that both judicial and attorney resources will be conserved by clarifying and resolving disputed legal issues at the earliest possible time. Overall, the public's interest in the efficient and just handling of legal disputes favors imposition of a stay in these circumstances. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss [#28] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#31] is **GRANTED**. All discovery is **stayed** pending resolution of the Denver Defendants' Motion to Dismiss [#28].

DATED: April 15, 2022

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge