IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02214-KLM

BRIAN LOMA, an individual,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
CITY ATTORNEY KRISTIN M. BRONSON, in her individual capacity,
ASSISTANT CITY ATTORNEY MELISSA M. DRAZEN SMITH, in her individual capacity,
ASSISTANT DIRECTOR MARLEY BORDOVSKY, in her individual capacity,
CORPORAL ROBERT D. SMITH, in his individual capacity,
ALLIED UNIVERSAL SECURITY SERVICES,
FALIESHA LYNETT TRIMBLE, in their individual capacity,
ANGELIKA CHAPLINSKY, in their individual capacity,
DETECTIVE NICHOLAS Z. ROCCO-MCKEEL, in his individual capacity,
SERGEANT JASON BURTON, in his individual capacity,
SERGEANT JEFFREY BERGER (#98049), in his individual capacity,

    Defendants.

## ANSWER TO AMENDED COMPLAINT

Defendant Sergeant Jeffrey Berger, by and through his attorney, answers Plaintiff's Amended Complaint as follows[1]:

### INTRODUCTION

1-3.    Defendant denies the truth of the allegations asserted in ¶¶ 1, 2 and 3 of the Amended Complaint.

4.    Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in ¶ 4 of the Amended Complaint. To the extent a response is required,

---

[1] Pursuant to the March 20, 2023 Order of the Honorable Nina Y. Wang (ECF #63) the claims against the City and County of Denver, Kristin M. Bronson, Melissa M. Drazen Smith, Marley Bordovsky, Cpl. Robert D. Smith, Det. Nicholas Z. Rocco-McKeel and Sgt. Jason Burton have been dismissed with prejudice.

1

Defendant denies the truth of the allegations asserted in ¶ 4 of the Amended Complaint.

5. Defendant denies the truth of the allegations asserted in ¶ 5 of the Amended Complaint.

6-7. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in ¶¶ 6 and 7 of the Amended Complaint. To the extent a response is required, Defendant denies the truth of the allegations asserted in ¶¶ 6 and 7 of the Amended Complaint.

## JURISDITION AND VENUE

8-9. Defendant admits to the truth of the allegations asserted in ¶¶ 8 and 9 of the Amended Complaint.

## PARTIES

10. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in ¶ 10 of the Amended Complaint.

11. Defendant admits to the truth of the allegations asserted in ¶ 11 of the Amended Complaint.

12-20. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in ¶¶ 12, 13, 14, 15, 16, 17, 18, 19 and 20 of the Amended Complaint.

21. Defendant admits to the truth of the allegations asserted in ¶ 21 of the Amended Complaint.

## GENERAL ALLEGATIONS

22. Paragraph 22 attempts to incorporate by reference allegations in the Amended Complaint. Accordingly, no response is necessary. To the extent a response is required, Defendant denies the truth of the allegations asserted in ¶ 22 of the Amended Complaint.

**Allegations for Assault Summons February 15, 2019**

23-45. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in ¶¶ 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44 and 45 of the Amended Complaint. To the extent a response is required, Defendant denies the truth of the allegations asserted in ¶¶ 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44 and 45 of the Amended Complaint.

**Allegations for Arrest for Obstruction Charge September 28, 2021**

46-69. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in ¶¶ 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68 and 69 of the Amended Complaint. To the extent a response is required, Defendant denies the truth of allegations asserted in ¶¶ 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68 and 69 of the Amended Complaint.

**Allegations for Destruction of Personal Property on November 17, 2021**

70-71. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in ¶¶ 70 and 71 of the Amended Complaint. To the extent a response is required, Defendant denies the truth of the allegations asserted in ¶¶ 70 and 71 of the Amended Complaint.

72. Defendant denies the truth of allegations asserted in ¶ 72 of the Amended Complaint except he admits that on November 17, 2020, Denver Police were assisting and providing security for a camp clean up in the 1900 block of N. Emerson Street in the City and County of Denver.

73. Defendant denies knowledge or information sufficient to form a belief as to the

allegations set forth in ¶ 73 of the Amended Complaint. To the extent a response is required, Defendant denies the truth of allegations asserted in ¶ 73 of the Amended Complaint.

74. Defendant denies the truth of allegations asserted in ¶ 74 of the Amended Complaint except admit that police were instructing a hostile crowd to back up to allow the camp clean up personnel to accomplish their task without interference.

75-77. Defendant denies the truth of allegations asserted in ¶¶ 75, 76 and 77 of the Amended Complaint.

