IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-2214-NYW-SBP

BRIAN LOMA, an individual,

    Plaintiff;

v.

ALLIED UNIVERSAL SECURITY SERVICES,
FALIESHA LYNETT TRIMBLE, in their individual capacity,
ANGELIKA CHAPLINSKIY, in their individual capacity
OFFICER BURGER (#98049), in their individual capacity,

    Defendants.

---

**DEFENDANT JEFFERY BERGER'S MOTION
FOR SUMMARY JUDGMENT**

---

Defendant Jeffery Berger (s/h/a "Officer Burger"), by and through his attorneys and pursuant to Federal Rule of Civil Procedure 56, hereby moves for summary judgment on Plaintiff's claims against him as set forth in the Amended Complaint. (Doc #6). In support of the motion, Defendant states as follows:

<u>Certification of Conferral Pursuant to D.C.COLO.LCiv 7.1(a)</u>

Undersigned counsel conferred with Plaintiff's counsel regarding the relief sought herein. Plaintiff opposes this Motion.

1

## I. INTRODUCTION[1]

On November 17, 2020, Plaintiff was in the area of 19th Avenue and Emerson Street in the City and County of Denver filming a homeless encampment cleanup. At the time of the incident, Sergeant Jeffery Berger was a member of the Denver Police Department ("DPD") assigned to provide security for the cleanup. During the event, while holding a phone in his right hand, Plaintiff extended his right hand toward the chest of Sgt. Berger, coming within inches of his chest. To create distance between himself and Plaintiff, Sgt. Berger extended his right hand to push the phone backwards. The phone fell out of Plaintiff's hand, landed on the ground, and broke. As a result of the incident, Plaintiff alleges claims of First Amendment retaliation (Fourth Claim for Relief); Fourteenth Amendment deprivation of property for breaking the phone (Sixth Claim for Relief) and an excessive force claim resulting in the deprivation of property (Seventh Claim for Relief). For the reasons set forth herein, (1) Plaintiff's retaliation claim must be dismissed because the undisputed facts establish that Sgt. Berger's actions were not substantially motivated as a response to his constitutionally protected conduct; (2) Plaintiff's Fourteenth Amendment deprivation claim must be dismissed because there was an adequate post deprivation remedy in state law; and (3) Plaintiff's excessive force claim fails under the Fourth and/or Fourteenth Amendment.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. The Denver Department of Public Health and Environment ("DDPHE") declared an unlawful encampment located at 19th Avenue and Emerson Street in the City and County of

---

[1] Pursuant to the March 20, 2023 Order of the Honorable Nina Y. Wang (ECF #63) the claims against the City and County of Denver, Kristin M. Bronson, Melissa M. Drazen Smith, Marley Bordovsky, Cpl. Robert D. Smith, Det. Nicholas Z. Rocco-McKeel and Sgt. Jason Burton have been dismissed with prejudice. The only claims surviving the motion to dismiss are the three (3) claims against Sgt. Berger.

Denver a public health hazard, DDPHE requested Department of Transportation and Infrastructure ("DOTI") assist with a cleanup of the location and DPD officers provided protection for City employees while cleanup operations were conducted on November 17, 2020. Exhibit A, Declaration of Jeffery Berger, ¶ 5.

2. On November 17, 2020, Sergeant Jeffery Berger was assigned to provide security for the illegal encampment cleanup operation at 19th Avenue and Emerson Street. *Id.* at ¶ 6.

3. From past experiences Sgt. Berger was aware that it was common for demonstrators to attempt to prevent the cleanup operations by physically preventing the erection of fences and through direct confrontation with police. *Id.* at ¶ 7.

4. It was the responsibility of DPD to ensure there was sufficient separation from crews conducting the cleanup operation and protestors so the work could be completed in a safe and timely manner. *Id.* at ¶ 8.

