IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   21-cv-2214-NYW-SBP

BRIAN LOMA, an individual,

    Plaintiff,

v.

ALLIED UNIVERSAL SECURITY SERVICES, FALIESHA LYNETT TRIMBLE, in their individual capacity, AND ANGELIKA CHAPLINSKIY, in their individual capacity, and SERGEANT JEFFREY BERGER, in his individual capacity.

    Defendants.

---

**MOTION OF DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES, FALIESHA LYNETT TRIMBLE, AND ANGELIKA CHAPLINSKIY FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

---

Defendants, Allied Universal Security Services ("AUS"), Faliesha Lynett Trimble ("Trimble"), and Angelika Chaplinskiy ("Chaplinskiy") (collectively "Defendants" or "AUS Defendants"), by and through their counsel, pursuant to Fed. R. Civ. P. 56, move for summary judgment as to the single claim of malicious prosecution asserted against them.

**Certificate of Conferral Pursuant to D.C.COLO.LCivR 7.1(a)**

Undersigned counsel conferred with Plaintiff's counsel by email and telephone on March 22, 2024. It was unclear from these communications whether Plaintiff intends to oppose this motion. However, Defendant presumes this motion may be opposed based on the nature of the relief sought.

## I.    INTRODUCTION

Defendants are entitled to judgment as a matter of law as Plaintiff has no reasonable expectation of proving the essential elements of his claim of malicious prosecution (Count I) against the AUS Defendants. Amended Complaint ("Complaint"), ECF No. 6, at ¶¶ 88-91, 99-100.[1] Specifically, Plaintiff cannot and will not be able to offer any admissible evidence, expert or otherwise, at trial that would establish that (1) the AUS Defendants were acting under color of state law; or (2) the requisite elements to prevail on a malicious prosecution claim.

Accordingly, Defendants respectfully request that the Court grant their Motion for Summary Judgment and enter judgment as to Plaintiff's Complaint in favor of Defendants, and grant any additional relief that the Court deems fair and just.

## II.    BACKGROUND

Plaintiff brings a single claim of malicious prosecution against the AUS Defendants related to an interaction between them that occurred on or about February 15, 2019. Defendants admit that AUS employees Trimble and Chaplinskiy contacted police and reported that Plaintiff had spit in Trimble's face. However, the undisputed facts confirm the AUS Defendants were not acting under color of state law, and did not cause Plaintiff to be confined because he was lawfully issued a summons for assault, and was not arrested or seized. The undisputed facts further demonstrate the Denver Police

---

[1] Paragraphs 92-98 in the Complaint relate to allegations Plaintiff asserted against Corporal Robert S. Smith, who was subsequently dismissed from this action. *See* Memorandum Opinion and Order dated March 20, 2023, ECF No. 63, pp. 31-33.

Department had sufficient probable cause to issue Plaintiff a summons. In addition, Plaintiff has no evidence to support his claim that Trimble and Chaplinskiy's reports to police about Plaintiff's conduct were false, much less that any of the Defendants acted with the required malice. Accordingly, summary judgment in Defendants' favor is proper.

### III.  STATEMENT OF UNDISPUTED MATERIAL FACTS ("SOF")

1.  Plaintiff has sued the AUS Defendants for malicious prosecution under 42 U.S.C. § 1983. Complaint and Jury Demand, ECF No. 6, Count One, pp. 12-13 at ¶¶ 87-100.

2.  Trimble and Chaplinskiy are employees of AUS. Complaint, ECF No. 6, p. 4 at ¶¶ 17-18; Answer and Affirmative Defenses ("Answer"), ECF No. 25, p. 4 at ¶¶ 17-18.

3.  Trimble called the police and told Corporal Robert D. Smith ("Corporal Smith") upon arrival that Plaintiff had spit in her face twice. Complaint, ECF No. 6, p. 5 at ¶ 29; Answer, ECF No. 25, p. 6 at ¶ 29; Declaration of Corporal Robert D. Smith attached hereto as **Exhibit A**, ¶ 12.

4.  Corporal Smith also interviewed other witnesses on scene, including Chaplinskiy, who also stated Mr. Loma spit in Ms. Trimble's face. Complaint, ECF No. 6, p. 5 at ¶ 30; Answer, ECF No. 25, p. 6 at ¶ 30; **Ex. A**, ¶ 13.

