## DECLARATION OF CORPORAL ROBERT D. SMITH

I, Robert D. Smith, being of lawful age and duly sworn, pursuant to 28 U.S. Code § 1746, state as follows:

1. My name is Robert D. Smith.

2. I am over the age of eighteen (18) years of age. I am fully competent to give this affidavit based on my personal knowledge, recollection of the matters stated herein, and my review of business records maintained by the Denver Police Department.

3. I am a Technician at the Denver Police Department ("DPD").

4. At the time of the incident relevant herein I was a corporal in the DPD.

5. I have been a member of the Denver Police Department since 2004.

6. I am familiar with reasonable and acceptable practices of law enforcement.

7. On February 15, 2019, at approximately 19:27 hours officers were called to the intersection of 16th Street and Lawrence Street by the fire department for a person who was being aggressive while they attempted to render aid to a down party.

8. When I arrived, fire and medical personnel were preparing to leave the scene.

9. I was approached by a security officer who works at the Tabor Center, Faliesha Trimble. She told me that she and two other security officers were called to check on a man slumped over against the side of the Tabor Center building. While they were attempting to determine if the man down needed medical assistance, they were approached by the defendant, Brian Loma (03/12/76).

10. According to the Ms. Trimble, she tried to stand between Loma and the man who was down receiving medical care to provide the man with some privacy.

11. Ms. Trimble advised that Loma "got right in her face" and then began following her around while using his phone to video her. She said she asked him several times to stop getting in her face.

12. Ms. Trimble said that Loma spit in her face twice. She described feeling the saliva hit and slide down her face.

13. I interviewed several other people who were present when this incident occurred. One of the witnesses, Angelika Chaplinskiy (06/07/00), who is also a security officer for the Tabor Center told me that she saw Loma spit in the victim's face. Bonnie Kutauskas (03/13/58) who arrived with Loma told me that Loma did not spit in the victim's face. Kutauskas told me that spittal from Loma may have landed on the victim's face because he was yelling and was very close to her. Loma told me that he was live streaming the entire incident and that he had video that would prove that he did not spit in the victim's face.

1

**EXHIBIT A**

14. Kutauskas showed me the video of the live stream. It did not include the interaction from the start between the victim and Loma. It did not show Loma spitting in the victim's face. It did show Loma following the victim very closely with the camera right in her face.

15. In speaking with Loma he told me that he was speaking close to the victim's face and he believed it was possible that some of his spittal while talking may have made contact with the victim.

16. All interactions were recorded on body worn video.

17. Based on the length of my body worn video, I spent approximately 40 minutes investigating the report that Loma spit in Trimble's face.

17. After completing my investigation, I concluded that there was probable cause that Loma had committed the crime of assault in violation of Section 38-93 of the Denver Municipal Code

18. Based on my investigation, education, training and expertise as a police officer, I determined there was sufficient probable cause to issue Loma a summons to appear in Denver Municipal Court for a charge of assault for spitting on Ms. Trimble.

19. I did not encourage or otherwise instruct the security officers on the scene to make a report alleging assault.

20. I was acting pursuant to my authority and responsibility as a sworn member of the Denver Police Department when I investigated and ultimately issued the summons to Loma.

21. I had discretion as a Corporal of the Denver Police Department in determining whether probable cause existed to issue Loma a summons.

22. Based on my investigation into this incident, including my interviews of Trimble and Chaplinskiy, I was not aware of any information that they were being untruthful in their reports that Loma spit on Trimble.

**EXHIBIT A**

I declare under penalty of perjury that the foregoing is true and correct.

DATED: February 28, 2024.

TECH. *[signature]*
Technician Robert D. Smith    C4073

**EXHIBIT A**