Dan Montgomery
Professional Police & Public Safety Consulting, LLC
1832 S. Lee Street, Unit C
Lakewood, Colorado 80232
303-888-7922
danmontgomery61@gmail.com

## Report of Observations and Opinions, October 31, 2023

### Case Information

*Loma vs. Allied Universal Security Services et al.*, United States District Court, District of Colorado, Case No. 1:21-cv-02214-NYW-SBP.

### Retention/Report/Curriculum Vitae

I was retained by the law firm of Wilson, Elser, Moskowitz, Edelman, and Dicker, LLP of Denver, Colorado. I was asked to evaluate this case, and from a security and public safety perspective, render my opinions as to the actions of the Allied Security Services employees who are named as defendants.

My evaluation in this case focuses on whether the defendants' actions were in concert with generally accepted security and public safety practices, and were consistent with how reasonable security officers would have performed given the same or similar circumstances.

This is my preliminary report. I recognize that further discovery will possibly occur in this case, and I reserve the right to review the additional discovery, and prepare the appropriate supplemental and/or rebuttal reports. I have attached to this report a current copy of my curriculum vitae which incorporates my fee schedule, and a listing of the cases in which I have provided sworn testimony over the past four years.

### Materials Received and Reviewed

1. Amended complaint, United States District Court, District of Colorado, Case No. 21-cv-02214, *Brian Loma Plaintiff v. Allied Universal Security*

1 | P a g e

**EXHIBIT D**

*Services, Faliesha Lynett Trimble*, *and Angelika Chaplinskiy, defendants*, October 7, 2021.

2. Allied Universal Security Services Incident Report, Report No. 19-020, February 15, 2019, 7:00 pm. This incident report was prepared by Security Professional Kevin Reisner and concerns the Allied incident occurring at the Tabor Center, 1200 17th Street, Denver, Colorado, 80202. Bates AUS0001-0002.

3. E-Mail from Melissa Drazen-Smith of the Denver City Attorney's Office to several individuals concerning "free speech on the mall." This document is dated March 4, 2019. Bates DENVER000299.

4. Area Restriction Order issued by the County Court, City and County of Denver, Colorado, ordering Plaintiff Brian Loma to comply with the Court's restriction to the geographic area of "the entire area, including the 16th Street Mall, between 15th Street and 17th Street from Court Place and Wynkoop," Case No. 19GS001583, March 18, 2019. Bates LOMA 0001.

5. Personal hardcopy report concerning Brian Benjamin Loma, prepared by the Denver Police Department, and concerning Mr. Loma's criminal history and personal descriptors. Bates DENVER 000199-208.

6. Denver Police Corporal Robert Smith's body-worn camera footage (44:20 in length), of on-scene interviews of Plaintiff Brian Loma, defendants Faliesha Trimble and Angelika Chaplinskiy, and others dated February 16, 2019[1], video record number, 2019-02-16 T02:37:522, Axon Body 2 x81240389.

## Preliminary Opinions

**The actions of Defendants Allied Universal Security Services, Security Officer Faliesha Trimble, and Angelika Chaplinskiy were in concert with generally accepted security practices, and consistent with what reasonable security officers would have done given the same or similar circumstances.**

---

[1] Although the video is dated February 16, 2019, it appears to be body camera footage from the date of the incident (February 15, 2019).

**EXHIBIT D**

1. From the evidence I have reviewed in this case thus far, it is clear that the security officers were concerned about a gentleman who appeared to be unconscious and leaning against a building. They were in the process of rendering aid to this gentleman, and calling for an ambulance when they were approached by Mr. Loma. Mr. Loma, who is known to frequent the mall area of downtown Denver, verbally advocating for the homeless, and verbally harassing police officers, was armed with a recording device, and reportedly approached Ms. Trimble yelling at her. He came face to face with Ms. Trimble, and reportedly spit in her face. Ms. Trimble then made contact with a Denver Police Officer and reported that she had been spit on. Denver Police Corporal Robert Smith conducted a full on-scene investigation, and with his body worn camera (BWC) activated, interviewed both of the defendants, the plaintiff, and several witnesses. These short field interviews were memorialized in the BWC referenced earlier in this report. As a result of the investigation conducted by Corporal Smith, Mr. Loma was issued a summons for misdemeanor assault, and released. He was not physically arrested, handcuffed, or incarcerated. Corporal Smith felt that he had sufficient probable cause to believe a crime had been committed. That fact is further supported by his investigation of the reported assault, including his on-site interviews of all involved parties and other witnesses. In that Corporal Smith was named as a defendant in the original complaint that Mr. Loma filed, and was ultimately exonerated after a motion to dismiss was granted, there is merit to the existence of probable cause.

