IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 21-cv-2214-NYW-SBP

**BRIAN LOMA**, an individual,

    Plaintiff

v.

**ALLIED UNIVERSAL SECURITY SERVICES**,
**FALIESHA LYNETT TRIMBLE**, in their individual capacity,
**ANGELIKA CHAPLINSKIY**, in their individual capacity,
**OFFICER BERGER (#98049),** in their individual capacity

    Defendants.

## MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

### CERTIFICATE OF CONFERRAL

Undersigned counsel certifies that they have conferred with counsel for AUS Defendants who stated they are <u>Opposed</u> to the relief requested herein.

**COMES NOW,** Plaintiff, Brian Loma, by and through undersigned counsel, to respectfully submit this Opposed Motion for Leave to File a Second Amended Complaint, and as grounds states as follows:

### BACKGROUND AND PROCEDURAL POSTURE

1. Plaintiff filed his Complaint and Jury Demand on August 13, 2021 [ECF 1].

2. Plaintiff filed his Amended Complaint and Jury Demand on October 7, 2021 [ECF 6].

3. On July 26, 2023, after the Court's Order on Motion for Summary Judgement the Court entered its Scheduling Order [ECF 76], attached here as **Exhibit 1**.

4. On April 1, 2024, Defendant Berger filed his Motion for Summary Judgement [ECF 80].

5. On April 1, 2024, Defendants Allied Universal, Trimble, and Chaplinsky (hereinafter "AUS defendants") filed their Motion for Summary Judgment [ECF 81].

6. In AUS defendant's Motion for Summary Judgment [ECF 81], defendants fundamentally misapprehend the basis for the malicious prosecution claim against them as a 42 U.S.C. §1983 claim, which it is not, as will be shown below. In AUS defendants' MSJ, they state in the Introduction: "…Plaintiff cannot and will not be able to offer any admissible evidence, expert or otherwise, at trial that would establish **(1) the AUS Defendants were acting under color of state law**; or (2) the requisite elements to prevail on a malicious prosecution claim." MSJ at 2.

7. Unfortunately, the Complaint does "lump" the AUS Defendants in with a police officer under the cause of action for malicious prosecution, and unfortunately, this is subsumed under a larger section labeled "**CLAIMS UNDER FEDERAL LAW, 42 U.S.C. §1983.**" However, nowhere in that pleading does it state that the AUS defendants were acting under color of state law, or that the cause of action for malicious prosecution pursuant to 42 U.S.C. §1983 is meant to apply to the AUS defendants. See Plaintiff's FAC at 12-13.

8. This inartful pleading has caused Defendants to perceive a 42 U.S.C. §1983 claim against AUS Defendants.

9. However, of utmost importance, all counsel discussed this exact issue prior to submitting the Proposed Scheduling Order in July of 2023. See **Exhibit 2, emails between counsel**, and this issue was memorialized in the Scheduling Order itself [ECF 76] in the "Statement of Claims and

Defenses" portion of the Scheduling Order, on page 4. See **Exhibit 1**. In the Order, Plaintiff states, "The only claim against the Allied Universal Security Defendants (Allied Universal Security Services, and their two employees, Faliesha Lynett Trimble, and Angelika Chaplinskiy) is for malicious prosecution, **a Colorado tort**." *Id.*(emphasis added).

10.     Plaintiff's Amended Complaint's inartful pleading error in the causes of action section has clearly created confusion. However, all counsel were aware that the cause of action against AUS defendants is a state law tort, not a claim pursuant to the United States Constitution and 42 U.S.C. §1983, as memorialized by the Scheduling Order [ECF 76].

11.     Again, Plaintiff *does not seek to change any of the factual pleadings*. Plaintiff seeks only to amend in order to clarify that the malicious prosecution claim against AUS Defendants is pursuant to Colorado common law malicious prosecution. This is the understanding reached by the parties prior to the Scheduling Conference, and reflected in the Scheduling Order [ECF 76], but which is not reflected in AUS Defendants MSJ arguments.

