Case No. 21-cv-02214-NYW-SBP Document 87 Filed 07/26/04 USDC Colorado pg 1 of 14
Case No. 21-cv-02214-NYW-SBP Document 76 Filed 07/26/04 USDC Colorado pg 1 of 14
pg 1 of 14

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No.: 21-cv-2214-NYW-SBP

**BRIAN LOMA**, an individual,

    Plaintiff

v.

**ALLIED UNIVERSAL SECURITY SERVICES,
FALIESHA LYNETT TRIMBLE, in their individual capacity,
ANGELIKA CHAPLINSKIY, in their individual capacity, and
OFFICER BURGER (#98049), in their individual capacity**

    Defendants.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF
### COUNSEL AND PRO SE PARTIES

A Scheduling Conference was held on July 26, 2013, at 1:30p.m. before Magistrate Judge

Susan Prose.

    Plaintiff, Brian Loma, was represented by:
    S. Birk Baumgartner, Esq.
    Baumgartner Law, LLC
    300 E. Hampden Ave, Ste. 401
    Englewood, CO  80113
    Phone: (720) 626-9418
    Fax: (720) 634-1018
    birk@baumgartnerlaw.com

    Defendant  Sgt. Jeffrey Berger  is represented by:
    Kevin McCaffrey

1

Case No. 1:21-cv-02214-NYW-SBP Document 76 Filed 07/26/24 USDC Colorado pg 2 of 14
Case No. 1:21-cv-02214-NYW-SBP Document 87 Filed 10/16/24 USDC Colorado pg 2 of 14
pg 2 of 14

Assistant City Attorney
Denver City Attorney's Office
Litigation Section
201 W. Colfax Ave., Dept. 1108
Denver, Colorado 80202-5332
Phone: (720) 913-3304
Fax: (720) 913-3190
kevin.mccaffrey@denvergov.org

Defendants Universal Protection Service, LLC d/b/a Allied Universal Security Services, Faliesha Lynett Trimble, and Angelika Chaplinskiy were represented by:
Jason D. Melichar
Kimberly L. Koehler
Wilson Elser Moskowitz Edelman & Dicker LLP
1225 17th Street, Suite 1700
Denver, CO 80202
Phone: (303) 572-5300
Fax: (303) 572-5301
jason.melichar@wilsonelser.com
kim.koehler@wilsonelser.com

## 2. STATEMENT OF JURISDICTION

This action is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S. C. § 1331, § 1343(a)(3) and (4).

## 3. STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff:**

Plaintiff's lawsuit alleges the following claims against Defendants: (1) unlawful arrest/seizure. Specifically, Plaintiff is alleging that Defendants unlawfully arrested Plaintiff in violation of his Constitutional rights when he was acting under the color of law at the time.

This Complaint stems from the wrongful summons of Plaintiff, Brian Loma, by Denver

2

police officers on February 15, 2019. Mr. Loma was observing building security harassing an unhoused person who was sleeping on a bench attached to the Tabor Center Building. Mr. Loma, as a member for the Free Press, who runs the YouTube channel "CutThePlastic" began to film and LiveStream the interactions with the unhoused person and the security team. As Mr. Loma continued to film Ms. Trimble and the security team, Ms. Trimble positioned herself in front of Mr. Loma's camera phone and began to physically push him backwards so that he could not film the interaction. Ms. Trimble called the police and told Corporal Robert D. Smith upon arrival that Mr. Loma had spit in her face twice. Corporal Smith interviewed a witness, Bonnie Kutaukas, who told Corporal Smith that Mr. Loma did not spit in anyone's face, and in fact, that Ms. Trimble had physically assaulted Mr. Loma and that Mr. Loma did not retaliate. Ms. Kutaukas also showed Corporal Smith the recording of what happened which did not show Mr. Loma spitting in anyone's face. She also stated that Ms. Trimble never mentioned or said anything about being spit on until Denver Police arrived on scene. Corporal Smith, after watching a video recording of the incident, told Ms. Kutaukas that he did not see any interaction between Mr. Loma and Ms. Trimble. Corporal Smith failed to report that Ms. Trimble physically assaulted Mr. Loma in his police report; failed to report that Ms. Trimble was the one following Mr. Loma; failed to report that he watched a video of the incident and did not see any interactions between Mr. Loma and Ms. Trimble; and falsely reported that the video did not start from the beginning of the incident. Officer John D. Singapuri noted in his report that Eric Brandt also their filming. Corporal Smith gave Mr. Loma a summons to appear in Denver Municipal Court for a charge of Assault for spitting on Ms. Trimble. Office Smith, despite

