# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-2214-NYW-SBP

BRIAN LOMA, an individual,

    Plaintiff;

v.

ALLIED UNIVERSAL SECURITY SERVICES,
FALIESHA LYNETT TRIMBLE, in their individual capacity,
ANGELIKA CHAPLINSKIY, in their individual capacity
OFFICER BURGER (#98049), in their individual capacity,

    Defendants.

---

## DEFENDANT JEFFERY BERGER'S REPLY IN FURTHER SUPPORT
## OF MOTION FOR SUMMARY JUDGMENT

---

Defendant Jeffery Berger (s/h/a "Officer Burger") ("Sgt. Berger"), by and through his attorneys, submits the following reply in further support of his Motion for Summary Judgment. Doc. #80.

I.  **Introduction**

On April 1, 2024, Sgt. Berger moved for summary judgment. Doc. #80. In response to the motion (Doc. #88), Plaintiff concedes the dismissal of the Fourteenth Amendment excessive force claim and the Fourteenth Amendment Taking claim. Doc. #86, p. 11. In opposition to the retaliation claim and the Fourth Amendment claim, Plaintiff argues Defendant is not entitled to qualified immunity, alleging that Defendant's declaration is "self-serving" and should not be credited by the Court because the allegations therein cannot be tested. However, any inability of Plaintiff to test the assertions contained in Defendant's declaration are a product of his critical failure to seek to depose Defendant or seek any discovery in the instant matter. *See Thomson v. National Railroad Passenger Corporation*, 2021 WL 1169708, *6 (D. NM. March 26, 2021)("Given that Plaintiff did not use discovery tools during the available period to do so, Plaintiff has failed to show that a lack of discovery prevents him from presenting facts essential to justify his opposition."). Accordingly, Defendant is entitled to summary judgment because Plaintiff failed to raise any dispute of material fact.

II.  **Reply to Plaintiff's Responses to Statement of Undisputed Material Facts.**

1-2.  Plaintiff admits that the statement of facts set forth in ¶¶ 1-2 are undisputed.

3-4.  Pursuant to the Court's Practice Rules:

> Any party opposing the motion for summary judgment shall, in a section of the brief styled "Response to Statement of Undisputed Material Facts," admit or deny the movant's asserted material facts. […]. Any denial shall be

> accompanied by a brief factual explanation of the reason(s) for the denial and a specific reference to material in the record supporting the denial.

Individual Practice Rules for the Honorable Nina Wang, § 7.1D(b)(4). However, Plaintiff makes no attempt to cite to any material in the record to support his denial, he merely labels Sgt. Berger's declaration as self-serving. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "So long as an affidavit is based upon personal knowledge and set[s] forth facts that would be admissible in evidence, it is legally competent" to consider on a motion for summary judgment, "irrespective of its self-serving nature." *Sanchez v. Vilsack*, 695 F.3d 1174, 1180 n.4 (10th Cir. 2012) (brackets in original, citations and internal quotation marks omitted). Sgt. Burger's declaration based on his personal knowledge concerning his motivations is competent to be considered by this Court in determining the motion for summary judgment.[1] Accordingly

---

[1] Declarations setting forth the intent and motivations explaining the course of action taken by a declarant have long been recognized as competent evidence in a motion for summary judgment in this District and others. *See Buettner v. North Oklahoma County Mental Health,* 158 Fed. Appx. 81, 84 (10th Cir. Feb. 7, 2007)(affidavit from interested employee of defendant as to motivation for employment action is not "self-serving" and can be considered); *Underwood v. N. Northcutt,* 2015 WL 1404941, *8 (E.D. Cal. March 26, 2015)(declaration of Defendant establishes that he was not motivated by grievance to retaliate against Plaintiff); *Rowe v. M. Castro*, 2011 WL2122466, *6 (E.D. Cal. March 26 2011)(Defendants' declarations establish "the lack of existence of a triable issue of fact regarding their motivation" in Plaintiff's retaliation claim); *Brown v. White,* 2010 WL 985184, *13 (N.D.N.Y. March 15, 2010)("The conclusory suggestion of retaliation by the plaintiff is not sufficient to overcome the declaration of Nurse White and supporting documents."); *McCain v. Jackson*, 2020 WL 6075702, *4 (S.D. Ohio October 15, 2020)(Summary judgment granted for Defendant based on declaration of Defendant explaining Plaintiff's discipline not related to protected activity.); *Durham v. Freshrealm, LLC.*, 2021 WL 3089128, *14 (S.D. IN July 22, 2021)("Durham does not provide evidence disputing Batey's declaration or his non-participation in the investigation which fatally undermines his claim that FreshRealm's proffered reason for his termination was not the real motivation.").

the allegation in ¶¶ 3-4 should be deemed admitted.

