IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-2214-NYW-SBP

BRIAN LOMA, an individual,

    Plaintiff;

v.

ALLIED UNIVERSAL SECURITY SERVICES,
FALIESHA LYNETT TRIMBLE, in their individual capacity,
ANGELIKA CHAPLINSKIY, in their individual capacity
OFFICER BURGER (#98049), in their individual capacity,

    Defendants.

### DEFENDANT JEFFERY BERGER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Defendant Jeffery Berger opposes Plaintiff's Motion for Leave to file a Second Amended Complaint. Doc #87.

## I.    INTRODUCTION

On October 7, 2021, Plaintiff filed an amended complaint alleging claims against the City and County of Denver, Kristin M. Bronson, Melissa M. Drazen Smith, Marley Bordovsky, Cpl. Robert D. Smith, Det. Nicholas Z. Rocco-McKeel, Sgt. Jason Burton and Sgt. Jeffery Berger (s/h/a "Officer Burger"). Plaintiff asserted various claims for relief against the Denver Defendants pursuant to 42 U.S.C. § 1983 and Colorado State law. Specifically, Mr. Loma contends that members of the Denver City Attorney's Office violated his First Amendment rights with respect to criminal actions filed against him. Mr. Loma asserts § 1983 claims for malicious prosecution, First Amendment retaliation, unlawful seizure, taking of property without due process, and

1

excessive force against the individually identified Denver Police officers. Additionally, the Amended Complaint asserts state law claims pursuant to the Law Enforcement Integrity Act against Det. Rocco-McKeel and Sgt. Berger, and assault and battery claims against Sgt. Berger. The claims against the identified Denver Police officers arise from three different and unrelated incidents: (1) a February 15, 2019 summons issued to Mr. Loma by Cpl. Smith for assault for spitting on a private security guard; (2) a comment made by Sgt. Burton on October 14, 2020 that officers would seize Mr. Loma's phone during his arrest and the continued seizure of Mr. Loma's phone pursuant to a search warrant sought by Det. Rocco-McKeel on October 26, 2020; and (3) a November 17, 2020 incident during which Sgt. Berger allegedly struck recording equipment from Mr. Loma's hand. Finally, Mr. Loma asserts three different claims of municipal liability based on a policy, practice and/or custom of violating Mr. Loma's and others' First Amendment rights.

On December 13, 2021, Denver and all the individual Denver Defendants moved to dismiss the amended complaint in its entirety. Doc #28. Pursuant to the March 20, 2023 Order of the Honorable Nina Y. Wang (ECF #63) the claims against the City and County of Denver, Kristin M. Bronson, Melissa M. Drazen Smith, Marley Bordovsky, Cpl. Robert D. Smith, Det. Nicholas Z. Rocco-McKeel and Sgt. Jason Burton have been dismissed with prejudice. The only claims surviving the motion to dismiss were claims against Sgt. Berger from a November 17, 2020 encounter with Plaintiff sounding claims against Sgt. Berger sounding in First Amendment retaliation (Count Four), Fourteenth Amendment claim for destruction of personal property (Count Six) and a claim for excessive force (Count Seven). Doc #63, pp. 37-45.

Pursuant to the scheduling order entered in this case, the deadline to amend the pleadings was September 1, 2023 with a discovery deadline of March 1, 2024. Doc #76. Defendant Berger moved for summary judgment on April 1, 2024. Doc #80. Plaintiff opposed the motion on April

2

29, 2024. Doc. #85. Defendant Berger's motion for summary judgment is fully briefed. On April 29, 2024, Plaintiff, for the first time, seeks to amend the complaint. Plaintiff's proposed second amended complaint realleges claims against Denver and Denver employee which have already been dismissed. The amendment with claims against individuals that have already been dismissed would require those same individuals to move to dismiss again. See FRCP, Rule 15. Accordingly, Plaintiff's request to file a Second Amended Complaint should be denied.

