IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   21-cv-2214-NYW-SBP

BRIAN LOMA, an individual,

    Plaintiff,

v.

ALLIED UNIVERSAL SECURITY SERVICES, FALIESHA LYNETT TRIMBLE, in their individual capacity, AND ANGELIKA CHAPLINSKIY, in their individual capacity, and SERGEANT JEFFREY BERGER, in his individual capacity.

    Defendants.

---

**RESPONSE IN OPPOSITION OF DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES, FALIESHA LYNETT TRIMBLE, AND ANGELIKA CHAPLINSKIY TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

---

Defendants, Allied Universal Security Services ("AUS"), Faliesha Lynett Trimble ("Trimble"), and Angelika Chaplinskiy ("Chaplinskiy") (collectively "Defendants" or "AUS Defendants"), by and through their counsel, hereby submit their Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint, and in support, state as follows:

### I.    INTRODUCTION

On April 29, 2024, Plaintiff filed a Motion for Leave to File a Second Amended Complaint ("Motion") [ECF No. 87]. Plaintiff seeks leave to amend out of time based on claimed deficiencies in how he pled his single claim for malicious prosecution against the AUS Defendants in not one, but two Complaints. *See* ECF Nos. 1, 6. The bases for

Plaintiff's Motion were known, or should have been known, to Plaintiff several months prior to its filing. Plaintiff's Motion should be denied because: (1) it is brought for improper purposes including delay and dilatory motive as it was filed after discovery cut-off and the AUS Defendants moving for summary judgment; (2) the Motion will result in undue delay to these proceedings and unduly prejudice Defendants because they may be forced to re-open discovery on issues which could have easily been addressed before they filed for summary judgment, and allowing such an amendment would necessitate the drafting and filing a new motion for summary judgment based on the allegations of Plaintiff's proffered Second Amended Complaint, needlessly increasing the costs of this litigation; and (3) Plaintiff's amendment is futile, because his malicious prosecution claim cannot survive summary judgment whether it arises under state or federal law. Accordingly, the AUS Defendants respectfully request the Court deny Plaintiff's Motion.

## II.     CONFERRAL

As a threshold matter, while Plaintiff certifies in his Motion that he conferred with undersigned counsel prior to filing his Motion, Plaintiff failed to confer concerning the alternative relief he requested in his Motion for an additional fourteen (14) day extension of time to respond to the AUS Defendants' motion for summary judgment. By making a simultaneous request for leave to amend his Complaint, with Defendants' response due after the deadline for Plaintiff to respond to Defendants' motion for summary judgment, Plaintiff is in effect being granted the alternative relief he seeks of additional time to respond to the motion. While the AUS Defendants would not have necessarily opposed Plaintiff's second request for an extension of time to respond to their motion, they do

296802349v.1

oppose the requested leave to amend, and the undue delay its filing has caused to the resolution of these proceedings.

### III. RELEVANT PROCEDURAL BACKGROUND

This action has been pending since August 13, 2021, when Plaintiff filed his original Complaint and Jury Demand. Complaint [ECF No. 1]. Thereafter, Plaintiff filed an Amended Complaint on October 7, 2021 [ECF No. 6]. In both the original Complaint and the Amended Complaint, Plaintiff asserts a single claim of malicious prosecution against the AUS Defendants under 42 U.S.C. § 1983 related to an interaction between them that occurred on or about February 15, 2019. Complaint [ECF No. 1], Claim One, pp. 6-8 at ¶¶ 41-54; Complaint [ECF No. 6], Claim One, pp. 12-13 at ¶¶ 87-100. Both Complaints state verbatim: "The applicable elements that must be met to prevail on a ***sec. 1983 claim for malicious prosecution*** are: . . ." *See* Complaint [ECF No. 1], p. 6 at ¶ 42; Amended Complaint [ECF No. 6], p. 12 at ¶ 88 (emphasis added). Both Complaints also plead the claim against the AUS Defendants under the heading "**CLAIMS FOR RELIEF**" and a sub-heading directly below which states, "**CLAIMS UNDER FEDERAL LAW, 42 U.S.C. § 1983**." *See id.*

Prior to the Scheduling Conference held on July 26, 2023, Plaintiff inserted language into the parties' proposed Scheduling Order indicating he intended to amend the Complaint to add additional claims against the AUS Defendants and to "clarify" the basis for the "Colorado tort claims" against the AUS Defendants. *See* Scheduling Order [ECF No. 76], pp. 4-5. Despite Plaintiff's representations, no such motion was filed before the deadline for amendment of pleadings of September 1, 2023. *See id.*, p. 10 at ¶ 9(a).

