IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 21-cv-2214-NYW-SBP

**BRIAN LOMA**, an individual,

 Plaintiff

v.

**ALLIED UNIVERSAL SECURITY SERVICES**,
**FALIESHA LYNETT TRIMBLE**, in their individual capacity,
**ANGELIKA CHAPLINSKIY**, in their individual capacity,
**OFFICER BERGER (#98049),** in their individual capacity

 Defendants.

---

## REPLY IN SUPPORT OF PLAINTIFF'S
## MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

---

 **COMES NOW,** Plaintiff, Brian Loma, by and through undersigned counsel, to respectfully submit this Reply in Support of Plaintiff's Motion for Leave to File a Second Amended Complaint, and as grounds states as follows:

### INTRODUCTION

 Plaintiff believes the Court is sufficiently informed of the factual and procedural background, as set forth in the Motion for Leave to Amend [ECF 87] and Defendant Allied Universal Security Services ("AUS Defendants") Response to the same [ECF 91]. Plaintiff restates the arguments asserted in his Motion for Leave, and addresses those raised in AUD Defendant's Response.

## RESPONSE TO AUS DEFENDANTS' ARGUMENT

A.    <u>Plaintiff Does Not Seek Amendment For Any Improper Purpose, Including Reopening Discovery.</u>

Despite AUD Defendant's unfounded allegations of ulterior motives, Plaintiff has no motive other than to litigate the claims against AUS Defendants as Colorado tort claims, as Plaintiff and Defendants have long recognized is the true nature of the claims against AUS Defendants. First, Defendant's statements as to Undersigned Counsel's potential withdrawal are of no relevance to whether the amendment should be permitted. Second, Plaintiff admits that formally clarifying the cause of action through an amendment will focus future litigation, such as jury instructions, pretrial motions, and a trial based, on the long-acknowledged state law tort claim. Contrary to being improper, Plaintiff believes this is the only way to prevent gamesmanship based on perceived technical errors. Indeed, Plaintiff suggests that counsel for the parties should be acting in good faith based on the long-since acknowledged state law tort, and not lying in wait to pounce on  technical errors at summary judgment. All of the facts of the state law claim are properly plead; Defendants have acknowledged the state law claim; and Plaintiff seeks no amendment to the facts set out in the Complaint. Third, no new discovery is sought or appropriate with the proposed amendment. The claim against AUS Defendants are entirely based on the evidence already in the record, specifically, the extensive video recording of the incident itself. Plaintiff does not require, nor does he seek additional discovery beyond this dispositive evidence. Plaintiff wishes only to focus subsequent litigation, such as pretrial motions, jury instructions, and the trial on the state law claim for malicious prosecution, as acknowledged long ago by all parties. There is clearly no improper motive. Plaintiff again suggests that lying in wait on a technicality to

attempt to avoid the merits of this matter is itself improper, and does not serve the interests of justice, i.e. resolving the claim on its merits. Indeed, federal courts have a strong preference for avoiding windfalls to litigants based on technicalities in pleadings, and the "with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits. See, *e.g.,* Advisory Committee's 1966 Notes 122; 3 Moore's Federal Practice §§ 15.02[1], 15.19[3][a] (3d ed.2009)" *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 550, (2010). As stated in Plaintiff's Motion, the rules of civil procedure reject the approach that pleadings are a game of skill, in which technical missteps by counsel may be decisive to outcomes. Federal courts adhere to the principle that the purpose of pleadings is to facilitate proper decision on merits. *U.S. v. Hougham*, 364 U.S. 310, 317 (1960).


B.    Defendants Admit There Is No Prejudice In Allowing The Narrow Amendment.

Defendant AUS's Response correctly points out that there are no new factual allegations in the proposed amendment. Response [ECF 91], pg. 11. As stated in Plaintiff's Motion for Leave to Amend [ECF 87], he seeks only to clarify that the cause of action against AUS Defendants is for a state law tort by the same name – an understanding acknowledged long ago by all parties. As stated above, Plaintiff does not seek to establish new facts, or to reopen discovery, as Plaintiff believes that the extensive video evidence of the incident is more than sufficient to survive summary judgement if decided on the merits.

Although Defendants make much of the discovery conducted in this matter, a careful review of the discovery conducted by AUS Defendants reveals that there was not a single mention of the issue of whether the AUS Defendants were acting under color of state law. There is no

mention of the issue in Defendants' written discovery. See generally, **Exhibit 1**, AUS Defendant's Written Discovery. And AUS Defendants did not raise the issue once during Plaintiff's deposition. See generally, **Exhibit 2**, Deposition of Plaintiff.  Defendants appear to have been lying in wait to rely entirely on a pleading technicality during summary judgment, despite being well-aware that Plaintiff malicious prosecution claim sounds in Colorado tort, as shown by repeated statements by Plaintiff. There can be no clearer example of seeking to avoid proper decision on the merits of the case.

