EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   21-cv-2214-NYW-SBP

**BRIAN LOMA**, an individual

Plaintiff,

v.

**ALLIED UNIVERSAL SECURITY SERVICES**,
**FALIESHA LYNETT TRIMBLE**, in their individual capacity,
**ANGELIKA CHAPLINSKIY**, in their individual capacity,
**OFFICER BERGER (#98049)**, in their individual capacity,

Defendants.

**FIRST SET OF COMBINED INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO PLAINTIFF BRIAN LOMA**

Come now the Defendants, Allied Universal Security Services; Faliesha Lynett Trimble; and Angelika Chaplinskiy (collectively the "AUS Defendants"), by and through their undersigned counsel, and submit and propound their First Set of Combined Interrogatories, Requests for Production, and Requests for Admission to Plaintiff Brian Loma, pursuant to Fed.R.Civ.P. 16, 26, 33, 34, and 36. An appropriate response must be provided for each discovery request within 30 days after you are served with them. Responses must be complete and straightforward. You must make a reasonable and good faith effort to obtain any information not within your personal knowledge by asking other persons or organizations, unless the information is equally available to the asking party. If an interrogatory may be answered by referring to a document, please attach the document as an exhibit to the response. Your responses must be verified, dated, and signed.

287140595v.1

EXHIBIT 1

## **INSTRUCTIONS**

1. When your answer to any discovery request refers to documents, list the Bates number of all such documents or attach the documents to your discovery responses and identify each discovery request to which the document relates.

2. If you object to any of the following discovery requests or parts thereof on the basis of any claimed privilege or protection, identify the privilege or protection claimed, as well as each statement or communication for which such privilege or protection is claimed, and provide the following information:

   a. the date of the statement(s) or communication(s);

   b. the author and all addresses and recipients of the statement(s) or communication(s);

   c. the names of all persons present during the statement(s) or communication(s) or to whom the statement(s) or communication(s) was/were made available;

   d. the subject matter of the statement(s) or communication(s);

   e. the location or custodian of documents concerning the statement(s) or communication(s); and the factual basis on which the privilege(s) and/or protection(s) are claimed.

3. If, for reasons other than a claim of privilege, you refuse to produce any document described herein, please state the grounds upon which the refusal was based with sufficient specificity to permit a determination of the propriety of such refusal.

2

287140595v.1

4. If any discovery request is objected to on grounds of overbreadth, undue burden, ambiguity, or vagueness, you are instructed to contact undersigned counsel so that the discovery request(s) can be clarified and/or modified, if appropriate, prior to the time your responses are due. To the extent you object to any clarification and/or modification provided, you are instructed to state the basis for the objection and respond to the discovery request as narrowed to conform to your objection. Fed.R.Civ.P. 33(b)(1).

5. The answers to each discovery request contained herein shall include such knowledge and information as is within your possession, custody or control, including without limitation, knowledge, information and documents in the possession, custody or control of your consultants, attorneys, agents or representatives.

6. If you are unable to provide all of the information requested in any discovery request, after exercising due diligence to secure the information requested, please answer the request as fully as possible and state what information or knowledge you do not have and why. Additionally, please include the name of the person most likely to have the information you do not have.

7. These discovery requests are continuing in nature and, pursuant to Rule 26 of the Federal Rules of Civil Procedure, you have a duty to supplement your answers promptly upon obtaining or learning of further material information that you obtain that will augment or modify the initial answers.

8. If any documents requested herein have been lost, discarded, or destroyed, the

documents so lost, discarded, or destroyed shall be identified as completely as possible, including the following information: author, date, subject matter, date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and person disposing of the document.

9. These discovery requests shall be construed to make them inclusive rather than exclusive, unless otherwise instructed in a specific request. For example, the past tense shall be construed to include the present tense, and vice versa; the singular shall include the plural, and vice versa; "and" and "or" shall be construed both conjunctively and disjunctively; and "any" or "each" shall mean "each and every" as well as "any one." The singular form of a noun or pronoun includes the plural form of the noun or pronoun so used, and vice versa; and the use of any tense of any verb includes all other tenses of the verb so used. The term "including" means "including but not limited to."

