IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-02214-NYW-SBP

BRIAN LOMA,

   Plaintiff,

v.

ALLIED UNIVERSAL SECURITY SERVICES,
FALIESHA LYNETT TRIMBLE, in their individual capacity,
ANGELIKA CHAPLINSKIY, in their individual capacity, and
SERGEANT JEFFREY BERGER, in his individual capacity,

   Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion for Leave to File a Second Amended Complaint ("Motion to Amend" or "Motion") filed by Plaintiff Brian Loma ("Plaintiff" or "Mr. Loma") on April 29, 2024. [Doc. 87]. Defendant Sergeant Jeffrey Berger ("Sergeant Berger") and Defendants Allied Universal Security Services ("Allied"), Faliesha Lynett Trimble, and Angelika Chaplinskiy (together with Allied and Ms. Trimble, the "Allied Defendants") timely responded in opposition to the Motion to Amend. [Doc. 90; Doc. 91]. Plaintiff filed a reply brief (the "Reply"). [Doc. 92]. The issues have been fully briefed, and the Court does not believe that oral argument would materially aid in the resolution of this matter. For the reasons set forth below, the Court **DENIES** the Motion to Amend.

## BAKGROUND

The factual background of this case is set forth in this Court's March 20, 2023 Memorandum Opinion and Order ("March 20 Order"), *see* [Doc. 63], and the Court does

not repeat it here.  Mr. Loma initiated this action on August 13, 2021 against various former defendants, including the City and County of Denver (the "City") and various City employees, and the Allied Defendants, asserting three claims for malicious prosecution against an assistant City attorney and the Allied Defendants; violation of First Amendment rights against various former defendants; and violation of First Amendment rights against various former defendants.  [Doc. 1].  Then, on October 7, 2021, prior to service of the original Complaint, Mr. Loma filed his operative Amended Complaint, wherein he added additional claims and additional defendants, including Sergeant Berger.  [Doc. 6].  On November 24, 2021, the Allied Defendants filed an answer to the Amended Complaint.  [Doc. 25].  On December 13, 2021, Sergeant Berger, together with the other City defendants, moved to dismiss the Amended Complaint ("Motion to Dismiss").  [Doc. 28].

On March 20, 2023, the Court granted in part the Motion to Dismiss.  [Doc. 63].  Pursuant to the Court's March 20 Order, Sergeant Berger and the Allied Defendants are the only remaining Defendants in this action.  Mr. Loma's claims against Sergeant Berger include (1) a First Amendment retaliation claim, [Doc. 6 at ¶¶ 146–62]; (2) a Fourteenth Amendment deprivation of property claim, [*id.* at ¶¶ 176–82]; and (3) a Fourth Amendment excessive force resulting in the deprivation of property claim, [*id.* at ¶¶ 183–91].  Mr. Loma's only remaining claim against the Allied Defendants is a claim for malicious prosecution.  [*Id.* at ¶¶ 87–100].

On July 23, 2023, the Honorable Susan B. Prose entered a second Scheduling Order in this case. [Doc. 76].[1] The second Scheduling Order provides, in relevant part, that:

> The only claim against the Allied Universal Security Defendants (Allied Universal Security Services, and their two employees, Faliesha Lynett Trimble, and Angelika Chaplinskiy) is for malicious prosecution, a Colorado tort. Plaintiff will seek to Amend the Complaint to account for the remaining claims and to clarify the basis for the Colorado tort claims against Allied Universal Security Defendants.

[*Id.* at 4]. Pursuant to the Scheduling Order, the deadline for amendment of pleadings was September 1, 2023; discovery closed on March 1, 2024; and the deadline to file dispositive motions was April 1, 2024. [*Id.* at 10].

Sergeant Berger and the Allied Defendants timely filed motions for summary judgment. [Doc. 80 ("Sergeant Berger's Motion"); Doc. 81 ("Allied Defendants' Motion")]. On April 29, 2024, Mr. Loma filed a response to Sergeant Berger's Motion, only. [Doc. 86]. Mr. Loma did not file a response to the Allied Defendants' Motion; instead, he filed the instant Motion to Amend. [Doc. 87].