78-80. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in ¶¶ 78, 79 and 80 of the Amended Complaint. To the extent a response is required, Defendant denies the truth of allegations asserted in ¶¶ 78, 79 and 80 of the Amended Complaint.

## CLAIMS FOR RELIEF

## CLAIMS UNDER FEDRAL LAW, 42 U.S.C. §1983

81. In answer to ¶ 81, Defendant repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 80 of the Amended Complaint inclusive, with the same force and effect as though set forth herein once again at length.

82-86. Paragraphs 82, 83, 84, 85 and 86 pose legal argument. Accordingly, no response is required. To the extent a response is required, Defendant denies the truth of the allegations asserted in ¶¶ 82, 83, 84, 85 and 86 of the Amended Complaint.

### FIRST CLAIM FOR RELIEF
(Against Corporal Robert D. Smith, Allied Universal Security Services, Faliesha Lynett Trimble, and Angelika Chaplinskiy)

87. In answer to ¶ 87, Defendant repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 86 of the Amended Complaint inclusive, with the same force and effect

4

as though set forth herein once again at length. **Moreover, pursuant to the Order Honorable Nina Y. Wang, the First Claim for relief as against Corporal Robert D. Smith has been dismissed with prejudice (ECF #63, pp. 31-32).**

88-90. Paragraphs 88, 89 and 90 pose legal argument. Accordingly, no response is required. To the extent a response is required, Defendant denies the truth of the allegations asserted in ¶¶ 88, 89 and 90 of the Amended Complaint.

91-100. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in ¶¶ 91, 92, 93, 94, 95, 96, 97, 98, 99 and 100 of the Amended Complaint. To the extent a response is required, Defendant denies the truth of allegations asserted in ¶¶ 91, 92, 93, 94, 95, 96, 97, 98, 99 and 100 of the Amended Complaint.

**SECOND CLAIM FOR RELIEF**
**Violation of Constitutional Rights under 42 U.S.C. §1983**
**Official Policy Violating First Amendment Rights**
**(Against The City and County of Denver, City Attorney Kristin M. Bronson, Deputy City Attorney Melissa M. Drazen Smith, and Assistant Director Marley Bordovsky)**

101. In answer to ¶ 101, Defendant repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 101 of the Amended Complaint inclusive, with the same force and effect as though set forth herein once again at length. **Moreover, pursuant to the Order Honorable Nina Y. Wang, the Second Claim for relief as against all Defendants identified therein has been dismissed with prejudice (ECF #63, pp. 17-24).**

102. Defendant denies the truth of allegations asserted in ¶ 102 of the Amended Complaint.

103-105. Paragraphs 103, 104 and 105 pose legal argument. Accordingly, no response is required. To the extent a response is required, Defendant denies the truth of the allegations asserted in ¶¶ 103, 104 and 105 of the Amended Complaint.

106-127. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in ¶¶ 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126 and 127 of the Amended Complaint. To the extent a response is required, Defendant denies the truth of allegations asserted in ¶¶ 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126 and 127 of the Amended Complaint.

**THIRD CLAIM FOR RELIEF**
**Violation of Constitutional Rights under 42 U.S.C. §1983, Custom Amounting to a Widespread Practice of Routine Violation of First Amendment Rights**
**(Against The City and County of Denver, City Attorney Kristin M. Bronson, Deputy City Attorney Melissa M. Drazen Smith, and Assistant Director Marley Bordovsky)**

128. In answer to ¶ 128, Defendant repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 127 of the Amended Complaint inclusive, with the same force and effect as though set forth herein once again at length. **Moreover, pursuant to the Order Honorable Nina Y. Wang, the Third Claim for relief as against all Defendants identified therein has been dismissed with prejudice (ECF #63, pp. 17-27).**

129-130. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in ¶¶ 129 and 130 of the Amended Complaint. To the extent a response is required, Defendant denies the truth of allegations asserted in ¶¶ 129 and 130 of the Amended Complaint.

131-134. Paragraphs 131, 132, 133 and 134 pose legal argument. Accordingly, no response is required. To the extent a response is required, Defendant denies the truth of the allegations asserted in ¶¶ 131, 132, 133 and 134 of the Amended Complaint.