5. At about 6:30 a.m. Plaintiff arrived at 19th Avenue and Emerson Street to live stream on YouTube the encampment cleanup operation. See Exhibit B, YouTube Video, <u>Lines in the Sand – They Broke My Phone While Refusing to Identify</u>, at 00:22.[2]

6. Plaintiff was filming with his phone set inside a gimbal. Exhibit C, Deposition of Brian Loma, p. 196; l. 2.

7. A gimbal is a hand-held device with a gyroscope attached to provide stability for the image captured by a phone. Ex. C, p. 196: l. 4-7.

8. After a few moments a police officer approaches Plaintiff and asks him to back up and not to interfere with the installation of the fence. Ex. A, at 1:26.

9. Plaintiff demands the officer's name and badge number. *Id.*, at 1:30.

---

[2] The cited numbers denote the minutes and seconds elapsed in the video exhibits.

10. When the officer declines to provide his name and badge number, Plaintiff again demands that the information be provided, calling the officer "Bitch." *Id.*, at 1:56.

11. Plaintiff continues to demand the officers name and badge number in an aggressive and belligerent tone. *Id.*, at 2:50.

12. The officer requests back-up. *Id.*

13. Other officers respond within a minute. *Id.* at 3:31.

14. They advise Plaintiff that he can continue to film so long as he does not interfere with the erection of the fence. *Id.*, at 3:32.

15. Upon request the officers provide their name and badge numbers. *Id.*, at 3:33.

16. Plaintiff was again advised that so long as he stayed outside the fence line he could film and yell at the officers. *Id.*, at 4:00.

17. Prior to November 17, 2020, Sgt. Berger did not know Brian Loma. Ex. A, ¶ 12;

18. Prior to November 17, 2020, Plaintiff did not recall any interaction with Sgt. Berger. Ex. C, p. 187.

21. Plaintiff approached Sgt. Berger and demanded his name and badge number. Ex. B, at 5:00.

22. Prior to approaching Sgt. Berger demanding his name and badge number, no officer said anything to Plaintiff indicating that he was not permitted to film. Ex. C, p. 195; l. 19-23.

23. Sgt. Berger initially declined to provide his name and badge number because he did not know who Plaintiff was. Ex. A, ¶ 17; Ex. B, at 5:02.

22. Plaintiff was standing three (3) feet from Sgt. Berger while demanding Sgt. Berger's name and badge number. Ex. A, ¶ 18; Ex. C., p. 197: l. 20-23.

23. In a hostile tone, Plaintiff continued to insist that Sgt. Berger "identify." Ex. B,

4

5:14.

24. Plaintiff began to extend his right hand towards Sgt. Berger's chest. Ex. A, ¶ 20; Ex. B, at 5:18; Ex. C., p. 197-198: 18-17.

25. Plaintiff extended his right hand to within inches of Sgt. Berger's chest. Ex. A, ¶ 21; Ex. B, at 5:19; Ex. C., p. 198: l. 14-17.

26. It was unnecessary for Mr. Loma to get that close to Sgt. Berger's chest to film his name. Ex. A, ¶ 23.

27. Sgt. Berger was concerned that Mr. Loma may attempt to strike him. Ex. A, ¶ 23.

28. When Mr. Loma extended his right hand within inches of Sgt. Berger's chest, Sgt. Berger reached up with his right hand and pushed Plaintiff's phone back. Ex. A, ¶ 25; Ex. B, at 5:21; Ex. C, p. 202: l. 1-5.

29. Sgt. Berger did not touch Plaintiff or any other part of his body. Ex. A, ¶ 26; Ex. C, p. 202: l. 6-10.

30. Plaintiff did not suffer any physical injury as a result of the incident. Ex. C, p. 202.

31. By reaching out, it was Sgt. Berger's intent to create distance between himself and Plaintiff. Ex. A, ¶ 28.

32. By reaching out, Sgt. Berger did not intend to stop Mr. Loma from filming the cleanup operation or his name. Ex. A, ¶¶ 29, 30.

33. Sgt. Berger's sole intent in reaching out was to create a safe distance between Mr. Loma and Sgt. Berger. Ex. A, ¶ 34.