5.  Trimble and Chaplinskiy deny that their reports to Denver Police regarding Plaintiff were false. Answer, ECF No. 25, p. 17 at ¶¶ 90, 91.

6.	Based on Corporal Smith's investigation into this incident, including his interviews of Trimble and Chaplinskiy, he did not believe they were being untruthful in their reports that Plaintiff split on Trimble. **Ex. A**, ¶ 22.

7.	Corporal Smith interviewed another witness, Bonnie Katauskas, who told him "spittal from [Plaintiff] may have landed on the victim's face because he was yelling and very close to her." **Ex. A**, ¶ 13.

8.	Corporal Smith interviewed Plaintiff, who admitted it was "possible that some of his spittal while talking may have made contact with the victim." **Ex. A**, ¶ 15.

9.	Corporal Smith spent approximately 40 minutes investigating the report that Plaintiff spit in Trimble's face. **Ex. A**, ¶ 17.

10.	Based on his investigation, education, training and expertise as a police officer, Corporal Smith determined there was sufficient probable cause to issue Plaintiff a summons to appear for a charge of assault for spitting on Ms. Trimble. **Ex. A**, ¶ 18.

11.	Plaintiff was in fact issued a citation or summons to appear in court related to this incident. Complaint, ECF No. 6, p. 13 at ¶ 98; Deposition of Plaintiff Brian Loma attached hereto as **Exhibit B**, 58:21-25; 119:9-12.

12.	Plaintiff was not arrested or incarcerated as a result of the incident. Complaint, ECF No. 6; **Ex. B**, 58:21-25; 119:9-20.

13.	As private security personnel, the AUS Defendants did not have the authority to issue Plaintiff a summons to appear in court for assault. **Ex. B**, 118:15-18.

14.	Corporal Smith did not encourage or instruct Trimble or Chaplinskiy to make a report alleging assault. **Ex. A**, ¶ 19.

4

15. Corporal Smith was acting solely pursuant to his authority as a sworn member of the Denver Police Department and his own discretion when he issued a summons to Plaintiff. **Ex. A**, ¶¶ 20, 21.

16. Plaintiff's summons was ultimately dismissed. Complaint, ECF No. 6, p. 7 at ¶ 45.

17. The parties were required to designate all affirmative experts pursuant to Fed. R. Civ. P. 26(a)(2) no later than November 1, 2023. Scheduling Order dated July 26, 2023, ECF No. 76, p. 11 at ¶ 9(d)(3).

18. The AUS Defendants served affirmative expert designations on November 1, 2023. *See* AUS' Defendants' Rule 26(a)(2) expert disclosures attached hereto as **Exhibit C**.

19. The AUS Defendants designated Dan Montgomery as a retained expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) to testify regarding accepted security and public safety practices. The AUS Defendants also designated Corporal Smith as a non-retained expert pursuant to Fed. R. Civ. P. 26(a)(2)(C). *See* **Ex. C**; reports authored by Mr. Montgomery attached as **Exhibits D** and **E**.

20. Mr. Montgomery opines he observed Trimble tell Plaintiff twice in Plaintiff's video of the incident that he was spitting on her. **Ex. E**, p. 2 at ¶ 4; pp. 5-6 at ¶ 12.[2]

---

[2] Plaintiff produced a video of the incident and events thereafter that is approximately 1 hour and 11 minutes long which was viewed by Defendants' expert. Defendants can tender this exhibit to the Court upon request, but is omitting it herein to avoid the submission of voluminous exhibits in accordance with D.C. COLO.L.CivR 56.1(c).

5

21. The parties were required to designate all rebuttal experts pursuant to Fed. R. Civ. P. 26(a)(2) no later than December 15, 2023. Scheduling Order dated July 26, 2023, ECF No. 76, p. 11 at ¶¶ 9(d)(4).

22. Plaintiff did not designate any affirmative or rebuttal experts or otherwise serve any expert designations pursuant to Fed. R. Civ. P. 26(a)(2).

23. Plaintiff did not serve any written discovery on the AUS Defendants, or take their depositions or the depositions of any other party in this action.