2. Ms. Trimble and Ms. Chaplinskiy were doing their job under very difficult circumstances given the actions of Mr. Loma, and did the right thing when they called for an ambulance to help the unconscious gentleman they had discovered. They also did the right thing by contacting the Denver Police Department to investigate the reported assault on Ms. Trimble rather than try to take the situation into their own hands. Be it a police officer or a security officer, it is extremely difficult for them to do their job when they are being badgered and/or having their personal space invaded by outsiders who are trying to get close to film security officers and police officers performing their duty. I certainly respect and support these "outsiders" filming events they see, but in turn they need to respect and support the objectives of security personnel and police officers, and be willing to keep a distance rather than physically interfering and creating theatre.

**EXHIBIT D**

3. Mr. Loma has alleged in his complaint that Ms. Trimble and Ms. Chaplinskiy lied when they reported him to have spit in Ms. Trimble's face (See Pages 12 and 13 of the amended complaint). From my perspective, the allegation that Ms. Trimble and Ms. Chaplinskiy lied with regard to the reported spitting incident is a factual dispute to be resolved by the jury. It is not my job to render opinions as to credibility in this case. Furthermore, assuming that Mr. Loma was in fact recording the incident, it would appear that he refused to share this evidence with Corporal Smith and has not produced that evidence in this case. Corporal Smith is heard on the body camera footage asking Mr. Loma to show him the video recording of the incident, and Mr. Loma refuses. Corporal Smith can also be heard on the body camera footage saying that the video that Corporal Smith did view on another person's phone did not seem to start from the beginning of the incident. After watching the video, Corporal Smith still decided to issue Mr. Loma a summons.

As stated above, based on currently available information the actions of the Allied Defendants were consistent with generally accepted security officer practices in the industry.

4. As already stated, it is my understanding that this civil case against the City and County of Denver, and the employees of the City and County, was <u>dismissed</u> by the presiding judge, as the result of a motion to dismiss, and the only defendants left in this case related to the February 15, 2019 incident are Ms. Trimble, Ms. Chaplinskiy, and Allied Universal Security Services.

5. I stated earlier in my report that it is possible more discovery will be forthcoming, and for that reason, I reserve the right to file supplemental reports and/or rebuttal reports. There is still a great deal of information I would like to review in this case, and would submit that the information I yet need to review includes the following:

- Deposition of Mr. Loma.
- Mr. Loma's video recording(s) of his interaction with Ms. Trimble.
- Deposition of Ms. Trimble.
- Deposition of Ms. Chaplinskiy.
- Deposition of the Denver Police Corporal Robert Smith.
- Deposition of a 30(b)(6) witness for Allied Universal Security Services.

4 | P a g e

**EXHIBIT D**

- The contract for services provided by Allied Universal Security Services.
- Training records for Mr. Trimble and Ms. Chaplinskiy.
- Allied job description and standards for employed "security professionals."

### Summary of Professional Qualifications

I have been in the business of policing and security for 61 years. I was a police officer for 47 years, the last 25 of which were served as the Chief of Police for the Westminster, Colorado Police Department, and then a one-year stint in 2010 as the interim chief of police in Lochbuie, Colorado. I am a past President of the Colorado Association of Chiefs of Police and past President of the Denver Metropolitan Association of Chiefs of Police. Since my retirement from active policing in 2007, I have been the owner and chief executive officer of Professional Police and Public1Safety Consulting, LLC, located now in Lakewood, Colorado. As a court-qualified expert in police, security, and public safety practices, I have been retained in 403 cases covering 26 different states from 1985 to the present, and have testified approximately 160 times over the years in the United States District Courts, state, and county courts, and before a variety of personnel boards and administrative law judges.

Educationally, I have an A.S. Degree in Law Enforcement from West Valley Community College in Campbell, California (1971); a B.S. Degree in Law Enforcement from Metropolitan State College in Denver, Colorado (1978); and an M.S. Degree in Criminal Justice Administration from the University of Colorado at Denver, (1982).

Additional information concerning my background is included in my attached CV.

Respectfully Submitted,

*Dan Montgomery*

Dan Montgomery, Professional Police & Public Safety Consulting, LLC

5 | P a g e

**EXHIBIT D**