12.     Without this Amendment, it appears that the parties are briefing an issue not present in the case, namely AUS Defendant's liability under 42 U.S.C. §1983, as opposed to the Colorado tort of malicious prosecution.

13.     Plaintiff believes that the only way to clarify the issue is to Amend the Complaint to include a specifically stated Colorado tort cause of action for malicious prosecution.

14.     Plaintiff seeks no unfair advantage by amending the Complaint and only wishes to focus briefings and future litigation on the *correct* cause of action against AUS Defendants before the Court, as reflected in the Scheduling Order.

15. The Second Amended Complaint is attached hereto as **Exhibit 3** (redlined) and **Exhibit 4** (clean).

## LAW AND ANALYSIS

16. Fed.R.Civ.P 15(a)(2) states, in pertinent part, that the Court should freely grant leave to amend pleadings when justice so requires. In the interest of justice, the trend of court decisions is for a liberal construction of the rules authorizing the amendment of pleadings.  C.I.R. v. Finley, 265 F.2d 885, 888 (10th Cir. 1959).

17. The rules of civil procedure reject the approach that pleadings are a game of skill, in which technical missteps by counsel may be decisive to outcomes. Federal courts adhere to the principle that the purpose of pleadings is to facilitate proper decision on merits.  *U.S. v. Hougham*, 364 U.S. 310, 317 (1960).

18. The United States Supreme Court has held that a federal district court abused its discretion in denying a motion to amend a complaint to assert a right of recovery in quantum meruit *after dismissal of complain*t, where amendment would have done no more than state an alternative theory for recovery.  *Foman v. Davis* , 371 U.S. 178 (1962).

19. An "amended pleading" is one which *clarifies* or amplifies a cause of action which can be identified with certainty as the same cause of action originally pleaded or attempted to be pleaded, and it is a perfection of an original pleading rather than the establishment of a new cause of action. *Superior Mfg. Corp. v. Hessler Mfg. Co*., 267 F.2d 302, 304 (1959).

20. In this case, it is clear that AUS Defendants have submitted a Motion for Summary Judgment based on the mistake that Plaintiff brings a cause of action under 42 U.S.C. §1983, and not the Colorado common law tort of malicious prosecution as stated in the Scheduling Order.

4

21. Plaintiff does not seek advantage by this confusion and urges the Court not to give unfair advantage to Plaintiff or Defendants, but rather to focus the pleadings on the actual dispute so that the claims may be litigated on its merits.

22. Should the Court determine that the issue has been properly focused, and that there is no need to Amend the Complaint, Plaintiff requests, in the alternative that one or both parties be granted leave to file new briefs on that basis.

23. Plaintiff believes that a short status conference may be helpful to the Court and the parties.

**WHEREFORE**, For the reasons stated above, Plaintiff respectfully requests that this Court grant him leave to file a Second Amended Complaint. In the alternative, if this Court does not grant leave to file a Second Amended Complaint, Plaintiff respectfully requests fourteen (14) additional days to respond to Defendants' Motions for Summary Judgment.

Dated this 29th day of April, 2024.

Respectfully submitted,
BAUMGARTNER LAW, L.L.C.


 *s/ S. Birk Baumgartner*
S. Birk Baumgartner
730 17th Street, Suite 340
Denver, CO 80202
Phone: (303) 529-3476
Fax: (720) 634-1018
birk@baumgartnerlaw.com

*Attorney for Plaintiff*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of April, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jodanna L. Haskins
Kevin McCaffery
City and County of Denver
City Attorney's Office
*Attorneys for Denver Defendants*

Jason D. Melichar
Kimberly L. Koehler
Wilson Elser Moskowitz Edelman & Dicker LLP
*Attorneys for AUS Defendants*

                                       *s/ S. Birk Baumgartner*
                                       S. Birk Baumgartner