3

having evidence that Mr. Loma did not assault anyone, stated he was just going to give Mr. Loma a ticket and let them argue it out in court. On March 4, 2019, City Attorney, Melissa M. Drazen Smith, sent an email to property owner and members of the Denver Initiative specifically naming Mr. Loma stating he was stepping on the line of free speech and told those in the email that the City Attorney's Office would, despite not being able to convict Mr. Loma, seek to place Area Restrictions on him so that he could not continue his constitutionally protected right to protest. This email from the City Attorney named Mr. Loma and Eric Brandt specifically. Prior to being convicted of the Assault charge, Mr. Loma was given an Area Restriction keeping him away from the 16th Street Mall area. Mr. Loma's Assault charge was dismissed several months later by the City Attorney on August 18, 2019.

Denver Defendants filed a Motion to Dismiss which was granted in part and denied in part. Only Officer Berger remains among the Denver Defendants. The claims remaining against Officer Berger are as follows:

1. Count Four: Retaliation in Violation of the First Amendment.
2. Count Six: Deprivation of Property in Violation of the Fourth Amendment.
3. Count Seven: Excessive Force in Violation of the Fourth Amendment.

The only claim against the Allied Universal Security Defendants (Allied Universal Security Services, and their two employees, Faliesha Lynett Trimble, and Angelika Chaplinskiy**)** is for malicious prosecution, a Colorado tort. Plaintiff will seek to Amend the Complaint to account for the remaining claims and to clarify the basis for the Colorado tort claims agains Allied Universal Security Defendants. The Allied Universal Defendants object to any

4

Case No. 1:21-cv-02214-NYW-SBP Document 87 filed 07/16/24 USDC Colorado pg 5 of 14
Case No. 1:21-cv-02214-NYW-SBP Document 76 filed 04/03/24 USDC Colorado pg 5 of 14
pg 5 of 14

proposed amendment of the Complaint to include additional claims or allegations against the Allied Universal Defendants. Plaintiff has also failed to raise this issue with counsel and properly confer on such a motion, which may necessary affect the scope of discovery necessary in this matter as this proposed Scheduling Order is based upon the claims in the Complaint as of its filing. Such claims may also be time barred. To the extent Plaintiff seeks to simply clarify the allegations and the single claim already pending against the Allied Universal Defendants, these Defendants will consider whether they have any objection to the same upon receipt of any proposed amended Complaint from Plaintiff.

**Defendant Jeffery Berger:**

Defendant Berger denies that he acted in violation of any law or constitutional obligation with respect to Plaintiff and denies that Plaintiff is entitled to any damages against him. Defendant filed his Answer to Plaintiff's Amended Complaint on March 31, 2023 [Doc. No. 65] and incorporates all denials and defenses asserted therein.

**Allied Universal Security Services Defendants:**

**Defendants Universal Protection Service, LLC d/b/a Allied Universal Security Services, Faliesha Lynett Trimble, and Angelika Chaplinskiy (the "AUS Defendants"):** Plaintiff brings a single claim of malicious prosecution against the AUS Defendants related to an interaction between Plaintiff and the AUS Defendants that occurred on or about February 15, 2019. AUS Defendants deny that Ms. Trimble told Mr. Loma he could not film them during this interaction. AUS Defendants further deny that

5

Ms. Trimble made any physical contact with Mr. Loma, but do admit that they contacted police and reported that Mr. Loma had spit in her face twice. AUS Defendants further incorporate the denials and affirmative defenses set forth in their Answer. AUS Defendants anticipate that liability, causation, and damages will be disputed issues at trial.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