    5-16.   Plaintiff admits that the statement of facts set forth in ¶¶ 5-16 are undisputed.

    17.   Plaintiff's denial is improper. See ¶¶ 3-4, *supra.* Accordingly, the allegation in ¶ 17 should be deemed admitted.

    18, 21 (sic), 22 (sic). Plaintiff admits that the statement of facts set forth in ¶¶ 18, 21 and 22 are undisputed.

    23 (sic).   Plaintiff's denial is improper and based purely on speculation. Sgt. Berger did not know Plaintiff and Plaintiff testified that he had no recognition of Sgt. Berger. Doc. #80, ¶¶ 17, 18.

    22.   Plaintiff admits that the statement of facts set forth in ¶ 22 is undisputed.

    23.   Plaintiff's limited admission is improper. See ¶¶ 3-4, *supra.* Accordingly, the allegation in ¶ 23 should be deemed admitted.

    24-25.   Plaintiff admits that the statement of facts set forth in ¶¶ 24 and 25 are undisputed.

    26-27.   See ¶¶ 3-4, *supra.* Accordingly, the allegation is ¶¶ 26-27 should be deemed admitted.

    28.   Plaintiff's denial is improper. It is undisputed that Sgt. Berger never made contact with any part of Plaintiff's body. See Doc. #86, ¶ 29. Accordingly, the allegation in ¶ 28 should be deemed admitted.

    29-30.   Plaintiff admits that the statement of facts set forth in ¶¶ 29 and 30 are undisputed.

31-33. Plaintiff's denial is based purely on speculation. See ¶¶ 3-4, *supra*. Accordingly, the allegation in ¶¶ 31-33 should be deemed admitted.

34. Plaintiff admits that the statement of facts set forth in ¶ 34 is undisputed.

35-36. Plaintiff's denial is based purely on speculation. See ¶¶ 3-4, *supra*. Accordingly, the allegation in ¶¶ 35-36 should be deemed admitted.

37-38. See ¶¶ 3-4, *supra*. Accordingly, the allegation in ¶¶ 37-38 should be deemed admitted.

### III.    Response to Plaintiff's Statement of Facts

1. Deny. Plaintiff's citation to the record does not support the contention contained therein. There is no indication from the portion of the video cited by Plaintiff, that Plaintiff "walked behind Officer Berger." Doc. #80-2, @ 5:00-6:13.

2. Deny, except to admit only that Plaintiff extended his hand while holding a phone to within 6 to 12 inches of Sgt. Berger's chest. Doc. #80, SUMF, ¶ 28.

3. Deny. The record establishes that Sgt. Berger did not know why Plaintiff extended his arm towards his chest because it was not necessary to get that close to film the nametag. Doc. #80, SUMF, ¶¶ 26, 27 and 28.

4. Deny, except to admit only that Sgt. Berger reached out to create distance between himself and Plaintiff thereby resulting in the phone falling to the ground. Doc. #80, SUMF, ¶¶ 33, 34 and 35.

5. Deny. Sgt. Berger reached out only to create distance between himself and Plaintiff when Plaintiff extended his arm to within inches of Sgt. Berger's chest. Doc. #80, SUMF, ¶¶ 26, 27, 28, 33, 34 and 35.

6. Deny. Plaintiff was the operator of a Youtube channel where he generated

4

a "nominal sum" in income. Doc 86-1, p. 168, l. 3-23.