## ARGUMENT

I.   **Plaintiff's request to amend the complaint to replead allegations that have been dismissed must be denied as futile.**

Because Plaintiff moved to amend after the deadline in the Scheduling Order, the Motion faces a two-step test. *Romero v. Altitude Sports & Ent., LLC*, No. 21-cv-00885-CMA-SKC, 2022 WL 3868134, at *1 (D. Colo. Aug. 30, 2022). First, the Court considers whether Plaintiff has demonstrated good cause to amend the Scheduling Order under Rule 16. *Id.* (quoting *Gorsuch, Ltd., v. Wells Fargo Nat'l Bank*, 771 F.3d 1230, 1240 (10th Cir. 2014)). If he hasn't, the analysis ends there; but if he has, the Court then determines whether to allow the amendment under Rule 15. *Id.* at *2. In the first instance, Plaintiff's motion to amend must be denied because Plaintiff fails to show good cause for his delay in filing the motion to amend the complaint. Plaintiff concedes that he was aware of the defect he is attempting to cure in July of 2023. Doc #87, ¶ 9. Despite that awareness Plaintiff took no action to cure the defect until after motions for summary judgment were filed.

Plaintiff had all that information before the September 1, 2023 deadline to amend the pleadings in this case. He had more than ample opportunity to have amended his complaint ahead of time. Instead, he waited over six months after the deadline passed (and only after motions for summary judgment were filed) to seek permission to amend the complaint. That is egregious and

3

insufficient to overcome Rule 16. *See Hamric v. Wilderness Expeditions, Inc.*, No. 19-cv-01442-NYW, 2020 WL 10505199, at *4 n.3 (D. Colo. Apr. 1, 2020) ("Plaintiff's statement, alone, without any additional argument or explanation regarding the newly obtained information and why it was not available to Plaintiff prior to her instant Motion to Amend, is an insufficient basis for this court to conclude that Plaintiff has met Rule 16(b)'s good cause requirement.").

A court may deny a motion to amend under Rule 15 if the amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). A proposed amendment is futile "if the complaint, as amended, would be subject to dismissal." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013). Plaintiff's proposed amendment where he repeats claims that have already been dismissed is demonstratively futile. Moreover, repeating and realleging claims that have already been dismissed is unnecessary. Plaintiff is not required to replead dismissed claims to preserve appellate review. *Horocofsky v. City of Lawrence, Kansas*, 2023 WL 2140143, *4 (D. KS. Feb. 21, 2023). The Tenth Circuit has explicitly held that "a rule requiring plaintiffs who file amended complaints to replead claims previously dismissed on their merits in order to preserve those claims merely sets a trap for unsuspecting plaintiffs with no concomitant benefit to the opposing party." *Davis v. TXO Production Corp.*, 929 F.2d 1515, 1518 (10th Cir. 1991). Permitting Plaintiff to amend his complaint to allege claims that have already been dismissed would impose and undue burden on those Defendants who have already been dismissed and the Court. Rule 15 of the Federal Rules of Civil Procedure requires that Defendants respond to an amended complaint within 14 days. Rule 15(a)(3). The amendment would require that Defendants make the same motion that has already been decided and would require the Court to decide the motion once again. Accordingly, Plaintiff's motion to amend to replead identical claims against City and County of Denver, Kristin M. Bronson, Melissa M. Drazen Smith, Marley

Bordovsky, Cpl. Robert D. Smith, Det. Nicholas Z. Rocco-McKeel, and Sgt. Jason Burton that have already been dismissed should be denied as futile.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Jeffery Berger respectfully requests that Plaintiff's request to amend the complaint be denied.

Dated this 15th day of May 2024.

Respectfully submitted,

By: *s/ Kevin McCaffrey*
    Kevin McCaffrey, Esq.
    Assistant City Attorney
    Denver City Attorney's Office
    Civil Litigation Section
    201 West Colfax Ave., Dept. 1108
    Denver, Colorado 80202
    Telephone: (720) 913-3100
    Facsimile: (720) 913-3155
    E-mail: kevin.mccaffrey@denvergov.org
    *Attorney for Defendant Jeffery Berger*

**CERTIFICATE OF SERVICE**

I certify that on this 15th day of May, 2024, I electronically filed the foregoing **DEFENDANT JEFFERY BERGER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send a true and accurate copy of the same to the following:

    Birk Baumgartner, Esq.
    BAUMGARTNER LAW, LLC
    birk@baumgartnerlaw.com
    *Counsel for Plaintiff*

    Jason D. Melichar, Esq.
    Kimberly L. Koehler, Esq.
    WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
    Jason.melichar@wilsonelser.com
    kim.koehler@wilsonelser.com
    *Attorneys for Defendants Universal Protection Service, LLC d/b/a Allied Universal Security Services, Faliesha Lynett Trimble, and Angelika Chaplinskiy*

                        *s/ Courtnee D. Lewis*
                        Denver City Attorney's Office