3

296802349v.1

Defendants proceeded to engage in robust discovery of Plaintiff's claim as asserted in Plaintiff's Amended Complaint in the months to follow, including propounding substantive written discovery to Plaintiff, retaining an expert and serving expert designations pursuant to Fed. R. Civ. P. 26(a)(2), and deposing Plaintiff. Thereafter, discovery closed on March 1, 2024. *See id.*, p. 10 at ¶ 9(b).

During conferral on the Defendants' anticipated motions for summary judgment on March 22, 2024, Plaintiff's counsel stated he was withdrawing as counsel and asked for Defendants' respective positions. *See* true and correct copies of emails between the parties attached as **Exhibit A**. The Defendants, including Defendant Sergeant Jeffrey Berger, indicated they would oppose such a motion if it resulted in a request to reopen discovery. **Exhibit A**, pp. 1-2. Undersigned counsel also discussed Plaintiff's intent to withdraw with Plaintiff's counsel by telephone on the same date. In that call, Plaintiff's counsel asked whether the AUS Defendants would be willing to move for an extension of the dispositive motions deadline and even consider not filing for summary judgment at all based on his anticipated withdrawal. The AUS Defendants indicated their position to Plaintiff in a later email that they were not willing to move to extend the deadline, and were proceeding with their motion for summary judgment under the then-current deadline. **Exhibit A**, p. 1. Despite these representations, Plaintiff's counsel still has not moved to withdraw as counsel.

Defendants filed for summary judgment on April 1, 2024 [ECF No. 81], as the undisputed facts confirm the AUS Defendants were not acting under color of state law, and did not cause Plaintiff to be confined because he was lawfully issued a summons for

4

assault, and was not arrested or seized. Importantly, Defendants also moved for summary judgment on the basis that the undisputed facts demonstrate the Denver Police Department had sufficient probable cause to issue Plaintiff a summons, and that Plaintiff has no evidence that Trimble and Chaplinskiy acted with the required malice. *See* Motion for Summary Judgment [ECF No. 81].

On April 19, 2024, Plaintiff conferred with Defendants regarding a one-week extension for his responses to the Defendants' motions for summary judgment. Defendants did not object, and the requested extension was granted. *See* Order [ECF No. 85]. Now, Plaintiff seeks leave to amend his Complaint a third time to bring a malicious prosecution claim against the AUS Defendants under Colorado state law.

## IV. LEGAL AUTHORITY

This court must necessarily engage in a two-pronged analysis in determining whether amendment is proper under both Rule 16(b)(4) and Rule 15(a) of the Federal Rules of Civil Procedure. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Rule 16(b) provides that a scheduling order may be modified only upon a showing of good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (internal quotation omitted). This burden can be satisfied when a party learns of new information during discovery or the governing law has changed. *Id.* "Rule 16(b) . . . focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D.

5

684, 687 (D. Colo. 2000).

Except when an amendment is pleaded as a "matter of course," as defined by the rule, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule instructs courts to "freely give leave when justice so requires." *Id.* However, a court may refuse to grant leave to amend is upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. US. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009).

In undertaking this analysis, the Tenth Circuit has concluded that the timeliness of the amendment and the prejudice to an opposing party are the crux of the inquiry. *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006). The Tenth Circuit has held that "untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation." *Frank*, 3 F.3d at 1365. Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original or a later amended pleading, the motion to amend is subject to denial. *State Distribs., Inc. v. Glenniore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984). If untimeliness or undue delay is shown, prejudice to the opposing does not need to be shown. *First City Bank, NA. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987).

Indeed, "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage

of time." *Minter*, 451 F.3d at 1205 (citation and quotation omitted). "The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Id.* The court may also deny an untimely motion to amend because the movant fails to have an "adequate explanation for the delay," or when they "cannot demonstrate excusable neglect." *Id.* (citing *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987)). As noted above, the second factor applied by the court in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party. *Minter*, 451 F.3d at 1207. Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971).

## V.     ARGUMENT

Plaintiff should not be permitted to amend his claim against the AUS Defendants because his request is made for an improper purpose, including undue delay and dilatory motive, which will result in unfair prejudice to the AUS Defendants. Plaintiff's proposed amendment is also futile as Plaintiff cannot prevail on a malicious prosecution claim whether pled under state or federal law.

### A.     Plaintiff's Motion should be denied because it was filed for an improper purpose.

In his Motion, Plaintiff admits that his Amended Complaint [ECF No. 6], "lumps the AUS Defendants in with a police officer under the cause of action for malicious prosecution . . . subsumed under a large section labeled "**CLAIMS UNDER FEDERAL**

7

**LAW, 42 U.S.C. § 1983**." Motion, p. 2, at ¶ 7. As noted herein, Plaintiff's Amended Complaint also recites the elements required to support a malicious prosecution claim under Section 1983 as part and parcel of his claim against the AUS Defendants. Amended Complaint [ECF No. 6], p. 12 at ¶ 88.