Indeed, Defendants seem to agree that the proposed amendment *will not* require any additional discovery: "While Plaintiff asks that he be permitted to bring a new claim for malicious prosecution under Colorado law in the proposed Second Amended Complaint, the elements Plaintiff must establish to prevail on that claim are virtually identical to the elements of a Section 1983 claim… Whether Plaintiff brings a state law claim for malicious prosecution or a claim under Section 1983, has no bearing on Defendant's motion…The same ground exist to support Defendant's requested relief, even if this Court were to accept Plaintiff's late amendment" Defendant's Response to Motion for Leave to Amend [ECF91] pgs. 12-13. Plaintiff cannot see how this will "intimidate" AUS Defendants.  Furthermore, because Defendants' summary judgment motion in response to the state law claim will rely upon the "same grounds" there is simply no prejudice set forth in Defendant's Response. On the other hand, if the amendment is not permitted, Plaintiff will be severely prejudice, as his claim against AUS Defendants will likely be dismissed - not based on the merits, or the evidence in the record,  but based on a mis-organization of his complaint, despite all parties long-standing acknowledgement of the nature of the claim. Plaintiff can think of no more unjust result.

C.     The Amendment Sought By Plaintiff Is Not Futile

Defendant AUS admits that the elements of the causes of action are similar, with the exception of the elements of "acting under the color of state law," and "causing confinement" required by a Section 1983 claim. However, Defendants rely heavily on these elements in their MSJ [ECF 81]. MSJ, pgs. 8-9 . Clearly, this element is essential to AUS Defendant's MSJ; and it is the heart of the current Motion to for Leave to Amend.

As to establishing the state law claim element of "malice," Plaintiff strongly disagrees with Defendants. The video of the incident shows an extremely hostile and prolonged argument between the parties. The individual defendants are clearly hostile toward Plaintiff, and this creates a question regarding Defendant's intent and motivations. Defendants ask the Court here, and in their MSJ to improperly "weigh the evidence" and resolve[] disputed issues in favor of the moving party…" *Tolan v. Cotton*, 572 U.S. 650, 657, 134 S. Ct. 1861, 1866, (2014) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640–641, 107 S.Ct. 3034,(1987)). The Court should decline to do so and leave this issue to a jury. In this case, the context surrounding the issue of Defendant's intent tends to support Plaintiff's position.

**CONCLUSION**

Plaintiff's requested leave to amend is brought only for legitimate purposes, and to avoid gamesmanship of the sort Defendants now engage in. The amendment seeks no opening of discovery, and Defendants have in any event never focused any discovery at all on a Section 1983 claim. Defendants have always known the claim sounds in state tort law, as the vast majority of the Complaint, and all of the pertinent facts stated therein clearly contemplate a state law tort claim. Any argument that Defendants have relied on or have defended against a Section 1983 claim is

simply unfounded. Furthermore, Defendants themselves quite clearly admit that the elements are so similar and the evidence in the record now (which Plaintiff does not seek to expand) will form the basis of their MSJ, whether the claim is a state tort or a Section 1983 cause. With that admission, Defendants cannot claim any prejudice. On the other hand, Defendants ask this Court to excuse them from defending their actions on the merits, and to forever bar Plaintiff's legitimate claim based on a misnaming of a cause of action, which the parties have long-since acknowledged. The Court should observe the federal policy in favor of resolving claims on their merits and should decline to reward Defendants for lying in wait on a perceived technicality to throw Plaintiff out of Court.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant Plaintiff leave to amend the compliant for the sole purpose of formally clarifying the parties' longstanding acknowledgement of his claims.

Dated this 22nd day of May, 2024.

Respectfully submitted,
BAUMGARTNER LAW, L.L.C.

 *s/ S. Birk Baumgartner*
S. Birk Baumgartner
730 17th Street, Suite 340
Denver, CO 80202
Phone: (303) 529-3476
Fax: (720) 634-1018
birk@baumgartnerlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May, 2024, I electronically filed the foregoing

Reply with the Clerk of Court using the CM/ECF system which will send notification of such filing

to the following:


Jodanna L. Haskins
Kevin McCaffery
City and County of Denver
City Attorney's Office
*Attorneys for Denver Defendants*

Jason D. Melichar
Kimberly L. Koehler
Wilson Elser Moskowitz Edelman & Dicker LLP
*Attorneys for AUS Defendants*


                                         *s/ S. Birk Baumgartner*
                                         S. Birk Baumgartner