10. In the event that any Document referred to in these discovery requests is not in your possession, custody, or control, specify what disposition was made of the Document and Identify the Person in whose possession, custody, or control you believe the Document is now maintained.

11. Restate each discovery request to which you are objecting or answering immediately before your objection or answer.

12. Defendant requests that each document be segregated, organized, identified, and specified with respect to the particular numbered request for production in response to which such document is being produced.

13. If, in good faith, you cannot fully admit any Request for Admission, you shall

4

287140595v.1

specify so much of it as is true and qualify or deny the remainder. Fed.R.Civ.P. 36(a).

14. If, in good faith, you cannot fully admit or deny a Request for Admission, you shall "state in detail why the answering party cannot truthfully admit or deny it". Fed.R.Civ.P. 36(a).

15. If you assert that you cannot admit or deny any Request for Admission on the ground of lack of information known or readily obtainable, you shall specifically describe the "reasonable inquiry" you have undertaken to enable you to admit or deny the Request. Fed.R.Civ.P. 36(a).

## DEFINITIONS

The following is a brief listing of definitions to aid in the response to these discovery requests. These definitions are not meant to limit full answers to these discovery requests:

(a) **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding that you claim occurred on February 15, 2019.

(b) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

(c) **DOCUMENT** means a writing as defined in F.R.E. 1001 and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, maps, sounds, or symbols, or combinations of them.

5

287140595v.1

(d) **ADDRESS** means the physical location and telephone number.

(e) "[y]ou" or **YOU OR ANYONE ACTING ON YOUR BEHALF** includes Plaintiff Brian Loma, his agents, employees, insurance companies, their agents, their employees, attorneys, accountants, investigators, and anyone else acting on his behalf.

(f) **COMMUNICATION** shall mean all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, notes, telegrams, telexes, facsimiles, or other forms of communication, including, but not limited to both oral and written communications.

(g) **IDENTIFY** means:

1. In the case of a **PERSON**, to state the full name, last known residence, telephone number, employer or business affiliation, occupation, and business position held;

2. In the case of a company or business, to state the company's full name, the place of business, and the identity of each **PERSON** or **PERSONS** having knowledge of the matter with respect to which the company is named;

3. In the case of a **DOCUMENT**, to state the title, date, author(s), **DOCUMENT** identification or production numbers (if any), and present location and custodian of the **DOCUMENT**, or alternatively to produce an accurate and complete copy of the **DOCUMENT**; and

4. In the case of an act or event, such as the **INCIDENT**, to state a description of the act or event, when and where it occurred, the identity of the **PERSON** or **PERSONS** performing the act (or in the case of an omission, the

identity of the **PERSON** or **PERSONS** failing to act) or involved in the event, the identity of all **PERSONS** who have knowledge, information or belief about the act, when the act, event or omission first became known, the circumstances and manner in which such knowledge was first obtained.

(h)   **RELATED TO** means to consist of, refer to, reflect on, arise out of, or be in any way or manner legally, factually or logically connected with the matter discussed.

(i)   **CONCERNING** means consisting of, referring to, pertaining to, reflecting, evidencing or any way logically factually connected with the matter discussed.

**INTERROGATORIES**

1.   State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

2.   State:

(a) the name, **ADDRESS**, and telephone number of your present employer or place of self-employment; and

(b) the name, **ADDRESS**, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

3.   State the name, **ADDRESS**, and telephone number of each individual:

a) Who witnessed the **INCIDENT** or events occurring immediately before or after the **INCIDENT**;

7

287140595v.1

    b) Who made any statements at the scene of the **INCIDENT**;

    c) Who heard any statements made about the **INCIDENT** by any individual at the scene;

    d) Who **YOU OR ANYONE ACTING ON YOU BEHALF** claims to have knowledge of the **INCIDENT** (except for expert witnesses covered by C.R.C.P. 26(a)(2) and (b)(4)).

4. Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT**? If yes, state:

    a) The name, **ADDRESS**, and telephone number of the individual from whom the statement was obtained;

    b) The name, **ADDRESS**, and telephone number of the individual who obtained the statement;

    c) The date the statement was obtained;

    d) The name, **ADDRESS**, and telephone number of each **PERSON OR ENTITY** who has the original statement or a copy.

5. Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT**? If yes, state:

    a) The number of photographs or feet of film or videotape;

    b) The places, objects, or persons photographed, filmed , or videotaped;

    c) The date the photographs, films, or videotapes were takes;

    d) The name, **ADDRESS**, and telephone number of the individual taking the

   photographs, films, or videotapes;

   e) The name, **ADDRESS**, and telephone number of each **PERSON OR ENTITY** who has the original or a copy.

6. Describe how the **INCIDENT** occurred, including what you were doing and where you were immediately before, during, and after the **INCIDENT**.

7. State the total income you claim to have lost to date as a result of the **INCIDENT** and how the amount was calculated.

8. Will you lose income in the future as a result of the **INCIDENT**? If so, state:

   a) the facts upon which you base this contention;

   b) an estimate of the amount;

   c) an estimate of how long you will be unable to work;

   d) how the claim for future income is calculated.

9. Are there any other damages that you attribute to the **INCIDENT**? If so, for each item of damage state:

   a) the nature;

   b) the date it occurred;

   c) the amount;

   d) the name, **ADDRESS**, and telephone number of each **PERSON** to whom an obligation was incurred.

10. Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in Interrogatory Nos. 7-9, above? If so, state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

9

287140595v.1

11.     Specify with particularity any and all damages **YOU** are claiming as a result of the AUS Defendants' acts or omissions, including an itemized list of all monetary loss and financial obligations incurred. For each type of damage, state the following:

(a) nature of damages claimed and a full description of the basis for such claim,

(b) amount of damages claimed, and

(c) method of computing or determining the amount of damages for each claim.

For purposes of Interrogatory No. 11, you should include a computation of the damages claimed in your Supplemental Scheduling Order – Computation of Damages [docket no. 50] filed on February 8, 2022, and the damages claimed in your Fed. R. Civ. P. 26(a)(1) disclosures served on January 21, 2022, and any other damages you are seeking in this lawsuit as against the AUS Defendants.

12.     Please describe and identify each and every **DOCUMENT** or tangible thing that supports your contention that Ms. Trimble had a motive in reporting to police that you spit in her face other than to report a possible crime.

13.     Please describe and identify each and every **DOCUMENT** or tangible thing that supports your contention that Ms. Chaplinskiy had a motive in reporting to police that you spit in Ms. Trimble's face, other than to report a possible crime.

14.     Describe in detail the noneconomic damages that **YOU** have allegedly suffered as a result of this **INCIDENT** including past and future pain and suffering, losses of the enjoyment and quality of life, emotional distress, as described in your Complaint.

15.     Have **YOU** ever been involved as a plaintiff in any other lawsuit? If so, set forth the nature of the lawsuit, the venue, the docket number, the type of the case and the outcome.

287140595v.1

16. Has any **HEALTH CARE PROVIDER** told you that you cannot work as a result of the **INCIDENT**? If so, please provide:

    a) the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER**;

    b) a description of the conversation;

    c) any **DOCUMENT** supporting your claim.

17. Please list all social media or networking sites for which you have created, maintained or deleted a user account for in the last five years, including, but not limited to, Facebook, Twitter, X, Instagram, LinkedIn, Snapchat, YouTube, Reddit, Pinterest, Google Plus+, Tumblr, and Vine. For each account, please state:

    a. The username, handle and/or profile name;

    b. When the account was created;

    c. When the account was last accessed; and

    d. If deleted, when the account was deleted.

18. Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

    a) state the number of the request;

    b) state all facts upon which you base your response;

    c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and

    d)    identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

19. State the name, **ADDRESS**, telephone number, occupation and relationship to you of every person, aside from Plaintiff, who has personal knowledge of facts material or relevant to your claim that, as a result of the AUS' Defendants' telephone call to the police on or about February 15, 2019, and subsequent report that you spit in the face of Ms. Trimble, you were caused to suffer damages.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Please produce a copy of any documents **YOU OR ANYONE ACTING ON YOUR BEHALF** identified, referenced, or relied upon in responding to the above interrogatories.