Mr. Loma asks for leave to amend his Complaint to clarify that his malicious prosecution claim against the Allied Defendants is a Colorado common law tort claim, and not a claim brought pursuant to 42 U.S.C. § 1983. *See* [*id.* at ¶¶ 11–12]. If the Court denies the Motion to Amend, Mr. Loma asks for an additional 14 days to respond to the Allied Defendants' Motion. [*Id.* at 5]. Defendants oppose the Motion. [Doc. 90; Doc. 91]. The Court considers the Parties' arguments below.

---

[1] Originally, the case proceeded before the Honorable Daniel D. Domenico and the Honorable Kristen L. Mix. [Doc. 36]. Judge Mix entered a Scheduling Order on January 25, 2022. [Doc. 45]. Discovery was then stayed pending the resolution of the Motion to Dismiss filed by the City and its employees. [Doc. 56].

3

**LEGAL STANDARD**

When a party files a motion to amend after the expiration of the deadline to amend pleadings, the Court considers the motion pursuant to both Rule 15 and Rule 16 of the Federal Rules of Civil Procedure.  First, the Court determines whether the moving party has demonstrated good cause to amend the Scheduling Order pursuant to Rule 16(b).  *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014).  Then, the Court considers whether the amendment is appropriate under Rule 15(a).  *Id.*

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (alteration in original)).  This burden is satisfied when, for example, a party learns of new information through discovery, or when the governing law has changed.  *Id.*  "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

Rule 15(a), on the other hand, provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  The Court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  A general

presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is improper, *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009) (non-moving party has burden of demonstrating futility).  Whether to allow amendment is within the trial court's discretion.  *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978–79 (10th Cir. 1996).

## ANALYSIS

Mr. Loma moves to amend his Amended Complaint pursuant to Rule 15(a) but makes no attempt to satisfy his burden under Rule 16(b).  [Doc. 87].  Sergeant Berger and the Allied Defendants both argue that the Motion should be denied (1) for lack of good cause under Rule 16(b), and (2) because the proposed amendments are futile under Rule 15(a).  [Doc. 90; Doc. 91].[2]  The Court's analysis begins and ends at the first step of the two-part inquiry because it respectfully agrees with Defendants that Mr. Loma has failed to show the diligence required to meet the good cause standard under Rule 16(b).

**Plaintiff fails to address good cause under Rule 16.**  Because Mr. Loma seeks leave to amend after the deadline set forth in the Scheduling Order, he must first satisfy the requirements of Rule 16(b).  This standard "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir.

---

[2] The Allied Defendants argue that Mr. Loma's proposed amendment is futile because his malicious prosecution claim cannot survive summary judgment under federal or state law. [Doc. 91].  Sergeant Berger argues that Mr. Loma's proposed Second Amended Complaint is futile because it reasserts claims that have already been dismissed.  [Doc. 90].

5

2009); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). Plaintiff's Motion to Amend neither explains his delay in seeking amendment nor otherwise addresses Rule 16. [Doc. 87]. Even after both Responses identified the two-step inquiry applicable to motions to amend filed after the deadline to amend pleadings and expressly argued that the Motion should be denied for lack of good cause, Mr. Loma's Reply failed to present any substantive good cause argument in support of his Motion. *See generally* [Doc. 92]. Mr. Loma's Motion is simply deficient. *See Perez v. Denver Fire Dep't*, 243 F. Supp. 3d 1186, 1199 (D. Colo. 2017) ("[T]he application of Rule 16(b)'s good-cause standard is not optional."), *aff'd*, 724 F. App'x 646 (10th Cir. 2018).