135-145. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in ¶¶ 135, 136, 137, 138, 139, 140, 141, 142, 143, 144 and 145 of the

6

Amended Complaint. To the extent a response is required, Defendant denies the truth of allegations asserted in ¶¶ 135, 136, 137, 138, 139, 140, 141, 142, 143, 144 and 145 of the Amended Complaint.

## FOURTH CLAIM FOR RELIEF
**Violation of Constitutional Rights under 42 U.S.C. §1983 Custom Amounting to a Violation of First Amendment Retaliation**
**(Against The City and County of Denver, City Attorney Kristin M. Bronson, Deputy City Attorney Melissa M. Drazen Smith, Assistant Director Marley Bordovsky, Corporal Smith, Detective Rocco-McKeel, Sergeant Burton, and Sergeant Berger)**

146.  In answer to ¶ 146, Defendant repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 145 of the Amended Complaint inclusive, with the same force and effect as though set forth herein once again at length. **Moreover, pursuant to the Order Honorable Nina Y. Wang, the Fourth Claim for relief as against all Defendants identified therein has been dismissed with prejudice (ECF #63, pp. 17-30, 33-43).**

147-149. Paragraphs 147, 148 and 149 pose legal argument. Accordingly, no response is required. To the extent a response is required, Defendant denies the truth of the allegations asserted in ¶¶ 147, 148 and 149 of the Amended Complaint.

150.  Defendant denies the truth of the allegations asserted in ¶ 150 of the Amended Complaint.

151.  Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in ¶ 151 of the Amended Complaint. To the extent a response is required, Defendant denies the truth of allegations asserted in ¶ 151 of the Amended Complaint.

152-157. Defendant denies the truth of the allegations asserted in ¶¶ 152, 153, 154, 155, 156 and 157 of the Amended Complaint.

158-159. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in ¶¶ 158 and 159 of the Amended Complaint. To the extent a response is

7

required, Defendant denies the truth of allegations asserted in ¶¶ 158 and 159 of the Amended Complaint.

160-162. Defendant denies the truth of the allegations asserted in ¶¶ 160, 161 and 162 of the Amended Complaint.

## FIFTH CLAIM FOR RELIEF
### Violation of the Fourth Amendment of the United States Constitution
### Unconstitutional Seizure of Property
### (Detective Nicholas Z. Rocco-McKeel)

163. In answer to ¶ 163, Defendant repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 162 of the Amended Complaint inclusive, with the same force and effect as though set forth herein once again at length. **Moreover, pursuant to the Order Honorable Nina Y. Wang, the Fifth Claim for relief as against Detective Nicholas Z. Rocco-McKeel has been dismissed with prejudice (ECF #63, pp. 34-36).**

164. Paragraphs 164 poses legal argument. Accordingly, no response is required. To the extent a response is required, Defendant denies the truth of the allegations asserted in ¶ 164 of the Amended Complaint.

165-175. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in ¶¶ 165, 166, 167, 168, 169, 170, 171, 172, 173, 174 and 175 of the Amended Complaint. To the extent a response is required, Defendant denies the truth of allegations asserted in ¶¶ 165, 166, 167, 168, 169, 170, 171, 172, 173, 174 and 175 of the Amended Complaint.

## SIXTH CLAIM FOR RELIEF
### Violation of the Fourteenth Amendment of the United States Constitution
### Unconstitutional Deprivation of Property
### (Against Sergeant Berger)

176. In answer to ¶ 176, Defendant repeats, reiterates and realleges each and every

answer made to ¶¶ 1 to 175 of the Amended Complaint inclusive, with the same force and effect as though set forth herein once again at length.

177. Paragraphs 177 poses legal argument. Accordingly, no response is required. To the extent a response is required, Defendant denies the truth of the allegations asserted in ¶ 177 of the Amended Complaint.

178-182. Defendant denies the truth of the allegations asserted in ¶¶ 178, 179, 180, 181 and 182 of the Amended Complaint.

### SEVENTH CLAIM FOR RELIEF
**Violation of the Fourth Amendment of the United States Constitution**
**Excessive Force Resulting in Permanente Deprivation of Personal Property**
**(Against Sergeant Berger)**

183. In answer to ¶ 183, Defendant repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 182 of the Amended Complaint inclusive, with the same force and effect as though set forth herein once again at length.

184-185. Paragraphs 184 and 185 poses legal argument. Accordingly, no response is required. To the extent a response is required, Defendant denies the truth of the allegations asserted in ¶¶ 184 and 185 of the Amended Complaint.

186-191. Defendant denies the truth of the allegations asserted in ¶¶ 186, 187, 188, 189, 190 and 191 of the Amended Complaint.

### CLAIMS FOR RELIEF UNDER COLORADO COMMON LAW

### EIGHTH CLAIM FOR RELIEF
**Violation of the Fourth Amendment of the United State Constitution resulting in an**
**Unconstitutional Seizure of Property Pursuant to SB-217**
**(Detective Rocco-McKeel)**

192. In answer to ¶ 192, Defendant repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 191 of the Amended Complaint inclusive, with the same force and effect

9

as though set forth herein once again at length. **Moreover, pursuant to the Order Honorable Nina Y. Wang, the Eighth Claim for relief as against Detective Nicholas Z. Rocco-McKeel has been dismissed with prejudice (ECF #63, pp. 16-17).**

193-196. Paragraphs 193, 194, 195 and 196 poses legal argument. Accordingly, no response is required. To the extent a response is required, Defendant denies the truth of the allegations asserted in ¶¶ 193, 194, 195 and 196 of the Amended Complaint.

197-205. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in ¶¶ 197, 198, 199, 200, 201, 202, 203, 204 and 205 of the Amended Complaint. To the extent a response is required, Defendant denies the truth of allegations asserted in ¶¶ 197, 198, 199, 200, 201, 202, 203, 204 and 205 of the Amended Complaint.

### NINTH CLAIM FOR RELIEF
### Violation of Fourteenth Amendment of the United States Constitution resulting Deprivation of Property Pursuant to SB-217
### (Against Sergeant Berger)

206. In answer to ¶ 206, Defendant repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 205 of the Amended Complaint inclusive, with the same force and effect as though set forth herein once again at length. **Moreover, pursuant to the Order Honorable Nina Y. Wang, the Ninth Claim for relief as against Sgt. Berger has been dismissed with prejudice (ECF #63, pp. 16-17).**

207. Paragraph 207 poses legal argument. Accordingly, no response is required. To the extent a response is required, Defendant denies the truth of the allegations asserted in ¶ 207 of the Amended Complaint.

208-212. Defendant denies the truth of the allegations asserted in ¶¶ 208, 209, 210, 211 and 212 of the Amended Complaint.

### TENTH CLAIM FOR RELIEF
**Violation of the Fourth Amendment of the United States Constitution resulting in Excessive Force Pursuant to SB-217
(Against Sergeant Berger)**

213.   In answer to ¶ 213, Defendant repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 212 of the Amended Complaint inclusive, with the same force and effect as though set forth herein once again at length. **Moreover, pursuant to the Order Honorable Nina Y. Wang, the Tenth Claim for relief as against Sgt. Berger has been dismissed with prejudice (ECF #63, pp. 16-17).**

214-215. Paragraphs 214 and 215 poses legal argument. Accordingly, no response is required. To the extent a response is required, Defendant denies the truth of the allegations asserted in ¶¶ 214 and 215 of the Amended Complaint.

216-221. Defendant denies the truth of the allegations asserted in ¶¶ 216, 217, 218, 219, 220 and 221 of the Amended Complaint.

### ELEVENTH CLAIM FOR RELIEF
**Violation of First Amendment Retaliation under SB-217
(Against Sergeant Berger)**

222.   In answer to ¶ 222, Defendant repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 221 of the Amended Complaint inclusive, with the same force and effect as though set forth herein once again at length. **Moreover, pursuant to the Order Honorable Nina Y. Wang, the Eleventh Claim for relief as against Sgt. Berger has been dismissed with prejudice (ECF #63, pp. 16-17).**

223-226. Paragraphs 223, 224, 225 and 226 poses legal argument. Accordingly, no response is required. To the extent a response is required, Defendant denies the truth of the allegations asserted in ¶¶ 223, 224, 225 and 226 of the Amended Complaint.

227.   Defendant denies the truth of the allegations asserted in ¶ 227 of the Amended

Complaint.

228. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in ¶ 228 of the Amended Complaint. To the extent a response is required, Defendant denies the truth of allegations asserted in ¶ 208 of the Amended Complaint.

229-234. Defendant denies the truth of the allegations asserted in ¶¶ 229, 230, 231, 232, 233 and 234 of the Amended Complaint.

**TWELFTH CLAIM FOR RELIEF**
Assault
(Sergeant Berger)

235. In answer to ¶ 235, Defendant repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 234 of the Amended Complaint inclusive, with the same force and effect as though set forth herein once again at length. **Moreover, pursuant to the Order Honorable Nina Y. Wang, the Twelfth Claim for relief as against Sgt. Berger has been dismissed with prejudice (ECF #63, pp. 13-15).**

236-238. Defendant denies the truth of the allegations asserted in ¶¶ 236, 237 and 238 of the Amended Complaint.

**THIRTEENTH CLAIM FOR RELIEF**
Battery
(Sergeant Berger)

239. In answer to ¶ 239, Defendant repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 238 of the Amended Complaint inclusive, with the same force and effect as though set forth herein once again at length. **Moreover, pursuant to the Order Honorable Nina Y. Wang, the Thirteenth Claim for relief as against Sgt. Berger has been dismissed with prejudice (ECF #63, pp. 13-15).**

240-243. Defendant denies the truth of the allegations asserted in ¶¶ 240, 241, 242 and 243 of the Amended Complaint.

## PRAYER FOR RELIEF

244. Defendant denies all the allegations following the heading "Prayer for Relief" on page 33 of the Amended Complaint. Defendant denies Plaintiff is entitled to any of the damages alleged or sought in the Complaint.

## GENERAL DENIAL

245. In addition to the specific responses asserted above, Defendant denies each and every other allegation contained in the Amended Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

246. Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

247. Plaintiff failed to mitigate his damages.

## THIRD AFFIRMATIVE DEFENSE

248. Defendant Berger is entitled to qualified immunity. The conduct of Defendant Berger was objectively reasonable, undertaken in good faith, and did not violate any clearly established law.

## FOURTH AFFIRMATIVE DEFENSE

249. At all times pertinent herein, Defendant Berger acted in accordance with all constitutional obligations and without any intent to cause Plaintiff's claimed harm.

**FIFTH AFFIRMATIVE DEFENSE**

250.    In all respects, Defendant Berger acted in accordance with applicable legal authority in all actions or inactions associated with Plaintiff, negating any claim of liability asserted by Plaintiff against him.

**SIXTH AFFIRMATIVE DEFENSE**

251.    Any use of force employed by Defendant Berger was objectively reasonable under the circumstances known to him and he is thus entitled to qualified immunity.

**SEVENTH AFFIRMATIVE DEFENSE**

252.    Plaintiff's damages, if any, were not proximately caused by the acts or omissions of Defendant Berger.

**EIGHTH AFFIRMATIVE DEFENSE**

253.    Defendant Berger was exercising public duties as a law enforcement officer pursuant to C.R.S. § 18-1-701 and any use of force was justified pursuant to C.R.S. §§ 18-1-702, *et seq*.

**NINTH AFFIRMATIVE DEFENSE**

254.    Defendant Berger's actions were at all times legally privileged and do not meet the standard under federal law for which punitive damages may be awarded.

**RESERVATION OF RIGHTS**

255.    Defendant Berger specifically reserves the right to amend this Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become applicable or non-applicable upon completion of additional discovery.

**JURY DEMAND**

Defendant demands a trial by jury pursuant to Fed. R. Civ. P. 38.

14

**WHEREFORE**, Defendant Jeffrey Berger, having fully answered the allegations of Plaintiff's Amended Complaint, respectfully request that the Court dismiss the Complaint, with prejudice; enter judgment in Defendant's favor and against Plaintiff for attorney fees and costs; and to grant such other and further relief as the Court deems just and proper.

DATED this 31st day of March, 2023.

Respectfully submitted,

*s/ Kevin P. McCaffrey*
Kevin P. McCaffrey, Assistant City Attorney
Jodanna L. Haskins, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3315
Facsimile: (720) 913-3155
E-mail: kevin.mccaffrey@denvergov.org
E-mail: Jodanna.haskins@denvergov.org
*Attorneys for Defendant Jeffrey Berger*

# CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March 2023, the foregoing **DEFENDANT'S ANSWER TO AMENDED COMPLAINT** was filed with the Clerk of the Court via the CCE system which will send a notification of such filing to the following:

Adam R. Yoast
adam@baumgartnerlaw.com
*Counsel for Plaintiff*

Jason D. Melichar,
Kimberly L. Koehler
jason.melichar@wilsonelser.com
kimberly.koehler@wilsonelser.com
*Counsel for Universal Defendants*
*Attorneys for Plaintiff*

                                                        *s/ Bonnie Marsh*
                                                        Denver City Attorney's Office