34. The phone fell to the ground. Ex. A, ¶ 32.

35. It was not Sgt. Berger's intent to knock the phone out of Mr. Loma's hand. Ex. A, ¶ 33.

36. Mr. Loma was not arrested or seized in any way on November 17, 2020. Ex. A, ¶ 35.

37. Colorado law provides adequate post deprivation remedies, such as a cause of action in state court for in tort. *See*, *e.g.*, *City and County of Denver v. Desert Truck Sales, Inc.*, 837 P.2d 759 (Colo. 1992) (holding that replevin claim based on allegation that personal property was wrongfully detained by Denver police was a conversion-based tort claim).

38. Sovereign immunity is waived for public employees whose tortious conduct is willful and wanton. Colo. Rev. Stat. § 24-10-118 (2013).

### III. STANDARD OF REVIEW

"[S]ummary judgment is proper if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Patel v. Hall*, 849 F.3d 970, 978 (10th Cir. 2017) (quotations omitted); *see* Fed. R. Civ. P. 56(a). "The nonmoving party is entitled to all reasonable inferences from the record; but if the nonmovant bears the burden of persuasion on a claim at trial, summary judgment may be warranted if the movant points out a lack of evidence to support an essential element of that claim and the nonmovant cannot identify specific facts that would create a genuine issue." *Patel*, 849 F.3d at 978 (quotations omitted).

When qualified immunity is raised in a motion for summary judgment, the motion is treated differently than other summary judgment motions. *Farrell v. Montoya*, 878 F.3d 933, 937 (10th Cir. 2017). After the defense is asserted, "the plaintiff must meet the 'heavy two-part burden,' ... of showing that '(1) a reasonable jury could find facts supporting a violation of a constitutional right, [and] (2) [the constitutional right] was clearly established at the time of the defendant's conduct.'" *Id.* (internal citations omitted). In considering whether a plaintiff "has satisfied the

6

necessary two-pronged qualified immunity showing," a court typically accepts the facts as plaintiff alleges so long as the plaintiff's version finds support in the record. *A.M. v. Holmes*, 830 F.3d 1123, 1136 (10th Cir. 2016) (internal citations omitted).

# ARGUMENT

### IV.     Sgt. Berger is entitled to Qualified Immunity on Plaintiff's Retaliation Claim

*A. Qualified Immunity Elements*

When, as here, a defendant asserts qualified immunity, the plaintiff bears a heavy two-part burden to show: (1) each defendant's conduct violated a constitutional right; and (2) the law governing the conduct was clearly established at the time of the alleged violation. *White v. Pauly*, 137 S. Ct. 548, 551–52 (2017). For the reasons discussed below, Plaintiff cannot show that Sergeant Berger violated Plaintiff's clearly established rights. Accordingly, Sergeant Berger is entitled to qualified immunity, and the claims against him must be dismissed.

*B. Element not met: First Qualified Immunity Prong – Plaintiff fails to state a First Amendment retaliation claim.*

"[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for engaging in protected speech. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). To prevail on a First Amendment retaliation claim, a plaintiff must prove:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). With respect to causation, "a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.'" *Nieves v. Bartlett*, 139 S.Ct 1715, 1723 (2019);(quoting *Hartman v. Moore*, 547 U.S. 250, 259 (2006)). Accordingly, "[a] successful First Amendment

7

retaliation claim requires that the retaliatory animus be the 'but-for cause' of the adverse action, 'meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive.'" *Cousik v. City and County of Denver*, 2024 WL896756. *4 (D. Colo. March 1, 2024)(quoting *Nieves*, 139 S. Ct. at 1722). Plaintiff cannot substantiate the second and third element of a retaliation claim.

### i.     Plaintiff has failed to establish causation.

Here, Plaintiff was permitted to film his interactions with police. See *generally* Exhibit B. Plaintiff concedes that at no time prior to the phone falling from his hand did any officer say or do anything indicating he was not permitted to film. SUMF, ¶ 22.  Indeed, Plaintiff was continuously told that he could film so long as he did not interfere with the cleanup operation. *Id*., at ¶¶ 14, 16. It was only when Plaintiff extended his right arm to the chest of Sgt. Berger, that Sgt. Berger reacted. SUMF, ¶¶ 24-28. Sgt. Berger did not knock the phone out of Plaintiff's hand in retaliation for Plaintiff's filming. Rather, he reacted to push the phone Plaintiff was holding in his hand back because it had gotten too close. *Id.*, at ¶¶ 28, 31-33. Sgt. Berger did not knock the phone out of Plaintiff's hand because Plaintiff was filming. Plaintiff's exercise of his First Amendment rights was not the "but for" cause of the damage to the phone. Rather, Sgt. Berger reached over to push the phone back because Plaintiff was invading his personal space and inadvertently knocked the phone out of Plaintiff's hand causing it to fall to the ground.

### ii.    Plaintiff has failed to establish that Sgt. Berger was substantially motivated as a response to Plaintiff's protected activity.

Nor was Sgt. Berger substantially motivated by Plaintiff's filming. It was not Sgt. Berger's intent to knock the phone out of Plaintiff's hand, he was merely trying to create distance between the two. SUMF, at ¶¶ 31, 33, 35. Accordingly, there is no evidence that Sgt. Berger was motivated by Plaintiff's exercise of his First Amendment rights when he reacted to Plaintiff encroaching on

his personal space. *See Armenia v. Pryor*, 377 F. App'x 413, 416–17 (5th Cir. 2010) (affirming dismissal of plaintiff's retaliation claim when he failed to provide evidence that but for defendant's retaliatory motive he would not have been punished)

### C. Element not met: Second Qualified Immunity Prong – Sergeant Berger did not violate clearly established First Amendment law.

The defense of qualified immunity "protects a government official from personal liability liability and the burden of having to go to trial unless he violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Brammer–Hoelter v. Twin Peaks Charter Acad.,* 602 F.3d 1175, 1184 (10th Cir. 2010).

While it is clearly established that members of the public have a right to film police engaged in official duties, it is not clearly established that they can invade the officer's personal space to do so. The right to film police is subject to reasonable time, place and manner restrictions. *Irizarry v. Yehia*, 38 F.4th 1282, n 10 (citing *Glik v. Cunniffe,* 655 F.3d 78, 82, 84 (1st Cir.2011)). A member of the public cannot film the police if it interferes with police in the performance of their duties. *Id.* Plaintiff by extending his hand to within inches of Sgt. Berger's chest was interfering with a police officer in the performance of his duties. See, *Project Veritas Action Fund v. Rollins*, 982 F.3d 813, 836 (1st Cir. 2020)("[t]he government is under no obligation to permit a type of newsgathering that would interfere with police officers' ability to do their jobs."). At a minimum it was reasonable for Sgt. Berger to believe that Plaintiff's conduct was not protected by the First Amendment.

Even if Plaintiff had adduced record evidence of retaliation by Sgt. Berger's conduct in knocking the phone out of Plaintiff's hand, he cannot show that Sergeant Berger's conduct was in contravention of clearly established law. For the law to be clearly established, there ordinarily must be a Tenth Circuit or Supreme Court case on point, or the weight of authority from other

9

jurisdictions must point in one direction. *Pompeo v. Bd. of Regents*, 852 F.3d 973, 982 (10th Cir. 2017). In addition, while a plaintiff may not be required to locate a perfectly on-point case, the Supreme Court has nevertheless "repeatedly told courts . . . not to define clearly established law at a high level of generality." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam). The relevant question is "whether the violative nature of *particular* conduct is clearly established." *Id.* (emphasis in original). "With the right at issue so formulated, 'existing precedent must have placed the . . . constitutional question beyond debate.'" *Pompeo*, 852 F.3d at 982 (quoting *Mullenix*, 577 U.S. at 11); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). The key element essential to any clearly established determination is whether it would be "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)); *see also Thomas v Durastanti*, 607 F.3d 655, 669 (10th Cir. 2010).

Here, Sergeant Berger did violate clearly established law when he reacted to Plaintiff's extended arm that came within inches of his chest, while Sgt. Berger was trying to do his job providing safety and security for workers during a tense and chaotic situation. Plaintiff's conduct was perceived to be a threat. SUMF, ¶ 27. Under the circumstances it was reasonable for Sgt. Berger to believe that merely pushing Plaintiff's hand back to create a safe distance between them did not violate clearly established law. Thus, Sergeant Berger is entitled to qualified immunity under the doctrine's second prong and Plaintiff's Fourth Claim for Relief should be dismissed.

### V. Sergeant Berger is entitled to qualified immunity on the Plaintiff's Excessive Force claim.

***A. Qualified Immunity Elements***

*See* § IV.A, *supra*.

### B.     *Element not met: First Qualified Immunity Prong – Plaintiff fails to state an excessive force claim.*

Plaintiff alleges a claim of excessive force as a result of the phone being knocked out of his hand. Doc # 6, Seventh Claim for Relief. Plaintiff was not arrested or otherwise seized as a result of the incident on November 17, 2020. SUMF, ¶ 36. A Fourth Amendment excessive force requires a seizure. "A seizure requires the use of force *with intent to restrain*." *Torres v. Madrid*, 141 S.Ct. 989, 998 (2021) (italics in original). In determining whether a use of force was made with intent to restrain, "the appropriate inquiry is whether the challenged conduct *objectively* manifests an intent to restrain . . .." *Id.* (citing *Nieves* v. *Bartlett*, 139 S.Ct. 1715, 1724-25 (2019)). "[P]olice can be said to have seized an individual only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Michigan v. Chesternut*, 486 U.S. 567, 573 (1988) (quotation marks and citation omitted). Sgt. Berger's action in pushing Mr. Loma's hand, and nothing further, does not arise to the level of a seizure. Accordingly, an excessive force claim that arises outside of the context of an arrest, investigatory stop or other seizure is analyzed under the Due Process Clause of the Fourteenth Amendment. *See County of Sacramento v. Lewis*, 523 U.S. 833, 843–44 (1998).

#### i.     Use of Force – 14th Amendment

The Courts "examine three factors in determining whether force was excessive within the meaning of the Fourteenth Amendment: (1) the relationship between the amount of force used and the need presented; (2) the extent of the injury inflicted; and (3) the motives of the state actor." *Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1243 (10th Cir. 2003). Importantly, for there to be liability, the facts "must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power . . . [They] must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly

conscience shocking." *Livsey v. Salt Lake Cty,* 275 F.3d 952, 957–58 (10th Cir. 2001) (quotation omitted). The Tenth Circuit interprets this standard as requiring plaintiffs to show that officers consciously intended to harm them. *Huff v. Reeves*, 996 F.3d 1082, 1092 n.1 (10th Cir. 2021). Plaintiff's claim for excessive fails on all accounts.

The force used by Sgt. Berger was minimal and was designed solely to increase the space between Plaintiff and himself. SUMF, ¶¶ 28-33. Plaintiff did not suffer a physical injury as a result of Sgt. Berger's action. SUMF, ¶ 30. Indeed, Sgt. Berger did not even come into contact with any part of Plaintiff's body when he pushed the phone back causing it to drop to the ground. *Id.*, at ¶ 29. Sgt. Berger did not act with the intent to cause injury, he reacted to Plaintiff's conduct and only to increase the distance between the two. *Id.*, at 33. Moreover, Sgt. Berger's behavior in inadvertently knocking the phone to the ground was not "conscious shocking."

"The Tenth Circuit has found that to state a *prima facie* claim on the conscience shocking part of the test, the behavior must go beyond negligence, and that a plaintiff must 'demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking.'" *Weihbrecht v. Cty. of Lincoln, Cornell Corr. of Texas, Inc.*, 2008 WL 11400730, at *3 (D.N.M. Sept. 2, 2008) (quoting *Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir. 1995). "When the state actor has the opportunity 'to engage in actual deliberation, conduct that shows deliberate indifference to a person's life or security will shock the conscience.' But if there is no such opportunity, conduct will shock the conscience only if it is done with the intent to harm the injured party." *Mahdi v. Salt Lake Police Department*, 54 F.th 1232, 1236-7 (10th Cir. 2022)(citing *Perez v. Unified Gov't of Wyandotte Cnty.*, 432 F.3d 1163, 1166 (10th Cir. 2005)). Time to deliberate implies "the luxury . . . of having time to make unhurried judgments, upon the chance for repeated reflection, largely uncomplicated by the pulls of competing obligations." *Lewis,* 523 U.S. at 853.

12

Here, Sgt. Berger did not have "time to deliberate" when he pushed Plaintiff's phone to create distance. Accordingly, Plaintiff failed to establish that Sgt. Berger's actions were conscious shocking when he pushed the phone Plaintiff was holding in his hand.

"When an officer is in a high-pressure situation where time is of the essence, there must be evidence of a purpose to cause harm unrelated to the legitimate object of the arrest to satisfy the element of arbitrary conduct shocking to the conscience for a due process violation." *Ellis v. Ogden City,* 589 F.3d 1099, 1102 (10th Cir. 2009) (citing *Lewis,* 523 U.S. at 836). The Tenth Circuit has explained this standard requires plaintiffs to show that officers consciously intended to harm them. *Huff v. Reeves*, 996 F.3d 1082, 1092 n.1 (10th Cir. 2021). Plaintiff has failed to do so. There was clearly no intent to harm because Sgt. Berger never even touched Plaintiff. Accordingly, Plaintiff has failed to establish an 14th Amendment excessive force claim.

   ii.    Use of Force - Fourth Amendment

Even if there were a seizure, Plaintiff has failed to establish an excessive force claim under the Fourth Amendment. "Not every or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396 (1989)(internal quotation and cite omitted). The mere push of the phone Plaintiff was holding in his hand is not a violation of the Fourth Amendment. *See*, *French v. City of Cortez*, 361 F.Supp.3d 1011, 1039 (D. Colo. 2019)("Although Officer Eubanks' shoving of an innocent bystander who he was allegedly acting to protect may reflect his overzealousness and insensitivity, it does not amount to a violation of Glenn's Fourth Amendment rights.") "In order to recover on an excessive force claim, a plaintiff must show: (1) that the officers used greater force than would have been reasonably necessary to effect a lawful seizure; and (2) some actual injury caused by the unreasonable seizure that is not de minimis, be it physical or emotional." *Maresca v. Bernalillo*

13

*Cty.*, 804 F.3d 1301, 1315 (10th Cir. 2015) (citation omitted). "To determine the objective reasonableness of the use of force, [courts] must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *McCowan v. Morales*, 945 F.3d 1276, 1283 (10th Cir. 2019)(internal quotation marks and citations omitted).

"Factors relevant to this inquiry include: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight" (the "*Graham* factors"). *Est. of Redd by & through Redd v. Love*, 848 F.3d 899, 907 (10th Cir. 2017) (quoting *Graham*, 490 U.S. at 396, 109 S.Ct. 1865 (internal quotation marks omitted) (punctuation and numbering added to clarify the three factors). The second factor, whether there is an immediate threat to the safety of the officers or others, is the most important of the three factors. P*auly v. White*, 874 F.3d 1197, 1215–16 (10th Cir. 2017) (*vacated and remanded on other grounds* by *White v. Pauly*, 580 U.S. 73 (2017). Here, at the time Sgt. Berger moved to create distance by pushing the phone Plaintiff that was holding, he was concerned for his safety and the close proximity with Plaintiff. SUMF, ¶¶ 27, 31-35. Further, when Sgt. Berger engaged Plaintiff, Plaintiff was actively in the process of invading Sgt. Berger's personal space creating the reasonable impression that he was a threat to the safety of the officer. *Id.* Accordingly, knocking the phone from Plaintiff's hand was not excessive force under the Fourth or Fourteenth Amendment.

### C. *Element not met: Second Qualified Immunity Prong – Sergeant Berger did not violate clearly established law.*

Sgt. Berger is entitled to qualified immunity because no reasonable officer would know that pushing a Plaintiff's phone to create distance was conduct that would violate the Fourth and/or Fourteenth Amendment. Moreover, there is no clearly established right in the Tenth Circuit that

property damage without any evidence of a physical contact is cognizable as an excessive force claim under either the Fourth or Fourteenth Amendment. *Burgess v. West*, 817 F. Supp. 1520, 1529 (D. Kans. 1993) ("We know of no cases holding that excessive force against property rises to the level of a constitutional violation."); see also *Strong v. Perrone*, 2018 WL 324421, at *5 (W.D.N.Y. Jan. 8, 2018) (concluding that dogs are property for Fourth Amendment purposes, and therefore plaintiff could not bring an excessive force claim after a police officer shot his dog); *Powell v. Johnson*, 855 F. Supp. 2d 871, 874 (D. Minn. 2012) (concluding that, because the Fourth Amendment protects persons rather than property, plaintiff could not assert an excessive force claim arising from police shooting of dog); *Tounget v. City of Hemet*, 2009 WL 536835, at *1 n.1 (C.D. Cal. Feb. 24, 2009) ("To the extent Plaintiff is attempting state a claim for excessive force against his property based on damage from towing in February or March 2007, such a claim is not cognizable under the Fourth Amendment").

Moreover, it was not clearly established that the force used by Sgt. Berger in pushing the camera away could constitute excessive force under either the Fourth or Fourteenth Amendments. The law is clear that not every push or shove constitutes excessive force. *Graham*, 490 U.S. at 396. Under the circumstances, the mere push of the camera Plaintiff was holding in his hand was not excessive. Especially when the push did not cause any physical injury. SUMF, ¶ 30. *Finney v. Metzger*, 175 F. Supp. 2d 1296, 1305 (D. Kan. 2001) ("a reasonable officer would be entitled to believe excessive force was not applied and, therefore, is protected from liability under the qualified immunity doctrine"). Accordingly, Sgt. Berger is entitled to qualified immunity because it was not clearly established that pushing Plaintiff's phone without causing any physical injury constituted excessive force under the 4th or 14th Amendments.

### VI. Sergeant Berger is entitled to qualified immunity on the Fourteenth Amendment deprivation of property claim.

*A. Qualified Immunity Elements*

*See* § IV.A, *supra*.

*B. Element not met: First Qualified Immunity Prong – Plaintiff fails to state a Fourteenth Amendment deprivation of property claim.*

The Fourteenth Amendment prohibits state actors from depriving an individual of life, liberty or property without due process of law. U.S. Const. amend. XIV. To establish a due process claim against Sgt. Berger, Mr. Loma must establish that: (1) Sgt. Berger was operating under the color of state law; (2) his phone falls within the definition of property; and (3) the alleged loss amounted to a deprivation without due process of law. *See Parratt v. Taylor*, 451 U.S. 527, 536-39 (1981), *overruled on unrelated grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Unauthorized deprivations of property do not violate due process where adequate state post-deprivation remedies are available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Becker v. Kroll*, 494 F.3d 904, 921 (10th Cir. 2007) ("[W]here pre-deprivation remedies cannot anticipate and prevent a state actor's wrongful act, post-deprivation state tort remedies are adequate to satisfy due process requirements.").

Where, as here, Mr. Loma was not deprived of his phone pursuant to some established state procedure, and process could not be offered before the deprivation took place, the availability of post-deprivation remedies can satisfy the due process clause. *See Parratt*, 451 U.S. at 539 (discussing and collecting cases). In fact, the Supreme Court has held that a post-deprivation process is sufficient to satisfy due process in cases involving the tortious loss of property resulting from "a random and unauthorized act by a [government] employee." *Id.* at 541. Accordingly, property loss claims are not cognizable under § 1983 in federal court when a state's post-

16

deprivation remedies are adequate to protect a plaintiff's procedural due process rights. Where states provide an adequate remedy, that remedy itself constitutes the due process required by the Fourteenth Amendment. *Parratt,* 451 U.S. at 543–44; *McCormick v. City of Lawrence, Kansas,* 253 F.Supp.2d 1172, 1198–99 (D.Kan.2003)(citing *Hudson,* 468 U.S. at 530–33), *aff'd,* 99 Fed.Appx. 169 (10th Cir.2004); *see also Smith v. Colo. Dep't of Corr.,* 23 F.3d 339, 340 (10th Cir.1994)("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state post deprivation remedy exists for deprivations occasioned by state employees.").

Colorado law provides adequate post deprivation remedies for property damage, such as a cause of action in state court for an intentional tort. *See*, *e.g.*, *City and County of Denver v. Desert Truck Sales, Inc.,* 837 P.2d 759 (Colo. 1992) (holding that replevin claim based on allegation that personal property was wrongfully detained by Denver police was a conversion-based tort claim). Sovereign immunity for public employees whose tortious conduct was willful, and wanton is waived. Colo. Rev. Stat. § 24-10-118(2)(a). While Sgt. Berger's actions were lawful, Colorado law "provides a remedy to persons who believe that have suffered a tortious loss at the hands of a" peace officer and existed at the time of Mr. Loma's alleged loss. *Parratt*, 451 U.S. at 543. Thus, the Sgt. Berger is entitled to summary judgment on Plaintiff's Fourteenth Amendment due process claim (Sixth Claim for Relief).[3]

### C. Element not met: Second Qualified Immunity Prong – Sergeant Berger did not violate clearly established law on the deprivation of property claim.

Although due process generally requires that an individual be given "an opportunity for

---

[3] In addition to a tort claim, state law provides an additional post deprivation remedy pursuant to C.R.S. § 13-21-128 which provides for recovery for recording equipment unlawfully damaged by police. In denying the motion to dismiss, the Court found this remedy inadequate because the statute provided a claim against the employer not the individual officer who caused the injury. Doc #63, p. 41.

some kind of hearing prior to the deprivation of a significant property interest," *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 19 (1978) (internal quotations omitted), pre-deprivation due process is not required when a state is confronted with an emergency situation. *See Miller v. Campbell Cty.*, 945 F.2d 348, 353 (10th Cir. 1991) (citing *Hodel v. Virginia Surface Mining & Recl. Ass'n*, 452 U.S. 264, 299-300 (1981));*Hodel*, 452 U.S. at 300 ("Protection of the health and safety of the public is a paramount governmental interest which justifies summary administrative action."). In the instant matter, Sgt. Berger was confronted what he reasonably perceived was an emergency circumstance. An individual who was speaking to him in a belligerent tone was reaching for his chest in an already tense environment, when Sgt. Berger reacted to that circumstance and pushed the phone away inadvertently knocking it to the ground. At the time Sgt. Berger acted, it was not clearly established through any case law of which Defendant is aware that his conduct in knocking the phone to the ground was a due process violation. Accordingly, Sgt. Berger is entitled to summary judgment on Plaintiff's deprivation of property claim.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Jeffery Berger respectfully requests that all of Plaintiffs' claims against him be dismissed in their entirety, with prejudice.

Dated this 1st day of April 2024.

                Respectfully submitted,

                By: *s/ Kevin McCaffrey*
                    Kevin McCaffrey, Assistant City Attorney
                    Denver City Attorney's Office
                    Civil Litigation Section
                    201 West Colfax Ave., Dept. 1108
                    Denver, Colorado 80202
                    Telephone: (720) 913-3315
                    Facsimile: (720) 913-3155
                    E-mail: kevin.mccaffrey@denvergov.org
                    *Attorney for Defendant Jeffery Berger*

**CERTIFICATE OF SERVICE**

I certify that on this 1st day of April, 2024, I electronically filed the foregoing **DEFENDANT JEFFERY BERGER'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system which will send a true and accurate copy of the same to the following:

Birk Baumgartner, Esq.
BAUMGARTNER LAW, LLC
birk@baumgartnerlaw.com
*Attorney for Plaintiff*

Jason D. Melichar, Esq.
Kimberly L. Koehler, Esq.
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
jason.melichar@wilsonelser.com
kim.koehler@wilsonelser.com
*Attorneys for Defendants Universal Protection Service, LLC d/b/a Allied Universal Security Services, Faliesha Lynett Trimble, and Angelika Chaplinskiy*

*s/ Courtnee D. Lewis*
Denver City Attorney's Office