24. Discovery closed March 1, 2024. Scheduling Order dated July 26, 2023, ECF No. 76, p. 10 at ¶ 9(b).

## IV. ARGUMENT AND LEGAL AUTHORITY

### A. Standard for Summary Judgment

A court should grant summary judgment if the evidence demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party need only point to a "lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998); *see also Water Pik, Inc. v. Med-Sys., Inc.*, 726 F.3d 1136, 1143-44 (10th Cir. 2013). The burden then shifts to the nonmovant to set forth specific facts to establish there is a genuine issue for trial. *Schneider v. City of Grand Junction Police Dep't*, 717 F. 3d 760, 767 (10th Cir. 2013). Only facts that affect the disposition of the substantive claim are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In order to defeat a summary judgment motion, a plaintiff must come forward with evidence beyond the pleadings that creates a

6

factual dispute with regard to the issue on which judgment is sought. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Conclusory arguments are insufficient to create a fact issue. *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). Once the movant has submitted evidence in support of its motion, the burden shifts to the opposing party to tender competent evidence to show that summary judgment is not proper. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 514 U.S. 1004, 115 S. Ct. 1315, 131 L. Ed. 2d 196 (1995). "[C]onclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence." *Rice v. United States*, 166 F3d. 1088, 1092 (10th Cir.), *cert. denied*, 528 U.S. 933, 120 S. Ct. 334, 145 L. Ed. 2d 260 (1999).

The moving party bears the initial responsibility of demonstrating the absence of a genuine factual dispute. *Celotex Corp.*, 477 U.S. at 325. This initial burden of production "may be discharged by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id. See also* Fed. R. Civ. P. 56(c)(1)(B). Once the moving party meets its initial burden of production, the burden shifts to the nonmoving party to establish that there is a triable issue of fact. *Celotex*, 477 at 322. If the nonmoving party then "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then "there can be no genuine issue as to any material fact," and "[t]he moving party is entitled to judgment as a matter

7

of law." *Id.* at 322-23 (internal quotation marks omitted).

**B.     Defendants Are Entitled To Summary Judgment as There is No Evidence the AUS Defendants Were Acting Under Color of State Law.**

The AUS Defendants cannot be found liable as a matter of law, as they are private citizens, who neither arrested nor made the decision to charge and prosecute Plaintiff. A Section 1983 claim "requires a plaintiff to show both the existence of a federally-protected right and the deprivation of that right by a person acting under color of state law." *Wittner v. Banner Health*, 720 F.3d 770, 773 (10th Cir. 2013) (citing 42 U.S.C. § 1983 and *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982)). Where a plaintiff seeks to hold a private individual liable as a state actor for deprivation of his constitutional rights, the Tenth Circuit has applied various tests referring to them as the 'nexus test,' the 'public function test,' the 'joint action test,' and the 'symbiotic relationship test.'" *Wittner*, 720 F.3d at 773 (citations omitted). Under each test, "the conduct allegedly causing the deprivation of a federal right" must be "fairly attributable to the State." *Lugar*, 457 U.S. at 937. To demonstrate state action, a plaintiff must establish "that the alleged deprivation of constitutional rights was 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.'" *Gallagher v. "Neil Young Freedom Concert*," 49 F.3d 1442, 1447 (10th Cir. 1995) (quoting *Lugar*, 457 U.S. at 937).

Here, Plaintiff's Complaint is completely devoid of any such allegations. Plaintiff has not alleged, much less proffered any admissible evidence, that the AUS Defendants were acting under color of state law when they reported to Corporal Smith that Plaintiff

8

spit on Trimble. Indeed, Plaintiff has not proffered any evidence to support any of the four tests required to establish that the AUS Defendants – all private citizens – were acting as state actors in order to support a malicious prosecution claim. Further, the Tenth Circuit has observed that an act of reporting a crime to police does not constitute an act under color of law. *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir.1983) (holding that "[a] private individual or entity who reports a crime, provides information to the police, responds to questions by the police, and is a potential witness for the prosecution does not act under color of law.").

As indicated in Corporal Smith's sworn declaration, he was acting solely pursuant to his authority as a member of the Denver Police Department and under his own discretion when he issued a summons to Plaintiff. SOF 15. Corporal Smith further declared that he did not encourage or instruct Trimble or Chaplinskiy to make a report alleging assault. SOF 14. Moreover, Plaintiff admitted in his deposition that the AUS Defendants as security personnel did not have the authority to issue him a summons. SOF 13. As such, it is undisputed that the AUS Defendants were not acting under color of state law. Accordingly, Plaintiff's malicious claim fails as a matter of law.

C. **Defendants are Entitled to Summary Judgment as Plaintiff Cannot Establish the Requisite Elements of a Malicious Prosecution Claim Against the AUS Defendants.**

Fed. R. Civ. P. 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. To prevail on a Section 1983 claim of malicious prosecution,

9

Plaintiff must prove the following: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) there was no probable cause to support the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022); *see also Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007). The absence of any one of these elements defeats such a claim. Plaintiff has no reasonable expectation now or at trial of offering any admissible evidence, expert or otherwise, demonstrating the requisite elements of his claim.[3] Defendants are therefore entitled to summary judgment as a matter of law as to Plaintiff's single claim of malicious prosecution.

> **i.     Plaintiff admits he was not confined or seized as a result of the incident.**

The Tenth Circuit has repeatedly recognized, "At least prior to trial, the relevant constitutional underpinning for a claim of malicious prosecution under § 1983 must be the Fourth Amendment's right to be free from unreasonable seizures." *Becker v. Kroll*, 494 F.3d 904, 914 (10th Cir. 2007) (internal quotation marks omitted). The Tenth Circuit has made it clear that it will not, "expand Fourth Amendment liability to cases in which the plaintiff has not been arrested or incarcerated." *Fisher v. Koopman*, 693 Fed. Appx. 740

---

[3] The "favorable termination" element only requires a plaintiff to show that his criminal prosecution "ended without a conviction." *Thompson*, 142 S. Ct. at 1341. For purposes of this motion, the AUS Defendants are willing to concede Plaintiff's allegation that the original action terminated in favor of the Plaintiff because it was dismissed. SOF 16. However, Plaintiff's claim still fails as a matter of law because he cannot establish the other requisite elements to prevail on such a claim at trial.

(10th Cir. 2017) (internal citations and quotation marks omitted). Here, it is undisputed the Plaintiff was not arrested or incarcerated as a result of the incident. Plaintiff did not allege such in his Complaint, and testified under oath in his deposition to this fact. SOF 12. Rather, Plaintiff was issued a citation or summons to appear in court. SOF 10, 11, 12. Moreover, this Court has already ruled that, "the issuance of a criminal summons does not amount to a seizure under the Fourth Amendment" consistent with other Tenth Circuit law, and specifically that an issuance of such a summons to Plaintiff is insufficient to state such a claim. *See* Memorandum Opinion and Order dated March 20, 2023, ECF No. 63, pp. 31-33. As such, Plaintiff cannot prove the second requisite element of a malicious prosecution claim, and Defendants are entitled to summary judgment in their favor.

      **ii.**    **Plaintiff's claim of malicious prosecution fails because probable cause supported Corporal Smith's issuance of a summons.**

To prevail on a claim of malicious prosecution, a plaintiff must also show that no probable cause supported the original arrest, confinement, or prosecution. *See, e.g., Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008); *Fenn v. City of Truth or Consequences*, 983 F.3d 1143, 1149-50 (10th Cir. 2020); *Metzler v. City of Colo. Springs*, 841 F. App'x 94, 100 (10th Cir. 2021).

Plaintiff cannot establish that no probable cause supported the issuance of the summons in order to prevail on his claim. It is undisputed that Corporal Smith thoroughly investigated Trimble and Chaplinskiy's reports that Plaintiff spit on Trimble before issuing Plaintiff a summons, as he spent approximately forty minutes investigating these reports. SOF 9. Corporal Smith not only interviewed Plaintiff, Trimble, and Chaplinskiy, but he

11

interviewed other witnesses on the scene, including Plaintiff's friend Bonnie Katauskas and others. SOF 4, 7, 8. Ms. Katauskas reported to Corporal Smith that "spittal from [Plaintiff] may have landed on the victim's face because he was yelling and very close to her." SOF 7. During Corporal Smith's interview of Plaintiff, he even conceded that it was "possible" that some of his spittal may have contacted Trimble while he was speaking with her. SOF 8. Trimble and Chaplinskiy's reports that Plaintiff spit on Trimble are even supported by Plaintiff's own video of the incident, in which Trimble can be heard telling Plaintiff twice that he was spitting on her. SOF 20.

Plaintiff has not proffered any evidence to support that there was not probable cause to issue Plaintiff a summons for assault. Plaintiff did not conduct any written discovery in this action, or take any depositions and discovery has since closed. SOF 23, 24. Plaintiff did not designate any experts to opine on whether there was an absence of probable cause in order to support his claim. SOF 22. The only evidence before this Court is that Corporal Smith had sufficient probable cause to issue Plaintiff a summons as evidenced by his own sworn declaration, and the other evidence in this case. SOF 3, 4, 7, 8, 9, 10, 22, 23, 24. Federal law is clear that the existence of probable cause defeats a § 1983 malicious prosecution claim. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1726, 204 L. Ed. 2d 1 & n.2 (2019); *Fenn*, 983 F.3d 1150. Therefore, Plaintiff's claim necessary fails.

### iii. It is undisputed that there is no evidence the Defendants acted with the requisite malice in their reports to Corporal Smith.

To prevail on a malicious prosecution claim, Plaintiff must prove the Defendants acted with malice. *Thompson*, 142 S. Ct. at 1341. *See also Fletcher v. Burkhalter*, 605

F.3d 1091, 1095 (10th Cir. 2010) (noting that malicious prosecution claims require the plaintiff to show those bringing the malicious prosecution did so with "intentional or reckless disregard for the truth."); *Novitsky*, 491 F. 3d at 1258-59 (ruling evidence of misstatement in arrest report was insufficient evidence of malice when plaintiff failed to show misstatement was intentional rather than negligent or inadvertent). *See also Chavez-Torres v. City of Greeley*, 660 F. App'x 627, 629 (10th Cir. 2016) (noting the Tenth Circuit has held malice in this context requires evidence of intent, not "mere negligence."). Colorado state law is further instructive on this point, as it defines "malice" in malicious prosecution claims brought under state law as "any motive other than a desire to bring an offender to justice." *Suchey v. Stiles*, 394 P.2d 739, 741 (Colo. 1964).

Regarding the element of malice, Plaintiff has only made conclusory, unsupported allegations that the AUS Defendants were motivated by anything other than the desire to see Plaintiff brought to justice for his acts. But these conclusory allegations are insufficient at the summary judgment stage. Rather, evidence "must be based on more than mere speculation, conjecture, or surmise[, and u]nsubstantiated allegations carry no probative weight in summary judgment proceedings." *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (bracket omitted); *Chavez-Torres*, 660 F. App'x at 630 (quoting *Cardoso*).

In sum, Plaintiff cannot prove his burden to prove the falsity of the AUS Defendants' reports that Plaintiff assaulted Trimble. Statements that are true or substantially true cannot support a claim for malicious prosecution. *Novitsky*, *supra*. Plaintiff has failed to proffer any evidence that Trimble and Chaplinskiy's reports to police were untrue, or made intentionally or in reckless disregard for the truth, much less that they were made in a

malicious manner. There are no admissions from the AUS Defendants that their reports to police were false or that Defendants had any other motive to report that Plaintiff spit on Trimble other than to report a possible crime. Indeed, the AUS Defendants specifically denied in their Answer that their reports to police were false. SOF 5. Further, the investigating officer concluded that he was unaware of any information that would indicate Trimble or Chaplinskiy were being untruthful in their reports. SOF 6. Thus, Plaintiff has failed to set forth sufficient evidence of the fourth element of malice required to sustain a malicious prosecution claim. Accordingly, the AUS Defendants are entitled to summary judgment.

## V. CONCLUSION

Section 1983 claims do not reach actions of private individuals, and Plaintiff has failed to present any evidence to support that the AUS Defendants were acting under color of state law in order to support his claim of malicious prosecution. Further, it is undisputed that Plaintiff is unable to establish a lack of probable cause or the requisite malice in order to prevail on such a claim. For the reasons set forth above, Defendants respectfully request that the Court grant their Motion for Summary Judgment and enter summary judgment in their favor as to Plaintiff's Complaint.

DATED this 1st day of April 1, 2024.

Respectfully submitted,

*s/ Kimberly Koehler*
Jason D. Melichar, Esq.
Kimberly Koehler, Esq.
Wilson Elser Moskowitz Edelman
 & Dicker LLP
1225 17th Street, Suite 1700
Denver, CO 80202
(P)  303-572-5300
(F)  303-572-5301
jason.melichar@wilsonelser.com
kim.koehler@wilsonelser.com
*Attorneys for Defendants Allied Universal Security Services, Faliesha Lynett Trimble, and Angelika Chaplinskiy*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April, 2024, a true and correct copy of the foregoing **MOTION OF DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES, FALIESHA LYNETT TRIMBLE, AND ANGELIKA CHAPLINSKIY FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56** was filed with the Court via ECF and served on all parties of record via e-mail.

/s/ Kimberly Koehler
Kimberly Koehler, Esq.