### 5. COMPUTATION OF DAMAGES

**Plaintiff: $200,000.**

Plaintiff's exact damages are still being calculated and cannot be accurately computed at this stage in the litigation. Plaintiff's phone was destroyed, which was valued at approximately $300. Plaintiff lost income from the loss of use of his phone estimated to be $500. However, Plaintiff is requesting compensation for all economic and non-economic damages, attorneys' fees, and punitive damages. Plaintiff's primary damages are the deprivation of his Constitutional Rights, which cannot be precisely calculated in any systematic way, and are solely calculabe by a jury. Plaintiff maintains a good faith belief, based upon investigation and public research, that Plaintiff's damages, including without limitation, economic damages, and embarrassment, a jury would award damages to Plaintiff in the amount of $100,000. Plaintiff reserves the ability to modify this amount if and when an expert is utilized. Plaintiff maintains a good faith belief, based upon investigation, public research and shifting social attitudes that view police in an

increasingly pejorative manner, a jury would award a punitive sanction of at least $100,000.

**Defendants**: Defendants assert no claims for damages but reserve the right to move for attorney fees and/or costs including amounts recoverable pursuant to C.R.S., § 13-17-101 *et seq*.

### 6. REPORT OF PRE-CONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting:**
June 14, 2023.

b. **Names of each participant and party he/she represented:**
Plaintiff, represented by Birk Baumgartner, Esq..
Defendant Jeffery Berger represented by Kevin McCaffrey.
Defendants Universal Protection Service, LLC d/b/a Allied Universal Security Services, Faliesha Lynett Trimble, and Angelika Chaplinskiy represented by Jason D. Melichar and Kimberly L. Koehler.

c. **Statement as to when Rule 26(a)(1) Disclosures were made or will be made:**
Due to Plaintiff Counsel being on vacation, to the extent that they have not already been provided, the parties' Rule 26(a)(1) disclosures will be made on July 30, 2023.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):**
The parties have extended the due date for Rule 26(a)(1) disclosures to accommodate counsels' schedules.

e. **Statement concerning any agreements to conduct informal discovery:**

7

None.

**f.     Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

Documents produced by any party shall be bates labeled. Redactions to any document shall be made in black or by inserting some explanatory explanation in brackets (i.e.: [Redacted]). A privilege log which complies with the requirements of Fed. R. Civ. P. 26(b)(5) shall be provided for any document that is redacted.

**g.     Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do anticipate that these claims will involve some electronically stored information and that disclosure or discovery will involve information or records maintained in electronic form. The parties agree that ESI may initially be produced in PDF rather than native format. The parties agree that where the document or information produced does not indicate information that may be important (such as the date, location and specific terminal on which the document was created or modified, the sender and all recipients, and other metadata), the parties should discuss whether and how such information may be produced. The parties agree to work cooperatively to avoid discovery disputes related to electronically stored information and, in the event a dispute arises, the parties will attempt to apply the Sedona Principles, 2nd Ed. to resolve such dispute(s).

8

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

> During the initial Rule 26(f) conference, the parties discussed the possibilities for an early resolution. At the time, the parties agreed that some preliminary discovery will be needed before they can adequately assess the possibility of settlement. There has been no further discussion since regarding settlement.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

> The parties agree that they will follow the Order Regarding Discovery [docket no. 46] issued by the Court on January 25, 2022 which sets forth the parties' discovery limitations. <span style="color:red">The Order Regarding Discovery (ECF No. 46) is incorporated herein by reference.</span>

b. **Limitations which any party proposes on the length of depositions.**

> Deposition of any party is limited to the presumptive limit of seven (7) hours per deposition. All remaining depositions are limited to four (4) hours.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

> The parties agree that they will follow the Order Regarding Discovery [docket no. 46] issued by the Court on January 25, 2022 which sets forth the parties' discovery

9

limitations. The Order Regarding Discovery (ECF No. 46) is incorporated herein by reference.

d.  **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions.**

January 15, 2024

e.  **Other Planning or Discovery Orders:**

None.

### 9. CASE PLAN AND SCHEDULE

a.  **Deadline for Joinder of Parties and Amendment of Pleadings:**

September 1, 2023.

b.  **Discovery cut-off:**

March 1, 2024.

c.  **Dispositive motion deadline/Deadline for filing motions pursuant to Fed. R. Evid. 702:**

April 1, 2024

d.  **Expert witness disclosure:**

1. Anticipated fields of expert testimony:
   i. **Plaintiff:** Plaintiff anticipates calling expert witnesses in the field of police arrest procedure.

   ii. **Defendants:** Defendant Jeffery Berger anticipates calling experts in the following areas: police practices. AUS Defendants anticipate calling any expert witnesses necessary to rebut Plaintiff.

10

2. Limitations which the parties propose on the use or number of expert witnesses: Two (2) retained experts per party group (excluding rebuttal experts). No more than one (1) expert per field of expertise. The number of expert witnesses may be increased for good cause shown.

3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 1, 2023.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 15, 2024.

e. **Identification of persons to be deposed:**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Brian Loma | TBA | TBA | 7 hours |
| Jeffrey Berger | TBA | TBA | 7 hours |
| 30(b)(6) of Allied Universal Security Services | TBA | TBA | 7 hours |
| Angelika Chaplinsky | TBA | TBA | 7 hours |
| Faliesha Lynett Trimble | TBA | TBA | 7 hours |
|  |  |  |  |

**10. DATES FOR FURTHER CONFERENCES**

a. Status conferences will be held in this case at the following dates and times: A Telephonic Status Conference is set for October 11, 2023, at 10:30 a.m. before Magistrate Judge Susan Prose. The parties shall attend by calling 571-353-2301, Guest meeting ID- 868150043. All attendees shall please mute their phone when not speaking and not use speaker phone.

b. A final pretrial conference will be held in this case on _____ at \_\_\_\_\_ o'clock \_\_\_.m. A Final Pretrial Order shall be prepared by the parties and submitted to

11

~~the court no later than seven (7) days before the final pretrial conference.~~ Judge Wang will set a Final Pretrial Conference/Trial Preparation Conference date after the dispositive motions' deadline has passed and the Court has issued rulings on all such motions. Within seven (7) days of the dispositive motion deadline, if no such motions are filed, the Parties shall file a joint motion to set a Telephonic Status Conference at which Judge Wang will set a Final Pretrial Conference/Trial Preparation Conference and date for trial.

### 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:

None at this time.

b. Anticipated length of trial and whether trial is to the court or jury:

The parties propose a 5-day jury trial.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 East 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.Colo.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this

12

case.

With respect to discovery disputes, parties must comply with D.C.Colo.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado this 26th day of July 2023.

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

Approved as to form:

 s/ S. Birk Baumgartner
S. Birk Baumhgartner
BAUMGARTNER LAW, LLC
300 E. Hampden Ave., Ste. 401
Englewood, CO 80113
Phone: (303) 529-3476
Fax: (720) 634-1018
birk@baumgartnerlaw.com
*Attorneys for Plaintiff*

 s/ Kevin McCaffrey
Kevin McCaffrey
Assistant City Attorney
Denver City Attorney's Office
Litigation Section
201 W. Colfax Ave., Dept. 1108
Denver, Colorado 80202-5332
Phone: (720) 913-3304
Fax: (720) 913-3190

13

kevin.mccaffrey@denvergov.org
*Counsel for Defendant Berger*


*/s/ Kimberly L. Koehler*
Jason D. Melichar
Kimberly L. Koehler
Wilson Elser Moskowitz Edelman & Dicker LLP
1225 17th Street, Suite 1700Denver, CO 80202
Phone: (303) 572-5300
Fax: (303) 572-5301
jason.melichar@wilsonelser.com
kim.koehler@wilsonelser.com
*Attorneys for Defendants Universal Protection Service, LLC d/b/a Allied Universal Security Services, Faliesha Lynett Trimble, and Angelika Chaplinskiy*