7.   Admit.

# ARGUMENT

IV.   **Sgt. Berger is Entitled to Qualified Immunity on Plaintiff's Retaliation Claim.**

A.   *Plaintiff fails to state a First Amendment retaliation claim.*

Plaintiff concedes that the survival of his retaliation claim is dependent on the "intentions and general motivations" of Sgt. Berger as expressed in his declaration. Doc. #86, p. 8. Plaintiff thereby acknowledges that if Sgt. Berger reached out to merely create distance between the parties (Doc. #80, SUMF, ¶¶ 31-33) then he did not have retaliatory animus when he pushed Plaintiff's phone causing it to fall to the ground.[2] Essentially conceding that his retaliation claim fails, Plaintiff seeks to have this Court disregard the declaration of Sgt. Berger as self-serving. Doc., #86, 8. However, Plaintiff presents no cogent legal argument supporting his contention that the declaration should be disregarded. Indeed, the weight of precedent supports the Court's consideration of Sgt. Berger's declaration. *See supra* fn. 1.  It is, therefore, undisputed that Sgt. Berger did not have retaliatory animus when he reached out to create distance between the parties and inadvertently resulting in Plaintiff's phone falling to the ground.  Especially having failed to take the essential step of deposing Sgt. Berger, Plaintiff cannot create an issue of fact merely by labeling the declaration of Sgt. Berger as "self-serving."

Plaintiff's assertion that the video is not consistent with the declaration of Sgt. Berger (Doc. #86, pp. 8-9) is not supported by the record. At the summary judgment

---

[2] Despite Plaintiff's speculation to the contrary (Doc. #86, ¶ 23(2)), there is no evidence that Sgt. Berger knew and/or was aware of Plaintiff and his activities before November 27, 2020. Doc. #80, ¶¶ 17, 18.

5

stage, Sgt. Berger's declaration should be disregarded only if it blatantly contradicts the video evidence. *See Scott v. Harris*, 550 U.S. 372, 378 (2007) ("[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). The video evidence in the instant matter does not blatantly contradict Sgt. Berger's declaration but are in fact consistent with it. The video shows Plaintiff standing about 3 feet from Sgt. Berger when he engages Sgt. Berger. Doc. 80-2, @ 4:57; Doc. 80, SUMF, ¶ 22(2)[3]. Sgt. Berger does not attempt to interfere with Plaintiff's filming of the encounter (Doc. 80-2, @4:57 to 5:17) and in fact exposes his nameplate for Plaintiff. *Id.*, at 5:15. Sgt. Berger only reacts when Plaintiff extends his hand holding the phone to within inches of his chest. *Id.*, at 5:15 to 5:18. Believing that it was unnecessary for Plaintiff to get that close to film his nameplate and concerned for his personal safety, Sgt. Berger reacted by pushing Plaintiff's phone back, resulting in the phone falling to the ground. Doc. #80, SUMF, ¶¶ 24-33. Sgt. Berger's declaration is consistent with the video evidence.

Plaintiff's assertion that the video "strongly suggests that [Sgt. Berger] was reacting out of frustration and anger that Plaintiff was able to capture" his name (Doc. #86, p. 9) is pure speculation. It is clear from the video that Sgt. Berger exposes his nameplate for Plaintiff to film but only reacts when Plaintiff gets too close. Doc. 80-2, at 5:15 to 5:18. This is consistent with the notion that Sgt. Berger was not concerned about his name being filmed but was reacting to Plaintiff's unnecessary and aggressive invasion of his

---

[3] Defendant's SUMF inadvertently omitted ¶¶ 19-20 and repeated ¶¶ 22 and 23. For clarity, Defendant will refer to the paragraphs as 22(1), 23(1) for those paragraphs that appear first and 22(2) and 23(2) for those that appear second.

personal space. The video is thus consistent with Sgt. Berger's declaration and the Court can consider the declaration in assessing Sgt. Berger's intent. See *White v. Stephenson*, 2020 WL 4511179, *8 (D. CO. March 24, 2020)(videos consistent with Defendant's written statement and support an inference of good faith.) Moreover, Plaintiff's assertion that the video "strongly suggests" retaliatory animus is pure speculation. Without any factual support, Plaintiff's counsel's speculation is insufficient to create a genuine dispute with respect to Sgt. Berger's intent when he reached out to push Plaintiff's hand back. Accordingly, Plaintiff has failed to allege a claim of retaliation.

### B.     Sgt. Berger did not violate clearly established First Amendment law.

Plaintiff argues that the Tenth Circuit's decision in *Irizarry v. Yehai*, 38 F.4th 1282 (10th Cir. 2022) clearly established to a reasonable officer that engaging in conduct that obstructs the ability of individuals to film police infringes on the First Amendment. Doc. #86, pp. 10-11. The incident involving Plaintiff occurred on November 17, 2020. Doc. #80, SUMF ¶ 2. The Tenth Circuit decided *Irizarry* on July 11, 2022, more than 18 months after the events alleged here. Accordingly, even if the precedent in *Irizarry* was applicable to the instant facts, it was not clearly established on November 17, 2020, that the alleged conduct of Sgt. Berger that inadvertently interfered with the ability of a member of the public to film police was a First Amendment violation. See *Huff v. Reeves*, 996 F.3d 1082, 1088 (10th Cir. 2021) (internal quotation marks omitted)("*that the right was clearly established at the time of the alleged unlawful activity*.")(emphasis added).

In arguing that Sgt. Berger is not entitled to qualified immunity on the retaliation claim, Plaintiff makes two (2) unsupported and conclusory allegations. He first says "that it is undisputed that Defendant approached Plaintiff, not the other way around." Doc. #86,

7

p. 10 (citing Doc. #80-1, ¶¶ 10-20). The assertion, even if true, is irrelevant. Sgt. Berger makes it clear that Plaintiff was permitted to film, and that Plaintiff was being hostile to the officers. Doc #80, ¶¶ 16, 22 (1), 23. Plaintiff further alleges that Sgt. Berger "knew Plaintiff was filming his badge [and] not attempting to harm" him. Doc. #86, p. 10 (citing Doc. #80-1, ¶ 20). This is disingenuous. Sgt. Berger makes clear that he did not know why Plaintiff needed to get that close to his chest to film his name and was unsure of Plaintiff's intentions. Doc. #80-1, ¶¶ 18-25.

Additionally, Plaintiff by extending his hand within inches of Sgt. Berger's chest was interfering with a police officer in the performance of his duties. See *Project Veritas Action Fund v. Rollins*, 982 F.3d 813, 836 (1st Cir. 2020)("[t]he government is under no obligation to permit a type of newsgathering that would interfere with police officers' ability to do their jobs."). Here, Sgt. Berger did not violate clearly established law when he reacted to Plaintiff's extended arm that came within inches of his chest. Plaintiff's conduct was perceived to be a threat. Doc. 80, SUF, ¶ 27. Under the circumstances it was reasonable for Sgt. Berger to believe that his conduct in pushing Plaintiff's phone back to create a safe distance between them did not violate clearly established law. Thus, Sgt. Berger is entitled to qualified immunity under the doctrine's second prong and Plaintiff's Fourth Claim for Relief should be dismissed.

### V.     Sgt. Berger is Entitled to Qualified Immunity on Plaintiff's Excessive Force Claim.

#### A.     *Plaintiff fails to state an excessive force claim.*

"In order to recover on an excessive force claim, a plaintiff must show: (1) that the officers used greater force than would have been reasonably necessary to effect a lawful seizure; and (2) some actual injury caused by the unreasonable seizure that is not *de*

8

*minimis*, be it physical or emotional." *Maresca v. Bernalillo Cty.*, 804 F.3d 1301, 1315 (10th Cir. 2015) (citation omitted). The force used by Sgt. Berger was minimal and was designed solely to increase the space between Plaintiff and his person. Doc. #80, SUMF, ¶ 28. Plaintiff did not suffer a physical injury as a result of Sgt. Berger's action. *Id.* SUMF, ¶ 30. Indeed, Sgt. Berger did not even come into contact with any part of Plaintiff's body when he pushed the phone back causing it to drop to the ground. *Id.*, at ¶ 29. A seizure that did not even have the potential to cause injury cannot be excessive.

A Fourth Amendment seizure occurs when a police officer restrains the liberty of an individual through physical force or show of authority. *Terry v. Ohio,* 392 U.S. 1, 20 n. 16 (1968). "While a mere touch can be enough for a seizure, the amount of force remains pertinent in assessing the objective intent to restrain." *Torres v. Madrid*, 592 U.S. 306, 317 (2021). Plaintiff concedes that he was not arrested (Doc. #86, p. 12), but otherwise argues that Sgt. Berger "intentionally applied force to Mr. Loma in order to restrain him" from filming Sgt. Berger's name. *Id.* Plaintiff concedes that Sgt. Berger was not attempting to restrain Plaintiff but rather alleges that Sgt. Berger was attempting to stop him from doing something. Doc #80, ¶¶ 34-35. Accordingly, there was no seizure, and the Fourth Amendment claim must be dismissed.

Even if there were a seizure, Plaintiff has failed to establish an excessive force claim under the Fourth Amendment. The whole course of conduct of an officer in making a seizure—including verbal exchanges with a subject—must be evaluated for Fourth Amendment reasonableness in light of the totality of the circumstances. *Holland ex rel. Overdorff v. Harrington,* 268 F.3d 1179, 1194 (10th Cir. 2001). While demanding Sgt. Berger's name in a hostile tone, Plaintiff extended his hand within inches of Sgt. Berger's

9

chest. Doc. #80, SUMF ¶¶ 21-28. Sgt. Berger did not know Plaintiff's intention, and in reaching out to create distance, Sgt. Berger avoided all contact with Plaintiff. *Id.*, ¶¶ 21-28. Under the totality of the circumstances, Sgt. Berger's conduct in reaching out to create distance was objectively reasonable. Accordingly, Sgt. Berger's conduct did not constitute excessive force under the Fourth Amendment.

### B. Sgt. Berger did not violate clearly established law.

In opposition to Sgt. Berger's argument that he is entitled to qualified immunity on the excessive force claim, Plaintiff merely argues that it was clearly established that the use of gratuitous force was unconstitutional. Doc. #86, p. 12. Plaintiff fails to acknowledge that the force applied was so *de minimis* that no reasonable officer would consider it excessive. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim."); *Cortez v. McCauley*, 478 F.3d 1108, 1145 (10th Cir. 2007) (mere handcuffing without any further allegation of injury is insufficient to state a claim for excessive force); *Finney v. Metzger*, 175 F. Supp. 2d 1296, 1305 (D. Kan. 2001) ("a reasonable officer would be entitled to believe excessive force was not applied and, therefore, is protected from liability under the qualified immunity doctrine"). Moreover, Plaintiff does not address Defendant's argument that property damage is not cognizable as an excessive force claim under the Fourth Amendment. Accordingly, Sgt. Berger is entitled to qualified immunity because no reasonable officer would know that damaging Plaintiff's phone violates the Fourth Amendment. See Doc. #80, pp. 14-15. Accordingly, Sgt. Berger is entitled to qualified immunity on Plaintiff's Fourth Amendment claim.

### CONCLUSION

10

WHEREFORE, for the foregoing reasons, Defendant Jeffery Berger respectfully requests that all of Plaintiff's claims against him be dismissed in their entirety, with prejudice.

Dated this 13th day of May, 2024.

Respectfully submitted,

By: *s/ Kevin McCaffrey*
  Kevin McCaffrey, Assistant City Attorney
  Denver City Attorney's Office
  Civil Litigation Section
  201 West Colfax Ave., Dept. 1108
  Denver, Colorado 80202
  Telephone: (720) 913-3315
  Facsimile: (720) 913-3155
  kevin.mccaffrey@denvergov.org
  *Attorney for Defendant Jeffrey Berger*

## CERTIFICATE OF SERVICE

I certify that on this 13th day of May, 2024, I electronically filed the foregoing **DEFENDANT JEFFERY BERGER'S REPLY IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system which will send a true and accurate copy of the same to the following:

Birk Baumgartner, Esq.
Baumgartner Law, LLC
birk@baumgartnerlaw.com
*Counsel for Plaintiff*

Jason D. Melichar, Esq.
Kimberly L. Koehler, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
jason.melichar@wilsonelser.com
kim.koehler@wilsonelser.com
*Attorneys for Defendants Universal Protection Service, LLC d/b/a Allied Universal Security Services, Faliesha Lynett Trimble, and Angelika Chaplinskiy*

*s/ Courtnee D. Lewis*
Denver City Attorney's Office