However, Plaintiff inexplicably argues in his Motion, with absolutely no legal support, that Defendants should have essentially disregarded the allegations as they were pled in both his original and Amended Complaint, and instead rely on his description of claims in the proposed Scheduling Order, because he referred to his claim against the AUS Defendants in that pleading as a "Colorado tort." Motion, p. 3, at ¶ 9. The same proposed Scheduling Order notes Plaintiff's intent as early as July, 2023 to file an amended Complaint to "clarify" his allegations and add additional claims against the AUS Defendants, a motion that never came to fruition until over nine months later, well after the deadline had passed, and after the Defendants had already conducted exhaustive discovery and moved for summary judgment. *See id.* The procedural history of this case makes clear Plaintiff knew as early as July of 2023 that he intended to amend his Complaint to bring a "Colorado tort" against the AUS Defendants (Motion at p. 3), yet he sat on his hands and allowed discovery and motions practice to proceed based on his claim as pled in the Amended Complaint.

Plaintiff could have filed his Motion several months ago. Instead, he intentionally waited until well after the deadline to file amendments, after Defendants had already conducted exhaustive discovery, and even after Defendants had already moved for summary judgment. Plaintiff did not have to wait until Defendants moved for summary

8

judgment to amend his pleading, especially knowing the deadline for responding to said motion loomed.  Rather, Plaintiff could have, and should have, filed his request for leave to amend immediately upon learning the information that allegedly supports the requested amendment – i.e., the "mistake" in "inartful pleading" (Motion, p. 2), that Plaintiff claims caused confusion over which law applies to his claim against the AUS Defendants.  Tenth Circuit law is clear a party who delays in seeking amendment runs the risk of the motion being denied. *Minter*, *supra*.  And yet Plaintiff did not seek leave to amend for another nine months, with no explanation whatsoever, much less any argument that would establish good cause under Rule 16(b) to modify the Scheduling Order and allow an untimely amendment.

This action's relevant procedural history confirms Plaintiff's Motion was filed for the improper purpose of delaying disposition of his claim on summary judgment and to otherwise delay these legal proceedings.  This is further evidenced by the fact that Plaintiff asked the AUS Defendants if they would be willing to seek an extension of the dispositive motions deadline and even forgo filing for summary judgment altogether based on his representation that he intended to withdraw.  Plaintiff's Motion was clearly filed so that Plaintiff could engage in other dilatory tactics to cause undue prejudice to Defendants, including presumably, to reopen discovery even though Defendants indicated they would oppose a motion to withdraw on that basis.  Plaintiff admits so in his Motion by stating he "only wishes to focus briefings ***and future litigation*** on the *correct* cause of action . . ." and urges the Court to "focus the pleadings on the actual dispute so that the claims (sic) may be litigated on its merits" (Motion, p. 3 at ¶ 14; p. 5 at ¶ 21) (emphasis in bold italics

9

added). Plaintiff further argues that the parties should be "granted leave to file new briefs" if the Court is inclined to deny the requested amendment (Motion, p. 5 at ¶ 22), again supporting that Plaintiff only filed the Motion to further delay briefing on Defendants' pending summary judgment motion. As such, Plaintiff's Motion was filed for an improper purpose and should be denied.

**B.     Plaintiff's Motion should be denied because of undue delay and prejudice to the AUS Defendants.**

Plaintiff's request for leave to amend his claims to add a claim under Colorado law should also be denied due to undue delay. Plaintiff does not argue, nor can he, that new information supports his delay in filing for leave, nor does he have any other justifiable reason for sitting on his hands, and waiting over nine months to seek leave to amend. The deadline for amendment of the pleading in this action was September 1, 2023. *See* Scheduling Order, [ECF No. 76], p. 10 at ¶ 9(a). Plaintiff fails to establish good cause for modification of the Scheduling Order to extend the deadline for amendment of pleadings as he fails to support that he could not have met the deadline with due diligence. *Gorsuch*, *supra*. In fact, quite the opposite is true. There is no explanation as to Plaintiff's lack of diligence in failing to move for leave to amend the Complaint before the deadline; it is not based on new information learned in discovery or a change in the law. *Id*. Plaintiff does not explain why he waited over nine months to seek amendment after purportedly identifying an issue with his Amended Complaint that was filed almost two years prior, allowing discovery to close and summary judgment motions to be filed. Tenth Circuit law provides a party's delay in performing the preparation necessary to recognize a claim

does not satisfy Rule 16(b)(4)'s good cause standard. *See, e.g., Colo. Visionary Acad.*, 194 F.R.D. at 688 (denying a motion to amend which was not based on new facts developed during discovery or recent developments in the law).

While untimeliness alone warrants a denial of Plaintiff's Motion under Tenth Circuit law, further delay to these proceedings would result in prejudice to the AUS Defendants if Plaintiff were permitted leave to amend his Complaint, including in particular, if this would necessarily result in discovery being reopened. Due to the timing of Plaintiff's Motion, he has already effectively eliminated the ability for the AUS Defendants to complete briefing on their motion for summary judgment without restarting the clock. This case has been pending since August 13, 2021, and the alleged incident occurred over 5 years ago on February 15, 2019. Simply put, any further delay to the disposition of the case prejudices the AUS Defendants.

Plaintiff delayed adding a claim for malicious prosecution under state law long after he knew or should have known of the facts he now alleges give rise to such claim, which are the same facts that Plaintiff asserted in the original and First Amended Complaints. Then, almost two months after the court-ordered discovery deadline, he filed his Motion in what is likely an attempt to delay these proceedings, needlessly increase Defendants' legal fees, and intimidate Defendants into settling to avoid additional discovery, motions practice, and attorney's fees. This Court should not allow Plaintiff to manipulate the legal system and should deny the Motion due to undue delay and the resultant prejudice to the Defendants.

### C.      Plaintiff's proposed amendment is futile.

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).  In considering whether an amendment is futile, courts apply the same standard used to evaluate a claim under Rule 12(b)(6), accepting well-pleaded facts as true and reviewing solely to determine if the Complaint states a plausible claim for relief as amended.  *Tomlinson v. El Paso Corp.*, 653 F.3d 1281, 1285-86 (10th Cir. 2011).

Here, Plaintiff's proposed amendment is futile because Plaintiff cannot prevail on a malicious prosecution claim whether his claim is brought under federal, or state law.  As pled, the amended claim does not state a plausible claim for relief as required under Rule 12(b)(6) or *Tomlinson*.  The Second Amended Complaint is also futile as it fails to identify any evidence supporting Plaintiff's claim, but rather simply recites the elements for a state law claim of malicious prosecution.  *See* Second Amended Complaint [ECF No. 87-3], at ¶¶ 244-250.

While Plaintiff asks that he be permitted to bring a new claim for malicious prosecution under Colorado law in the proposed Second Amended Complaint, the elements Plaintiff must establish to prevail on that claim are virtually identical to the elements of a Section 1983 claim.  The fact that a Section 1983 claim also requires Plaintiff to prove the Defendants acted under color of state law and caused the Plaintiff's confinement or prosecution is irrelevant.  All other elements required for Plaintiff to prevail on either claim are the same, i.e., the action terminated in favor of plaintiff, no probable cause, malice and damages.  *See* Second Amended Complaint [ECF No. 87-3], at ¶ 245

(citing *Hewitt v. Rice*, 154 P.3d 408, 411 (Colo. 2007)).[1]

Whether Plaintiff brings a state law claim for malicious prosecution or a claim under Section 1983, has no bearing on Defendants' motion; his claim fails regardless because probable cause supported Corporal Smith's issuance of a summons, and there is no evidence the AUS Defendants acted with the required malice. Motion for Summary Judgment [ECF No. 81], pp. 11-14. The same grounds exist to support Defendant's requested relief, even if this Court were to accept Plaintiff's late amendment. Plaintiff fails to offer any evidence demonstrating a claim for malicious prosecution under state law would survive summary judgment, and he certainly does not offer enough evidence to support a reasonable likelihood that his claim would ultimately be submitted to the jury.

As such, the proposed amendment is futile and should be denied.

## VI. CONCLUSION

For the foregoing reasons, Defendants Allied Universal Security Services, Faliesha Lynett Trimble, and Angelika Chaplinskiy respectfully request that the Court deny Plaintiff's Motion for Leave to File a Second Amended Complaint, and for such further relief as the Court deems proper.

DATED this 15th day of May, 2024.

---

[1] The fact that Plaintiff is now attempting to bring a state law claim against Defendants that requires less evidentiary proof than a claim under Section 1983 is simply further proof of his dilatory motive and delay tactics in filing for leave to amend.

13

         Respectfully submitted,

         *s/ Kimberly Koehler*
         Jason D. Melichar, Esq.
         Kimberly Koehler, Esq.
         Wilson Elser Moskowitz Edelman & Dicker LLP
         1225 17th Street, Suite 1700
         Denver, CO 80202
         (P)  303-572-5300
         (F)  303-572-5301
         jason.melichar@wilsonelser.com
         kim.koehler@wilsonelser.com
         *Attorneys for Defendants Allied Universal Security Services, Faliesha Lynett Trimble, and Angelika Chaplinskiy*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 15th day of May, 2024, a true and correct copy of the foregoing **RESPONSE IN OPPOSITION OF DEFENDANTS ALLIED UNIVERSAL SECURITY SERVICES, FALIESHA LYNETT TRIMBLE, AND ANGELIKA CHAPLINSKIY TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** was filed with the Court via ECF and served on all parties of record via e-mail.

         */s/ Kimberly Koehler*
         Kimberly Koehler

296802349v.1