2. Produce all **DOCUMENTS RELATED TO** any damages you claim were caused by the **INCIDENT**.

3. Produce all of your employment records for all jobs and employment held by you from five years before the **INCIDENT** through the present, including but not limited to W-2's, 1099's, attendance records, reviews, records of promotion/demotion, applications, employment contracts, and disciplinary history.

4. Produce the complete file(s) of any expert retained by or contacted by, or on behalf of Plaintiff, to provide opinions in this action.

5. Produce all of your tax returns, W-2's, and wage information from 2014 to present.

6. For any account or profile identified in your Response to Interrogatory No. 17, please

12

287140595v.1

provide a complete copy of the website information (including all photographs, postings, videos, notes, profile information, wall posts, friend lists, sent and received messages, as well as any comments that Plaintiff and/or Plaintiff's friends or other visitors have posted to Plaintiff's page, wall or account) as it existed on the date of service of these requests for production and as maintained for the two year period prior to the filing of this lawsuit through present relating to Plaintiff's activities, hobbies, interests, entertainment, education, and/or work.

7. Please produce all photographs depicting you on any account or profile identified in your Response to Interrogatory No. 17 as they existed on the date of service of these requests for production for the two years prior to the filing of this lawsuit to present.

8. For any materials responsive to RFP Nos. 6 & 7 withheld on the grounds of privilege, confidentiality or any other basis, please provide a Privilege Log identifying the withheld materials by Bates number range, date of entry, privilege claimed and subject of the posting or data.

9. Please produce all reports, summaries, journals, diaries, memoranda, investigative materials, or other **DOCUMENTS** which relate in any way to the **INCIDENT**.

10. Copies of any and all photographs, slides, videotapes or motion pictures, <u>with metadata included</u>, taken at the scene of the **INCIDENT** or shortly thereafter, which show either the **INCIDENT**, the surrounding circumstances, the condition of the scene, or your physical condition after the **INCIDENT**. If **YOU** have already produced responsive materials, please produce the related metadata for those materials, including without limitation, the metadata for the three (3) video tapes produced by Plaintiff on January 21, 2022.

11.     Produce copies of any and all statements, whether written, recorded or otherwise, taken of any **PERSON** regarding the **INCIDENT** and/or the injuries and any other damages alleged by you.

12.     Copies of each and every invoice, bill, statement, and/or writing of any kind which reflect any and all expenses for which **YOU** are claiming damages in this action.

13.     True, complete, and accurate copies of all **DOCUMENTS**, things, or materials referred to, identified, or relied upon in any of your Answers to the Interrogatories.

14.     Copies of all depositions, pleadings, discovery responses, police reports, or other statements from any other incidents in which **YOU** have been involved during the last (10) years.

15.     Produce your cell phone records for the date of the **INCIDENT**, including records of any calls to and from your cell phone, and any text messages sent and/or received on the date of the **INCIDENT**.

## **REQUEST FOR ADMISSION**

1.     Admit that your claim for Loss of Property: Cell Phones (2) in the amount of $1,500.00 is not related to the malicious prosecution claim **YOU** have asserted against the AUS Defendants.

2.     Admit that **YOU** have not obtained or sought any medical or psychiatric treatment as a result of the **INCIDENT** including without limitation, for depression, anxiety, mental anguish, or stress.

DATED this 25th day of September, 2023.

14

287140595v.1

       Respectfully submitted,

       *s/ Kimberly L. Koehler*
       Jason D. Melichar, #31114
       Kimberly L. Koehler, #47796
       Wilson Elser Moskowitz Edelman
        & Dicker LLP
       1225 17th Street, Suite 1700
       Denver, CO 80202
       (P)  303-572-5300
       (F)  303-572-5301
       jason.melichar@wilsonelser.com
       kim.koehler@wilsonelser.com
       *Attorneys for Defendants Universal*
       *Protection Service, LLC d/b/a Allied*
       *Universal Security Services, Faliesha Lynett*
       *Trimble, and Angelika Chaplinskiy*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 25th day of September, 2023, a true and correct copy of the foregoing **FIRST SET OF COMBINED INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO PLAINTIFF BRIAN LOMA** was served on all parties of record via e-mail.

        */s/ Kimberly L. Koehler*
        Kimberly L. Koehler, Esq.

287140595v.1