**Plaintiff fails to demonstrate diligence.** Rather than address any good cause for his delay, Mr. Loma emphasizes that the true nature of his malicious prosecution claim against the Allied Defendants was "acknowledged long ago by all parties," [Doc. 92 at 3], and "memorialized" in the Scheduling Order entered on July 26, 2023, [Doc. 87 at ¶ 10]. In analyzing good cause, however, the Court focuses on Mr. Loma's diligence in seeking leave to amend, not the prejudice to the opposing party. *See Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). Mr. Loma also characterizes his failure to seek leave to amend the Amended Complaint as contemplated by the Scheduling Order as merely a "technical misstep[] by counsel" and an "inartful pleading error." [Doc. 87 at ¶¶ 10, 17; Doc. 92 at 3]. These arguments do not meet the Rule 16(b) standard.

To be sure, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v.*

6

*Davis*, 371 U.S. 178, 181–82 (1962) (quotation omitted); *see also* Fed. R. Civ. P. 1 (the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). And the Court recognizes that "inadvertence is near inevitable in the practice of law and in life generally." *Landon v. Winston Hosp., Inc.*, No. 20-cv-01547-MEH, 2021 WL 463624, at *4 (D. Colo. Feb. 9, 2021). But good cause "is interpreted narrowly, and oversight, mistake of counsel, or ignorance of the rules is usually not considered good cause." *Forzani v. Peppy Prods.*, No. 18-cv-01715-RM-KLM, 2018 WL 5845051, at *4 (D. Colo. Nov. 8, 2018). Proper pleading is fundamental to any lawsuit, as contemplated by the Federal Rules of Civil Procedure, and Mr. Loma is represented by counsel, so he is not entitled to a liberal construction of his filings. *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). And the second Scheduling Order makes clear that Plaintiff understood, and the Court expected, that Mr. Loma would seek amendment of the operative pleading "to account for the remaining claims and to clarify the basis for the Colorado tort claims agains [sic] Allied Universal Security Defendants." [Doc. 76 at 4]. Indeed, this language is reflected in the proposed second Scheduling Order submitted by Plaintiff himself. *See* [Doc. 74 at 5].

This Court cannot overlook the fact that Mr. Loma failed to promptly correct his "inartful pleading error." [Doc. 87 at ¶ 17]. Mr. Loma fails to explain why he waited until April 29, 2024—ten months after the entry of the second Scheduling Order and nearly eight months after the deadline to amend pleadings—to seek leave to amend his Amended Complaint. *See generally* [*id.*]. Given Mr. Loma's months-long delay in seeking leave to amend when he clearly understood he was required to act <u>and his failure to</u>

7

<u>provide any explanation for that delay,</u> the Court cannot conclude that he acted diligently in pursuing his requested amendment. *White*, 2015 WL 13215286, at *3; *cf. Est. of Medina v. Samuels*, No. 20-cv-01443-NYW, 2022 WL 194480, at *6 (D. Colo. Jan. 21, 2022) (the movant did not act diligently when it waited five months after discovering new information to file a motion to amend). Thus, Mr. Loma has not demonstrated that he acted with sufficient diligence to meet the good-cause standard under Rule 16(b). *See Landon*, 2021 WL 463624, at *3 (finding no good cause under Rule 16(b) where the proposed amendment would not substantively alter the case, but where the plaintiff was aware of the basis for amendment at least three months prior to moving to amend); *Colo. Visionary Acad.*, 194 F.R.D. at 687 ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."). As the *Landon* court concluded, even in the absence of prejudice to the defendant or bad faith on the part of plaintiff, "[t]o permit inadvertence to satisfy a finding of good cause would render the good cause standard to be nothing more than empty words on page." *Landon*, 2021 WL 463624, at *4.

Accordingly, the Court need not address the Rule 15 standards for leave to amend. *See Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (finding that the failure to assert an argument pursuant to Rule 16(b) is alone a sufficient basis to deny a motion to amend); *Gorsuch*, 771 F.3d at 1242 ("Having concluded [the movants] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so.").

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiff Brian Loma's Motion for Leave to File a Second Amended Complaint [Doc. 87] is **DENIED**; and

(2) Plaintiff **SHALL FILE** a response to the Allied Defendants' Motion for Summary Judgment [Doc. 81] on or before **November 1, 2024**.

DATED: October 23, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge